IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXIDE TECHNOLOGIES, | ) | Case No. 13-11482 (KJC) |
| | ) | |
| Debtor.[1] | ) | Ref: D.I. 166, 276 |
| | ) | |

## ORDER AUTHORIZING (I) REJECTION OF SHREVEPORT LEASE AND SHREVEPORT SERVICE CONTRACTS AS OF THE SURRENDER DATE AND (II) ABANDONMENT OF PERSONAL PROPERTY

Upon consideration of the Debtor's motion (the "Motion")[2] for entry of an order (this "Order") authorizing the Debtor to (i) reject an unexpired lease of nonresidential real property (the "Shreveport Lease") and two executory contracts (the Shreveport Shoring Contract and the Shreveport Security Contract, hereinafter collectively referred to as the "Shreveport Service Contracts") as of the Surrender Date, and (ii) abandon personal property (the "Abandoned Property") (D.I. 166), as well as the objections to the Motion filed by the Louisiana Department of Environmental Quality ("LDEQ") and by Pacific Chloride, Inc. (the "Landlord") and Ansell Healthcare Products LLC (collectively with Pacific Chloride, "Ansell"); and upon consideration of the Emergency Motion of Pacific Chloride Inc. and Ansell Healthcare Products LLC Requesting a Continuance Of The Hearing to Consider the Debtor's Motion for Entry Of An Order Authorizing (I) Rejection of Shreveport Lease and Shreveport Contracts as of the Surrender Date and (II) Abandonment of Personal Property (the "Continuance Motion" (D.I. 276); and it appearing that proper and adequate notice of the hearing to consider the relief

---

[1] The last four digits of the Debtor's taxpayer identification number are 2730. The Debtor's corporate headquarters are located at 13000 Deerfield parkway, Building 200, Milton, Georgia 30004.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

6585978/

requested in the Motion and the Continuance Motion having been provided to the parties listed therein and no further notice being necessary; and upon finding that the Motion, insofar as it seeks rejection of the Shreveport Service Contracts, is unopposed, and after hearing testimony from Philip A. Damaska, the Debtor's Excecutive Vice President and Chief Financial Officer, as well as hearing from counsel for, respectively, the Debtor, Ansell, and LDEQ (telephonically),and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The Motion for Continuance is denied.

2. The Motion to reject the Shreveport Lease and the Shreveport Service Contracts is granted as set forth herein. The Motion to Abandon Personal Property is conditionally granted, as set forth herein.

3. The Shreveport Lease and the Shreveport Service Contracts are hereby rejected as of June 26, 2013. Any subleases or other ancillary contracts associated with the Shreveport Lease or the Shreveport Service Contracts are hereby rejected as of June 26, 2013, the date the Premises were abandoned by the Debtor and the keys to the Premises delivered to the Landlord.

4. Pursuant to Bankruptcy Code section 554, the Debtor is conditionally authorized to abandon any and all Abandoned Property located at the Premises. The Court will conduct a hearing to consider final approval of the abandonment on July 24, 2013 at 11:00 a.m., with the abandonment to be effective June 26, 2013 if final approval of abandonment is granted. In the interim, the parties have advised the Court that LDEQ will be inspecting the premises, and the parties are directed to confer and attempt to resolve between themselves discovery matters

pertaining to the proposed abandonment. To the extent the parties are unable to resolve such discovery matters, any further relief must be sought by appropriate motion.[3]

5. The Debtor reserves its right to assume, assign, or reject other executory contracts or leases, and nothing herein shall be deemed to affect such rights.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order and in accordance with the Motion.

7. All rights of Ansell, the Debtors, the Official Committee of Unsecured Creditors and LDEQ to assert or to contest any and all claims (other than abandonment of the personal property, if conditional approval becomes final) with respect to the Shreveport property, the Shreveport Lease and the rejection thereof are fully reserved.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Date: Wilmington, Delaware
July 16, 2013

_____
The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE

---

[3] At the July 16, 2013 telephonic conference held at the request of the Debtor, scheduled after the Debtor and Ansell had been unable to agree on a form of order memorializing the Court's ruling at the July 11, 2013 hearing on the Motion and the Continuance Motion, both parties demonstrated the truculence with which their relationship has become infused. The parties are encouraged to reset the tenor of their dealings.