IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
EXIDE TECHNOLOGIES, : Case No. 13-11482 (KJC)
:
         Debtor.[1] : **Hrg. Date: January 22, 2014 at 3:00 p.m. (Eastern)**
: **Obj. Due:  January 6, 2014  at 4:00 p.m. (Eastern)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTOR'S (NON-SUBSTANTIVE) FIRST OMNIBUS OBJECTION
PURSUANT TO BANKRUPTCY CODE SECTION 502(b), BANKRUPTCY
RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN
(I) AMENDED AND SUPERSEDED CLAIMS AND (II) DUPLICATE CLAIMS**

**("FIRST OMNIBUS CLAIMS OBJECTION")**

The debtor and debtor in possession in the above-captioned case ("Exide" or the "Debtor"), hereby files this omnibus objection (the "Objection") to certain claims (the "Disputed Claims") filed against the Debtor, and listed on Exhibits A and B to the proposed form of order (the "Proposed Order"), which is attached hereto, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and respectfully requests entry of an order in substantially the form of the Proposed Order filed concurrently herewith. The Disputed Claims set forth on (i) Exhibit A to the Proposed Order consist of claims that were amended and superseded by subsequently-filed claims and (ii) Exhibit B to the Proposed Order consist of claims that are duplicative of other filed claims.  In support of the Objection, the Debtor relies on the Declaration of Holden Bixler

---

[1]     The last four digits of the Debtor's taxpayer identification number are 2730.  The Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

in Support of the Debtor's (Non-Substantive) First Omnibus Objection Pursuant To Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, And Local Rule 3007-1 To Certain (I) Amended And Superseded Claims and (II) Duplicate Claims, attached hereto as <u>Exhibit 1</u>.  In further support of the Objection, the Debtor respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

**A.     <u>The Chapter 11 Case</u>**

4. On June 10, 2013 (the "<u>Petition Date</u>"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Case</u>").

5. The Debtor continues to operate its business and manage its property as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On June 18, 2013, the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>") in the Chapter 11 Case pursuant to Bankruptcy Code section 1102.  No trustee or examiner has been appointed in the Chapter 11 Case.

**B.      Bar Dates and Proofs of Claim**

7.      On June 11, 2013, this Court entered an order appointing GCG, Inc. ("GCG") as the claims and noticing agent pursuant to the Order Authorizing Employment And Retention Of GCG, Inc. As Claims And Noticing Agent, Pursuant To 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And Del. Bankr. L.R. 2002-1(F) *Nunc Pro Tunc* To The Petition Date (Docket No. 76).  GCG is authorized to maintain (i) all proofs of claim filed against the Debtor and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by GCG, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

8.      On September 13, 2013, this Court entered the Order (I) Establishing Deadlines For (A) Submitting Proofs Of Claim And (B) Requests For Payment Under Bankruptcy Code Section 503(b)(9), (II) Approving The Form And Manner For Submitting Such Proofs Of Claim And Requests For Payment, And (III) Approving Notice Thereof (Docket No. 696) (the "Bar Date Order").  Pursuant to the Bar Date Order, all persons or entities who wished to assert claims against the Debtor's estate were required to file a proof of claim against the Debtor in the Chapter 11 Case by no later than October 31, 2013 at 5:00 p.m. (Eastern) (the "General Bar Date").  The General Bar Date applied to any person, other than governmental units, holding a claim (other than a personal injury claim related to the Debtor's Vernon facility) against the Debtor owing as of the Petition Date, including claims under Bankruptcy Code section 503(b)(9), or any person with an alleged claim or expense to have allegedly arisen prior to the Petition Date.  Any governmental unit seeking to file a claim against the Debtor was required to do so by no later than December 9, 2013 at 5:00 p.m. (Eastern).  Any person seeking

a

to file a personal injury claim related to the Debtor's Vernon facility is required to do so no later than January 31, 2014 at 5:00 p.m. (Eastern).[2]

9. To date, approximately 3,300 proofs of claim (the "Claims," and the persons or entities filing such Claims, the "Claimants") have been filed in the Chapter 11 Case.

10. The Debtor and its advisors are comprehensively reviewing and reconciling all Claims. Moreover, in the ordinary course of business, the Debtor maintains books and records (the "Books and Records") that reflect, among other things, the Debtor's liabilities and the amounts thereof owed to its creditors. The Debtor is also comparing the Claims asserted in the Proofs of Claims to its Books and Records to determine the validity of the asserted claims.

