IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
:
In re:                              : Chapter 11
:
EXIDE TECHNOLOGIES,                 : Case No. 13-11482 (KJC)
:
Debtor.[1]                          : Related Docket Nos. 1184, 1236
:
---------------------------------- x

## ORDER SUSTAINING DEBTOR'S (NON-SUBSTANTIVE) FIRST OMNIBUS OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(b), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS AND (II) DUPLICATE CLAIMS

Upon the Debtor's (Non-Substantive) First Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims and (II) Duplicate Claims (the "Objection"),[2] and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and this Court having considered the Objection, the claims listed on Exhibits A and B attached hereto, and any responses thereto; and upon the Declaration of Holden Bixler in Support of the Debtor's (Non-Substantive) First Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain (I) Amended and Superseded Claims and (II) Duplicate Claims; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby

---

[1] The last four digits of the Debtor's taxpayer identification number are 2730. The Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Objection.

ORDERED, ADJUDGED, AND DECREED that:

1. The relief requested in the Objection is GRANTED, as set forth herein.

2. The Amended Claims listed on Exhibit A in the column titled "Amended Claim to be Disallowed" are disallowed because they are superseded and amended by the Claims in the column titled "Remaining Claim Number" (collectively, the "Remaining Claims"), which Remaining Claims shall remain on Exide's general claims register subject to the Debtor's right to further object as set forth herein.

3. The Objection with respect to proofs of claim numbers 321 and 567 is withdrawn.

4. All information included on and all documentation filed in support of any Amended Claim shall be treated as having been filed in support of and included in the corresponding Remaining Claim.

5. The Duplicate Claims listed on Exhibit B in the column titled "Duplicate Claim to be Disallowed" are disallowed.

6. The Debtor's objection to each Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the Claimants subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7. The Debtor shall retain and shall have the right to object in the future to any of the proofs of claim listed on Exhibits A and B hereto on any additional grounds, and to seek to amend, modify, and/or supplement this Order as may be necessary. In addition, the Debtor's rights are reserved to file future objections to Claims asserted in proofs of claim that have been

2

or may subsequently be filed in the Chapter 11 Case, or Claims that may be listed on the Debtor's schedules, on the grounds set forth herein or any other appropriate grounds that bankruptcy and non-bankruptcy law permits.

8. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against the Debtor, including, but not limited to the Disputed Claims.

9. This Court shall retain jurisdiction over the Debtor and the Claimants whose Disputed Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

10. The Debtor is authorized and empowered, to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. The Debtor's Claims and Noticing Agent, GCG, Inc., is hereby directed to serve this Order, including any relevant exhibits, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

Dated: _____, 2014
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE