IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXIDE TECHNOLOGIES,[1] | Case No.  13-11482 (KJC) |
| Debtor. | **Hearing Date: April 1, 2014 at 10:00 a.m. (ET)**<br>**Related Docket Nos. 1526 and 1588** |

**REPLY TO THE OBJECTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE AND COLLATERAL AGENT, TO THE JOINT APPLICATION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EXIDE TECHNOLOGIES FOR ENTRY OF AN ORDER UNDER 11 U.S.C §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a), AND DEL. BANKR. L.R. 2014-1 AND 2016-2 AUTHORIZING THE EMPLOYMENT AND RETENTION OF M•CAM, INC. AS INTELLECTUAL PROPERTY CONSULTANT AND BROKER TO THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the bankruptcy case of Exide Technologies ("**Exide**" or the "**Debtor**") submits this reply (the "**Reply**") to the objection [Docket No. 1588] (the "**Objection**") of Wells Fargo Bank, National Association (the "**Indenture Trustee**"), in its capacity as indenture trustee and collateral agent, to the joint application [Docket No. 1526] (the "**Application**") of the Debtor and Committee, pursuant to sections 327, 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and approving the employment and retention of M•CAM, Inc. ("**M•CAM**") as intellectual property consultant and broker to the Debtor and

---

[1] The last four digits of the Debtor's taxpayer identification number are 2730. The Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

28497/2
03/27/2014 29225445

Committee. In support of this Reply, the Committee respectfully states as follows:

## REPLY

1.  The Indenture Trustee's Objection raises four points of contention, none of which should preclude the retention of M•CAM. As reflected in the attached proposed order, many of the Indenture Trustee's issues have been addressed.[2]

2.  First, the Indenture Trustee requests language in the order approving the Application addressing disposition of Patent Portfolio[3] assets and its rights with respect thereto. Specifically, the Indenture Trustee requests that any Patent Portfolio sale be, among other things, subject to motion and further order of this Court. Additionally, the Indenture Trustee requests that the proceeds of any such sale be deposited into an escrow account acceptable to the DIP Lender and Indenture Trustee. The Committee is well aware that a sale cannot be authorized without complying with the Bankruptcy and Local Rules as well as orders entered by this Court in this matter. With regard to the escrow issue, the Committee submits that such issue is not ripe for consideration at this stage as the issue should be considered in the context of a sale motion presented to the Court.

3.  Second, the Indenture Trustee requests that the Debtor provide the Indenture Trustee with Patent Portfolio sale information in the same form and manner as provided to the Committee and Unofficial Noteholder Committee. The Committee does not object to providing the Indenture Trustee with timely access to information regarding a Patent Portfolio sale.

4.  Third, the Indenture Trustee argues that M•CAM's fee structure is too rich and that M•CAM should be required to keep detailed time records to assure that it does not receive a "windfall." What the Objection fails to note is that M•CAM is receiving a relatively small fee

---

[2] A blackline of the proposed order which addresses many of the issues is attached hereto as **Exhibit A**.

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term(s) in the Application.

($100,000) for analyzing the Patent Portfolio and the Debtor has no obligation to sell Patent Portfolio assets recommended by M•CAM.  It is only in the event that the Debtor chooses to (after consultation with the Committee and others) and is successful in selling Patent Portfolio assets that M•CAM will receive the Transaction Fee – which the Committee submits is reasonable and within the range of fees charged for services of this type.  M•CAM is not simply an investment banker or consultant, and as such, its fee structure does not mirror investment banking terms.  Rather, as set forth in the Application, M•CAM is providing unique services relating to unique types of transactions involving intellectual property.  Accordingly, the proposed fee structure is reasonable and should be approved.

5. With regard to the Indenture Trustee's request for detailed time-keeping entries, M•CAM has agreed to keep summary time logs on a daily basis with respect to its employees working on this matter.

6. Fourth, by the Objection, the Indenture Trustee is attempting to negotiate a higher monthly fee for its financial advisor.  The Committee submits that the monthly fee was fully negotiated and agreed upon by the Indenture Trustee in connection with the order approving DIP financing early on in the case.  Notably, the DIP order requires the consent of other parties – beyond the Debtor and Committee – in order to increase financial advisor fees.  Additionally, as noted above, since the Debtor is not obligated to proceed with a sale recommended by M•CAM, the potential for a future sale does not justify an across the board increase in financial advisor fees.  Lastly, the Committee submits that the Objection is not the proper mechanism for requesting an increase.

**WHEREFORE**, the Committee respectfully requests that the Application be granted, the Objection be denied, and the Court grant such other and further relief as is just and proper.

Dated:  March 27, 2014

        **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

        */s/ Erin R. Fay*
        Robert J. Dehney (No. 3578)
        Eric D. Schwartz (No. 3134)
        Erin R. Fay (No. 5268)
        1201 North Market Street, Suite 1600
        Wilmington, DE  19801
        Telephone:  (302) 658-9200
        Facsimile:  (302) 658-3989
        Email:  rdehney@mnat.com
                eschwartz@mnat.com
                efay@mnat.com

        -and-

        **LOWENSTEIN SANDLER LLP**
        Kenneth A. Rosen, Esq.
        Sharon L. Levine, Esq.
        Paul Kizel, Esq.
        65 Livingston Avenue
        Roseland, NJ  07068
        Telephone:  (973-597-2500
        Facsimile:  (973) 597-2400

        -and-

        Gerald C. Bender, Esq.
        Jeffrey Blumenfeld, Esq. (admitted only in DC)
        1251 Avenue of the Americas
        New York, NY 10020
        Telephone:  (212) 262-6700
        Facsimile:  (212) 262-7402

        *Counsel to the Official Committee*
        *of Unsecured Creditors*