**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re:                                              :   Chapter 11
:
EXIDE TECHNOLOGIES,                     :   Case No. 13-11482 (KJC)
:
Debtor.[1]                             :   **Related Docket No. ____**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a), AND DEL. BANKR. L.R. 2014-1 AND 2016-2 AUTHORIZING THE EMPLOYMENT AND RETENTION OF M•CAM, INC. AS INTELLECTUAL PROPERTY CONSULTANT AND BROKER TO THE DEBTOR AND THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Upon the Joint Application of the Debtor and the Committee[2] for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), Fed. R. Bankr. P. 2014(a), and Del. Bankr. L.R. 2014-1 and 2016-2 Authorizing Employment and Retention of M•CAM, Inc. as Intellectual Property Consultant and Broker to the Debtor and the Committee (the "<u>Application</u>"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and upon consideration of the M•CAM Declaration in support of the Application and the other motions, pleadings, and papers filed in the Chapter 11 Case, the Court finds the terms and conditions of M•CAM's employment,

---

[1] The last four digits of the Debtor's taxpayer identification number are 2730. The Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Redline Exide -- MCAM Retention Proposed Order 881606v1 and Exide -- MCAM Retention Proposed Order 881606v2A 3/27/2014 11:58:54 AM

including but not limited to the Fee Structure set forth in the MSA, are reasonable as required by Bankruptcy Code section 328(a), that the relief sought in the Application is in the best interests of the Debtor's estate, its creditors and other parties-in-interest, and that the legal and factual bases set forth in the Application and the M•CAM Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied based on the representations made in the Application and the M•CAM Declaration that (a) M•CAM and its officers and employees do not hold or represent an interest adverse to the Debtor's estate and (b) M•CAM and its officers and employees are "disinterested persons" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a), Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-2; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED as provided herein.

2. In accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014, and Local Rules 2014 and 2016, the Debtor and the Committee are authorized to employ and retain M•CAM in accordance with the terms and conditions set forth in the MSA, as amended herein. The provisions set forth in the MSA, which is attached to the Application as Exhibit B, is approved in all respects except as limited or modified herein.

3. M•CAM shall apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the guidelines established by the U.S. Trustee, but the information requirements set forth in Local Rule 2016-2(d) are waived.

4.  M•CAM shall be compensated pursuant to Bankruptcy Code section 328(a) in accordance with the terms of the MSA, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

5.  None of the fees payable to M•CAM shall constitute a "bonus" or fee enhancement under applicable law.

6.  Notwithstanding any provision to the contrary in this Order, the U.S. Trustee, the Indenture Trustee (defined below), and the Unofficial Noteholder Committee shall have the right to object to M•CAM request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in Bankruptcy Code section 330, not section 328(a).  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee, the Indenture Trustee, and the Unofficial Noteholder Committee to challenge the reasonableness of M•CAM's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, the Indenture Trustee, and the Unofficial Noteholder Committee on appeal or otherwise, with respect to the reasonableness of M•CAM's fees.

7.  The Debtor, the Committee, and M•CAM are authorized to take all actions necessary to effectuate the relief granted pursuant to ~~the~~this Order.

8.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, ~~the~~this Order shall be immediately effective and enforceable upon its entry.

-3-

9. The relief granted herein, including, without limitation, approval of the Fee Structure pursuant to Bankruptcy Code section 328(a), shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Case to a case under chapter 7.

10. ~~The~~ Nothing in this Order shall affect any liens, claims, interests, or other rights with respect to the Patent Portfolio ~~includes intellectual property pledged as collateral under the Debtor's Amended and Restated Superpriority Debtor-in-Possession Credit Agreement, dated July 12, 2013 (as amended or modified, the "DIP Facility"). Any offset or non-offset transactions pursuant to the MSA shall be subject to the terms of the DIP Facility and~~ of any party under (i) the Order (Final) (I) Authorizing Debtor (A) to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (b) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364, dated July 25, 2013~~.~~ (as amended or modified from time to time, the "DIP Order"), (ii) the Debtor's Amended and Restated Superpriority Debtor-in-Possession Credit Agreement, dated July 12, 2013 (as amended or modified from time to time), (iii) the Indenture dated as of January 25, 2011, pursuant to which the Debtor issued its 8 5/8% Senior Secured Notes due 2018 (the "Indenture," and the trustee and collateral agent thereunder, the "Indenture Trustee"), (iv) the (Existing Indenture Agreements (as such term is defined in the DIP Order), and (v) all other related agreements.

11. Nothing in the MSA or this Order authorizes or shall be deemed to authorize the sale, license, transfer or other conveyance of the Patent Portfolio or any part thereof, or the entry into any transaction related to the Patent Portfolio or any part thereof.

-4-

12. The Indenture Trustee (including its professionals) shall have the same rights to receive information and consult with and be consulted by the Debtor and M•CAM that are granted to the Unofficial Noteholder Committee in the MSA, including but not limited to the rights to receive information and consult with the Debtor as set forth in paragraphs 4(ii), 4(iii), and 5(a) of the MSA.

~~11~~13. To the extent that the Order is inconsistent with the MSA, the terms of the Order shall govern.

~~12.   The Debtor's intellectual property is collateral pledged to the debtor in possession and the trustee, and all rights therein are reserved with respect to any proposed sale of such collateral.~~

~~13~~14. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of ~~the~~this Order.

Dated: Wilmington, Delaware
_____, 2014

_____
The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE

Redline Exide -- MCAM Retention Proposed Order 881606v1 and Exide -- MCAM Retention Proposed Order 881606v2A 3/27/2014 11:58:54 AM

| **Summary report:** <br> **Litéra® Change-Pro TDC 7.5.0.45 Document comparison done on 3/27/2014 11:58:54 AM** ||
|---|---|
| **Style name:** Option 3a Strikethrough Double Score No Moves ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** dm://CHISR01A/881606/1 ||
| **Modified DMS:** dm://CHISR01A/881606/2A ||
| **Changes:** ||
| Add | 14 |
| Delete | 9 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 23 |

Redline Exide -- MCAM Retention Proposed Order 881606v1 and Exide -- MCAM Retention Proposed Order 881606v2A 3/27/2014 11:58:54 AM