IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
EXIDE TECHNOLOGIES,             :   Case No. 13-11482 (KJC)
                                :
        Debtor.[1]              :   Related Docket Nos.: 2227
                                :
------------------------------- x

## ORDER (I) APPROVING SETTLEMENT; (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT NECESSARY; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession ("Exide" or the "Debtor") for entry of an order (this "Order") under Bankruptcy Code sections 105 and 363(b) and Bankruptcy Rule 9019 authorizing and approving the Settlement and Release Agreement ( the "Settlement Agreement") by and among the Debtor, Pacific Chloride Incorporated, for itself and on behalf of its affiliates including, but not limited to Ansell Healthcare Products LLC (collectively "PCI"), and insurers ACE American Insurance Company, Zurich American Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Great Lakes Reinsurance (UK) PLC, Those Certain Underwriters at Lloyd's, London Subscribing to Policy No. DP780910, Allianz Global Risks US Insurance Company, XL Insurance America, Inc., Allied World Assurance Company, Ltd. and Westport

---

[1] The last four digits of the Debtor's taxpayer identification number are 2730. The Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Insurance Corporation (collectively referred to herein as "Insurers" and with the Debtor and PCI, the "Parties"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and a related proceeding pursuant to 28 U.S.C. § 157(a); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Debtor's sound business judgment consistent with its fiduciary duties and in the best interests of the Debtor and its estate and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED;

2. The Debtor is hereby authorized to enter into the Settlement Agreement, and the Settlement Agreement, a copy of which is attached hereto as Exhibit A, is hereby approved.

3. The Debtor is authorized to execute the Settlement Agreement, to perform its obligations provided for thereunder and implement the transactions contemplated therein, and to execute and deliver, and to perform in accordance with such other documents, agreements, and instruments as may be necessary or appropriate to implement the Settlement Agreement consistent with this Order.

4. To the extent necessary, the PCI and the Insurers are granted relief from the automatic stay in addition to the relief provided in this Court's order dated February 7, 2014 [Docket No. 1346] to take the steps necessary to complete the Settlement Agreement in fulfillment of this Order;

5. In accordance with the terms of the Settlement Agreement, upon the occurrence of the Effective Date, the Claims Agent is directed to file the Amended PCI Claim attached to the Settlement Agreement as Exhibit A, and mark the Claims Register in this case accordingly, including designating all previously filed claims by PCI, for itself or on behalf of Ansell Healthcare Products LLC in this case as amended and superseded by the Amended PCI Claim. The Debtor, PCI and all parties' rights are reserved with respect to the Amended PCI Claim other than with respect to the Fire Damage Claim and all claims relating to or arising from the Fire which shall be released upon the Effective Date in accordance with the terms of the Settlement Agreement.

6. This Order shall be binding upon any successors and assigns of the Debtor, including without limitation, any trustee appointed in the Chapter 11 Case or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

7. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

8. Notwithstanding Bankruptcy Rule 6004(h) and any other Bankruptcy Rule(s) to the contrary, this Order shall take effect immediately upon entry.

Dated: Sept 22, 2014
Wilmington, DE

Honorable Kevin J. Carey
United States Bankruptcy Judge