IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: <br><br> EXIDE TECHNOLOGIES, <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 13-11482 (KJC) |

**DEBTOR'S MOTION UNDER BANKRUPTCY CODE SECTIONS 102 AND 105, BANKRUPTCY RULES 2002 AND 9006(c), AND LOCAL RULE 9006-1(e) SHORTENING NOTICE RELATING TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE DEBTOR'S: (I) ENTRY INTO A PLAN SUPPORT AGREEMENT AND (II) (A) ENTRY INTO A BACKSTOP COMMITMENT AGREEMENT, (B) PAYMENT OF RELATED FEES AND EXPENSES, AND (C) INCURRENCE OF CERTAIN INDEMNIFICATION OBLIGATIONS**

The debtor and debtor in possession in the above-captioned case ("Exide" or "Debtor") hereby moves (this "Motion") for entry of an order under sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") approving shortened notice for the Debtor's motion (the "Backstop Commitment Approval Motion")[2] seeking approval of, among other things, the Debtor's entry into a plan support agreement (the "PSA") and entry into a backstop commitment agreement (the "Backstop Commitment Agreement"). In support of this Motion, the Debtor states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 2730. The Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Backstop Commitment Approval Motion.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 102(1) and 105, as supplemented by Bankruptcy Rules 2002, 9006 and 9007, and Local Rule 9006-1(e).

3. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

**A.    The Chapter 11 Case**

4. On June 10, 2013 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. The Debtor continues to operate its business and manage its property as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On June 18, 2013, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Chapter 11 Case pursuant to Bankruptcy Code section 1102. No trustee has been appointed in the Chapter 11 Case.

**RELIEF REQUESTED**

7. By this Motion, the Debtor requests entry of an order shortening the notice period for the Backstop Commitment Approval Motion so that it can be heard, considered and

ruled upon by this Court at the hearing on January 20, 2015 at 2:00 p.m. (Eastern). The Debtor realizes that the Court may have limited availability on January 20, so if there is inadequate time at the hearing, the Debtor proposes that the hearing on the Backstop Commitment Approval Motion would at that time be continued to February 2, 2015 at 10:00 a.m. (Eastern).

## BASIS FOR RELIEF

8.  Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).

9.  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. Local Rule 9006-1(c)(i) provides that "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

11. Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

12. Local Rule 9006-1(e) permits shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

13. The factual background supporting this Motion is more fully set forth in the Backstop Commitment Approval Motion, filed contemporaneously herewith and fully incorporated herein by reference.

14. After months of extensive negotiations, the Debtor now seeks approval of the Backstop Commitment Agreement and the PSA to drive this case toward confirmation and the Debtor's emergence from chapter 11. The Backstop Commitment Agreement assures the Debtor that, subject to the satisfaction of the applicable conditions precedent, the Debtor has the necessary new capital committed to fund its Plan, and thus allows the Debtor to move forward with the Plan confirmation process. Additionally, the Backstop Commitment Agreement allows the Debtor to emerge from chapter 11 with a right-sized balance sheet—de-levered by more than $600 million. The PSA memorializes the commitment of the holders of a majority of the Senior Notes, absent a material adverse change in circumstances, to vote in favor of and support approval of the Plan, and provides for a consensual confirmation process.

15. Importantly, however, the terms of the Backstop Commitment Agreement and PSA (as amended and restated) have only recently been finalized. Now that the agreements have been executed, the Debtor is required to obtain this Court's approval of the Backstop Commitment Agreement and PSA as a condition to funding the Debtor's plan of reorganization. Moreover, the Plan Support Agreement requires this Court's approval of the PSA and Backstop Commitment Agreement by February 17, 2015. Additionally, the Plan Support Agreement requires approval of the Disclosure Statement for solicitation purposes by February 17, 2015. The Debtor intends to seek approval of the Disclosure Statement at the January 20, 2015 hearing, with the option to carry matters over to the February 2, 2015 hearing as necessary to resolve any outstanding objections. Meeting the deadlines and milestones imposed by the agreements is critical to ensure that the Debtor remains on track to emerge from chapter 11 prior to the March 31, 2015 maturity date under the Debtor's DIP Facility.

16. It would be impractical for the Debtor to solicit approval of its Plan without first obtaining approval of the Backstop Commitment Agreement, as having the Backstop Commitment in place is critical to the success of the Rights Offering. Accordingly, it is in the best interests of parties in interest that the Backstop Commitment Approval Motion be heard by this Court at the January 20, 2015 hearing in order to (a) maximize the time for parties in interest to consider the Plan, the Disclosure Statement, and other solicitation materials and (b) allow the Debtor to commence solicitation promptly upon approval of the Disclosure Statement, Backstop Commitment Agreement, and PSA.[3] Since time is limited before the March 31 maturity date under the DIP Facility, further delaying the hearing on the Backstop Commitment Approval Motion would reduce the solicitation period, and accordingly, the amount of time parties in interest have to consider the relevant and necessary information related to transactions contemplated by the Plan.

17. Consequently, the Debtor believes it is in the best interests of the Debtor's estate, creditors, and other parties in interest for the Backstop Commitment Approval Motion to be heard on January 20, 2015 at 2:00 p.m. (Eastern). In the meantime, the Debtor intends to work with the parties to resolve any potential objections in advance of the hearing.

**NOTICE**

18. Notice of the Motion will be given to: (i) the Office of the United States Trustee; (ii) counsel to the agent under the debtor in possession financing; (iii) counsel to the agent for the Debtor's prepetition secured lenders; (iv) the indenture trustee for each of the Debtor's secured and unsecured outstanding bond issuances; (v) counsel to the unofficial

---

[3] The hearing to consider the adequacy of the Disclosure Statement is currently scheduled for hearing on January 12, 2015. However, the Debtor anticipates continuing that hearing to the same date as is scheduled for the approval of the Backstop Commitment Agreement and the PSA.

5

committee of senior secured noteholders; (vi) counsel to the Creditors' Committee; and (vii) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice need be provided.

### NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit A, shortening the notice period for the Backstop Commitment Approval Motion so that it can be heard, considered and ruled upon by the Court on January 20, 2015 at 2:00 p.m. (Eastern).

Dated: Wilmington, Delaware
January 7, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Kristhy M. Peguero
Anthony W. Clark (I.D. No. 2051)
Kristhy M. Peguero (I.D. No. 4903)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

James J. Mazza, Jr.
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtor and Debtor in Possession*