IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
EXIDE TECHNOLOGIES, : Case No. 13-11482 (KJC)
:
               Reorganized Debtor.[1] : **Hrg. Date: July 1, 2015 at 10:00 a.m. (Eastern)**
: **Obj. Due: June 12, 2015 at 4:00 p.m. (Eastern)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTOR'S (NON-SUBSTANTIVE) TWENTIETH OMNIBUS OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(b), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN (A) AMENDED CLAIMS AND (B) INSUFFICIENT DOCUMENTATION CLAIMS**

**("TWENTIETH OMNIBUS CLAIMS OBJECTION")**

       The reorganized debtor in the above-captioned case ("Exide" or the "Reorganized Debtor"), hereby files this omnibus objection (the "Objection") to certain claims (the "Disputed Claims") filed against the former debtor and debtor in possession in the above-captioned case (the "Debtor"), and listed on Exhibits A and B to the proposed form of order (the "Proposed Order"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and respectfully requests entry of an order in substantially the form of the Proposed Order filed concurrently herewith: (i) disallowing and expunging the proofs of claim listed on Exhibit A to the Proposed Order and (ii) disallowing and expunging the proofs of claim listed on Exhibit B to the Proposed Order. In support of the Objection, the Reorganized Debtor relies on the Declaration of Holden Bixler in

---

[1]   The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

Support of the Reorganized Debtor's (Non-Substantive) Twentieth Omnibus Objection Pursuant To Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, And Local Rule 3007-1 To Certain (A) Amended Claims and (B) Insufficient Documentation Claims attached hereto as Exhibit 1. In further support of the Objection, the Reorganized Debtor respectfully represents:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

**A.    The Chapter 11 Case**

4. On June 10, 2013 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. The Debtor continued to operate its business and manage its property as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On June 18, 2013, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Chapter 11 Case pursuant to Bankruptcy Code section 1102. No trustee has been appointed in the Chapter 11 Case.

7. On August 9, 2013, the Debtor filed its schedules of assets and liabilities and statements of financial affairs (Docket No. 498) (the "Schedules").

8. On February 4, 2015, this Court entered an Order (A) Approving the Adequacy of the Debtor's Disclosure Statement with Respect to the Plan of Reorganization of Exide Technologies; (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtor's Proposed Plan of Reorganization; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect Thereto (Docket No. 3092) (the "Solicitation Procedures Order"). The Solicitation Procedures Order, among other things, (a) approved the adequacy of the Second Amended Disclosure Statement With Respect to the Second Amended Plan of Reorganization of Exide Technologies (Docket No. 3095) (the "Disclosure Statement") and (b) authorized Exide to solicit acceptances or rejections of the Fourth Amended Plan of Reorganization of Exide Technologies (the "Plan").

9. On March 27, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Findings of Fact, Conclusions of Law and Order Confirming Fourth Amended Plan of Reorganization of Exide Technologies (Docket No. 3423) (the "Confirmation Order"), which, among other things, confirmed the Plan.

10. On April 30, 2015, the Debtor substantially consummated the Plan (the "Effective Date"). The Reorganized Debtor has emerged from chapter 11 as Exide Technologies. Pursuant to Article 15.8 of the Plan, the Creditors' Committee was dissolved on the Effective Date and Peter Kravitz of Province Inc. was appointed as GUC Trust Trustee (as defined in the Plan). Pursuant to the Plan, the Reorganized Debtor may object to any Claims filed in the Chapter 11 Case. In addition, under the Plan, the GUC Trust Trustee also has authority to object to certain Claims filed in the Chapter 11 Case.

**B.     Bar Dates and Proofs of Claim**

11.     On June 11, 2013, this Court entered an order appointing GCG, Inc. (n/k/a Garden City Group, LLC) ("GCG") as the claims and noticing agent pursuant to the Order Authorizing Employment And Retention Of GCG, Inc. As Claims And Noticing Agent, Pursuant To 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And Del. Bankr. L.R. 2002-1(F) *Nunc Pro Tunc* To The Petition Date (Docket No. 76). GCG is authorized to maintain (i) all proofs of claim filed against the Debtor and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by GCG, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