11. This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance and expungement, reduction and allowance, reassignment, or reclassification. To reduce the number of Claims, and to avoid possible double recovery, or otherwise improper recovery by Claimants, the Debtor anticipates filing several omnibus objections.

**RELIEF REQUESTED**

12. By the Objection, the Debtor respectfully seeks entry of an order pursuant to Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 disallowing and expunging (a) the Claims set forth on Exhibit A attached to the Proposed Order because they have been amended and superseded by later filed Claims and (b) the Claims set forth on Exhibit B attached to the Proposed Order because they are duplicates of other Claims.

---

[2] See Supplemental Order (I) Extending The Claims Bar Date Solely With Respect To Personal Injury Claims Relating To The Debtor's Vernon California Facility, (II) Approving The Form And Manner For Submitting Such Proofs Of Claim, And (III) Approving Notice Thereof, entered Oct. 24, 2013 (Docket No. 696).

## OBJECTION TO CLAIMS

A. **Amended Claims**

13. The Disputed Claims identified on <u>Exhibit A</u> to the Proposed Order (the "<u>Amended Claims</u>") are the Claims that have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Remaining Claim Number" on <u>Exhibit A</u> to the Proposed Order. Failure to disallow the Amended Claims will result in the applicable Claimants receiving an unwarranted double recovery against the Debtor's estate, to the detriment of other creditors in this case.

14. Therefore, the Debtor objects to the allowance of each of the Amended Claims included on <u>Exhibit A</u> to the Proposed Order and requests that such Amended Claims under the column heading "Amended Claim to be Disallowed" be disallowed. If the Debtor's objection to the Amended Claims is sustained, the Claims listed under the column heading "Remaining Claim Number" will remain on the claims register, subject to the Debtor's right to object on any grounds that bankruptcy or nonbankruptcy law permits. Therefore, any Claimant holding an Amended Claim will suffer no prejudice by having the Amended Claim disallowed.

B. **Duplicate Claims**

15. With respect to the Disputed Claims listed on <u>Exhibit B</u> to the Proposed Order (the "<u>Duplicate Claims</u>"), it appears that the Claimants erroneously filed the same proof of Claim in the same amount against the Debtor more than once for a single alleged liability. The Debtor should not be required to satisfy the same obligation twice. Moreover, the elimination of duplicative Claims will enable GCG to maintain a claims register that more accurately reflects the valid claims asserted against the Debtor.

16. Therefore, the Debtor hereby objects to the allowance of the Duplicate Claims included on <u>Exhibit B</u> to the Proposed Order and request that such Duplicate Claims

under the column heading "Duplicate Claim to be Disallowed" be disallowed. If the Debtor's objection to the Duplicate Claims is sustained, the Claims listed under the column heading "Remaining Claim Number" will remain on the claims register, subject to the Debtor's right to object on any grounds that bankruptcy or nonbankruptcy law permits. Therefore, any Claimant holding a Duplicate Claim will suffer no prejudice by having the applicable Duplicate Claim disallowed.

## APPLICABLE AUTHORITY

17.     Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

18.     The Debtor believes the Disputed Claims noted above are unenforceable against the Debtor for the reasons set forth above. Therefore, pursuant to Bankruptcy Code sections 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtor respectfully requests that this Court enter an order disallowing each Amended Claim and Duplicate Claim, as set forth on Exhibit A and B to the Proposed Order, respectively.

## RESPONSES TO THE OBJECTION

19.     Filing and Service of Responses: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court and the parties in the following paragraph no later than 4:00 p.m. (Eastern) on January 6, 2014 (the "Response Deadline"). Claimants should locate their names and claims in the Objection, and carefully review the Proposed Order and the

exhibits attached thereto. A Response must address each ground upon which the Debtor objects to a particular claim. A hearing (the "Hearing") to consider the Debtor's Objection shall be held on January 22, 2014 at 3:00 p.m. (Eastern), before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

20. Every Response must be filed and served upon the following entities at the following addresses: (i) the Office of the U.S. Trustee, 844 North King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq., (ii) the Debtor, Exide Technologies, 13000 Deerfield Parkway, Suite 100, Milton, Georgia 30004, Attn: B. Holland Pritchard, and (iii) counsel to the Debtor, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn: Kenneth S. Ziman, Esq. and J. Eric Ivester, Esq. and One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, Attn: Anthony W. Clark, Esq. and 155 N. Wacker Drive, Chicago, Illinois 60606-1720, Attn: James J. Mazza, Jr. and Louis S. Chiappetta, in each case so as to be received **no later than 4:00 p.m. (Eastern) on January 6, 2014** (the "Response Deadline")