12.     On September 13, 2013, this Court entered the Order (I) Establishing Deadlines For (A) Submitting Proofs Of Claim And (B) Requests For Payment Under Bankruptcy Code Section 503(b)(9), (II) Approving The Form And Manner For Submitting Such Proofs Of Claim And Requests For Payment, And (III) Approving Notice Thereof (Docket No. 696) (the "Bar Date Order"). Pursuant to the Bar Date Order, all persons or entities who wished to assert claims against the Debtor's estate were required to file a proof of claim against the Debtor in the Chapter 11 Case by no later than October 31, 2013 at 5:00 p.m. (Eastern) (the "General Bar Date"). The General Bar Date applied to any person, other than governmental units, holding a claim (other than a personal injury claim related to the Debtor's Vernon facility) against the Debtor allegedly owing as of the Petition Date, including claims under Bankruptcy Code section 503(b)(9), or any person with an alleged claim or expense claimed to have allegedly arisen prior to the Petition Date. Any governmental unit seeking to file a claim against the Debtor was required to do so by no later than December 9, 2013 at 5:00 p.m. (Eastern). Any person seeking

to file a personal injury claim related to the Debtor's Vernon facility was required to do so no later than January 31, 2014 at 5:00 p.m. (Eastern).[2]

13. To date, approximately 4,000 proofs of claim (the "<u>Claims</u>," and the persons or entities filing such Claims, the "<u>Claimants</u>") have been filed in the Chapter 11 Case. Since the Petition Date, the Debtor and/or Reorganized Debtor has filed seventeen omnibus claims objections to Claims. After hearing these omnibus claims objections, this Court disallowed and expunged approximately 535 Claims asserting more than $4.9 billion in liquidated liabilities (plus unliquidated amounts).

14. The Reorganized Debtor and its advisors are comprehensively reviewing and reconciling all Claims. Moreover, in the ordinary course of business, the Reorganized Debtor maintains books and records (the "<u>Books and Records</u>") that reflect, among other things, the Debtor's or the Reorganized Debtor's, as applicable, liabilities and the amounts thereof owed to its creditors. The Reorganized Debtor is also comparing the Claims asserted in the Proofs of Claims to the Books and Records to determine the validity of the asserted claims.

15. This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance and expungement, reduction and allowance, reassignment, or reclassification. To reduce the number of Claims, and to avoid possible double recovery, or otherwise improper recovery by Claimants, the Reorganized Debtor anticipates filing several omnibus objections.

---

[2] <u>See</u> Supplemental Order (I) Extending The Claims Bar Date Solely With Respect To Personal Injury Claims Relating To The Debtor's Vernon California Facility, (II) Approving The Form And Manner For Submitting Such Proofs Of Claim, And (III) Approving Notice Thereof, entered October 24, 2013 (Docket No. 956).

5

**RELIEF REQUESTED**

16. By the Objection, the Reorganized Debtor respectfully seeks entry of an order pursuant to Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 (i) disallowing and expunging the proofs of claim listed on <u>Exhibit A</u> to the Proposed Order and (ii) disallowing and expunging the proofs of claim listed on <u>Exhibit B</u> to the Proposed Order.

**OBJECTION TO CLAIMS**

**A.     Amended Claims**

17. The Disputed Claims identified on <u>Exhibit A</u> to the Proposed Order (the "<u>Amended Claims</u>") are the Claims that have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Remaining Claim Number" on <u>Exhibit A</u> to the Proposed Order.  Failure to disallow the Amended Claims will result in the applicable Claimants receiving an unwarranted double recovery against the Debtor's estate, to the detriment of other creditors in this case.

18. Therefore, the Debtor objects to the allowance of each of the Amended Claims included on <u>Exhibit A</u> to the Proposed Order and requests that such Amended Claims under the column heading "Amended Claim to be Disallowed" be disallowed.  If the Debtor's objection to the Amended Claims is sustained, the Claims listed under the column heading "Remaining Claim Number" will remain on the claims register, subject to the Debtor's right to object on any grounds that bankruptcy or nonbankruptcy law permits.  Therefore, any Claimant holding an Amended Claim will suffer no prejudice by having the Amended Claim disallowed.