21. Content of Responses: Every Response to the Objection must contain, at a minimum, the following:

    (a)    a caption setting forth the name of this Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

    (b)    a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing;

    (c)    all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim,

       upon which the claimant will rely in opposing the Objection at the Hearing;

  (d)  the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

  (e)  the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Debtor should serve any reply to the Response, if different than the address(es) presented in the Claim.

  22.  <u>Timely Response Required; Hearing</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Debtor will endeavor to reach a consensual resolution with the applicable Claimant.  If no consensual resolution is reached, this Court will conduct a hearing with respect to the Objection and the Response on January 22, 2014 at 3:00 p.m. (Eastern), or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by this Court at any such hearing.

  23.  <u>Replies to Responses</u>:  Consistent with Local Rules 3007-1(h)(ii) and 9006-1(d), the Debtor may, at its option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Eastern) one (1) day prior to the day the agenda for the hearing is due.

  24.  <u>Adjournment of Hearing</u>:  The Debtor reserves the right to adjourn the Hearing on any Claim included in the Objection.  In the event that the Debtor adjourns the Hearing, it will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the Claimant in each Response.

  25.  If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing

procedures, the Debtor will present to this Court an appropriate order <u>without further notice to the Claimant</u>.

26.  <u>Separate Contested Matter</u>: Each of the Disputed Claims and the Debtor's objections thereto, as asserted in the Objection, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtor requests that any order entered by this Court with respect to an objection asserted herein be deemed a separate order with respect to each such Amended Claim and/or Duplicate Claim.

## RESERVATION OF RIGHTS

27.  The Debtor expressly reserves the right to amend, modify, or supplement the Objection and to file additional objections to any proofs of claim or any other claims (filed or not) which may be asserted against the Debtor including, without limitation, objections as to the liability, amount, or priority of any Claims listed on <u>Exhibits</u> <u>A</u> and <u>B</u> to the Proposed Order. Should one or more of the grounds for the Objection be dismissed or overruled, the Debtor reserves the right to object to any Disputed Claim listed on <u>Exhibits</u> <u>A</u> and <u>B</u> to the Proposed Order on any other ground.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

28.  The undersigned representative of Skadden, Arps, Slate, Meagher & Flom LLP has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtor believes such deviations are not material and respectfully request that any such requirement be waived.

## FURTHER INFORMATION

29.  Questions about or requests for additional information about the Objection should be directed to the Debtor's counsel in writing at the following address: Skadden, Arps,

Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn: Louis S. Chiappetta). Questions regarding the amount of a Claim or the filing of a Claim should be directed to GCG toll free at (888) 985-9831 or at the Debtor's restructuring website http://www.exiderestructuringinfo.com. <u>Claimants should not contact the Clerk of this Court to discuss the merits of their proofs of claim or the Objection</u>.

## NOTICE

30. The Debtor has provided notice of the Objection to (i) the Office of the U.S. Trustee; (ii) counsel to the agent under the debtor in possession financing; (iii) counsel to the agent for the Debtor's prepetition secured lenders; (iv) the indenture trustee for each of the Debtor's secured and unsecured outstanding bond issuances; (v) counsel to the unofficial committee of senior secured noteholders; (vi) counsel to the Creditors' Committee; (vii) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (vii) each of the Claimants identified on <u>Exhibits A</u> and <u>B</u> to the Proposed Order.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtor respectfully requests that this Court enter the Proposed Order attached hereto: (a) granting the relief requested herein; and (b) granting to the Debtor such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
        December 23, 2013

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    /s/ Kristhy M. Peguero
    Anthony W. Clark (I.D. No. 2051)
    Kristhy M. Peguero (I.D. No. 4903)
    One Rodney Square
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    Telephone: (302) 651-3000
    Fax: (302) 651-3001

    – and –

    Kenneth S. Ziman
    J. Eric Ivester
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

    – and –

    James J Mazza, Jr.
    155 N. Wacker Dr.
    Chicago, Illinois 60606
    Telephone: (312) 407-0700
    Fax: (312) 407-0411

    *Counsel for Debtor and Debtor in Possession*