**B.     Insufficient Documentation Claims**

19. The Disputed Claims listed on <u>Exhibit B</u> to the Proposed Order (the "<u>Insufficient Documentation Claims</u>") have been filed without any documentation to substantiate the proofs of

claim.  As explained in In re Rockefeller Ctr. Props., 272 B.R. 524, 542 n.17 (Bankr. S.D.N.Y. 2000):

> A proof of claim is a special form of complaint against a debtor. Form 10 sets forth what is required in a proof of claim. What Form 10 requires is remarkably similar to FRCP 8(a)(2) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 9, which is adopted by Bankruptcy Rule 7009 and applies to adversary proceedings, seems appropriately applied to proofs of claim as well.

20. A proof of claim must "set forth the facts necessary to support the claim." In re Chain, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (citing COLLIER ON BANKRUPTCY ¶ 3001.09[1] (15th ed. rev. 2005)).  If the proof of claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of prima facie validity, and the burdens of going forward and of proving its claims by a preponderance of the evidence are on the [claimant]." In re Marino, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); see also In re Svendson, 34 B.R. 341, 342 (Bankr. D.R.I., 1983) (proofs of claim failed to "set forth all the necessary facts to establish the claim[s].") (alteration in original) (citation omitted).

21. Without providing sufficient information or documentation to allow the Reorganized Debtor to reconcile the proofs of claim with the Books and Records, the Insufficient Documentation Claims fail to satisfy the requirements for a proof of claim. See Chain, 255 B.R. at 280; see also In re 20/20 Sport, Inc., 200 B.R. 972, 978 (Bankr. S.D.N.Y 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint, [and] a trustee's objection to an answer .... ").  Although the Reorganized Debtor has attempted to compare the amount requested in the Insufficient Documentation Claims with the amounts due according to the Schedules as well as the Books and Records, the Insufficient Documentation Claims do not contain any information to allow the Reorganized Debtor to determine from the

7

proofs of claim themselves what amount, if any, is valid and owed to the Claimants by the Reorganized Debtor.

22. Accordingly, the Reorganized Debtor hereby requests that this Court enter an order expunging and disallowing the Insufficient Documentation Claims, unless the Claimants provide supporting documentation for the Insufficient Documentation Claims on or prior to **June 12, 2015 at 4:00 p.m. (Eastern)**. If supporting documentation is timely provided, the Debtor may decide not to proceed with its objection to such Insufficient Documentation Claims.

## APPLICABLE AUTHORITY

23. Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

24. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l. Inc., 954 F.2d 167,173 (3d Cir. 1992); Svenska Taendsticks Fabrik Aktiebolaget v. Irving Trust Co. (In re Int'l Match Corp.), 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. Allegheny, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. Id. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. Id. Once the objecting party produces such evidence, the burden shifts back to

8

the claimant to prove the validity of his or her claim by a preponderance of the evidence. Id. The burden of persuasion is always on the claimant. Id.

25. The Reorganized Debtor has met its burden in refuting the legal sufficiency of the Disputed Claims and has demonstrated that the Amended Claims and Insufficient Documentation Claims should be disallowed and expunged.

26. As asserted, the Disputed Claims are unenforceable against the Debtor or the Reorganized Debtor for the reasons set forth above. Therefore, pursuant to Bankruptcy Code sections 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1, the Reorganized Debtor respectfully requests that this Court enter an order disallowing and expunging each Amended Claim and Insufficient Documentation Claim listed on Exhibits A and B attached to the Proposed Order.

## RESPONSES TO THE OBJECTION

27. Filing and Service of Responses: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court and the parties in the following paragraph **no later than 4:00 p.m. (Eastern) on June 12, 2015** (the "Response Deadline"). Claimants should locate their names and Claims in the Objection, and carefully review the Proposed Order and the exhibits attached thereto. A Response must address each ground upon which the Reorganized Debtor objects to a particular Claim. A hearing (the "Hearing") to consider the Reorganized Debtor's Objection shall be held on **July 1, 2015 at 10:00 a.m. (Eastern)**, before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

28. Every Response must be filed on or before **June 12, 2015 at 4:00 p.m. (Eastern)** with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd

9

Floor, Wilmington, Delaware 19801 and served upon the following entities at the following addresses: (i) the Office of the U.S. Trustee, 844 North King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq., (ii) the Reorganized Debtor, Exide Technologies, 13000 Deerfield Parkway, Suite 100, Milton, Georgia 30004, Attn: B. Holland Pritchard, (iii) counsel to the Reorganized Debtor, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, Illinois 60606-1720, Attn: James J. Mazza, Jr. and Louis S. Chiappetta, and (iv) the GUC Trust Trustee, Peter S. Kravitz of Province, Inc., 9209 Canwood Street, Suite 210, Agoura Hills, CA 91301, each case so as to be received **no later than the Response Deadline, June 12, 2015 at 4:00 p.m. (Eastern).**

29. <u>Content of Responses</u>: Every Response to the Objection must contain, at a minimum, the following:

(a) a caption setting forth the name of this Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

(b) a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection at the Hearing;

(c) all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the Claimant will rely in opposing the Objection at the Hearing;

(d) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

(e) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Reorganized Debtor should serve any reply

> to the Response, if different than the address(es) presented in the Claim.

30. <u>Timely Response Required; Hearing</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Reorganized Debtor will endeavor to reach a consensual resolution with the applicable Claimant.  If no consensual resolution is reached, this Court will conduct a hearing with respect to the Objection and the Response on **July 1, 2015 at 10:00 a.m. (Eastern)**, or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by this Court at any such hearing.

31. <u>Replies to Responses</u>:  Consistent with Local Rules 3007-1(h)(ii) and 9006-1(d), the Debtor may, at its option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Eastern) one (1) day prior to the day the agenda for the hearing is due.

32. <u>Adjournment of Hearing</u>:  The Reorganized Debtor reserves the right to adjourn the Hearing on any Claim included in the Objection.  In the event that the Reorganized Debtor adjourns the Hearing, it will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the Claimant in each Response.

33. If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtor will present to this Court an appropriate order **without further notice to the Claimant**.

34. <u>Separate Contested Matter</u>:  Each of the Disputed Claims and the Reorganized Debtor's objections thereto, as asserted in the Objection, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Reorganized Debtor requests that any order

entered by this Court with respect to an objection asserted herein be deemed a separate order with respect to each such No Liability Pension Claim.

## RESERVATION OF RIGHTS

35. The Reorganized Debtor expressly reserves the right to amend, modify, or supplement the Objection and to file additional objections to any proofs of claim or any other claims (filed or not) which may be asserted against the Debtor including, without limitation, objections as to the liability, amount, or priority of any Claims listed on Exhibits A and B to the Proposed Order. Should one or more of the grounds for the Objection be dismissed or overruled, the Debtor reserves the right to object to any Disputed Claim listed on Exhibits A and B to the Proposed Order on any other ground.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

36. The undersigned representative of Skadden, Arps, Slate, Meagher & Flom LLP has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Reorganized Debtor believes such deviations are not material and respectfully requests that any such requirement be waived.

## FURTHER INFORMATION

37. Questions about or requests for additional information about the Objection should be directed to the Reorganized Debtor's counsel in writing at the following address: Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn: Louis S. Chiappetta). Questions regarding the amount of a Claim or the filing of a Claim should be directed to GCG toll free at (888) 985-9831 or at the Reorganized Debtor's restructuring website http://www.exiderestructuringinfo.com. Claimants should not contact the Clerk of this Court to discuss the merits of their proofs of claim or the Objection.

## NOTICE

38. The Reorganized Debtor has provided notice of the Objection to (i) the Office of the U.S. Trustee; (ii) counsel to the agent under the debtor in possession financing; (iii) counsel to the agent for the Debtor's prepetition secured lenders; (iv) the indenture trustee for each of the Debtor's secured and unsecured outstanding bond issuances; (v) counsel to the unofficial committee of senior secured noteholders; (vi) the GUC Trust Trustee, Peter S. Kravitz of Province, Inc., 9209 Canwood Street, Suite 210, Agoura Hills, CA 91301; (vii) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (viii) each of the Claimants identified on Exhibits A and B to the Proposed Order.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter the Proposed Order attached hereto: (a) granting the relief requested herein; and (b) granting to the Reorganized Debtor such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
May 29, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Dain A. De Souza
Anthony W. Clark (I.D. No. 2051)
Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Albert L. Hogan III
James J. Mazza, Jr.
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for the Reorganized Debtor*