UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Exide Technologies, | Case No. 13-11482(KJC)<br>(Jointly Administered) |
| Reorganized Debtor. | Related to Docket No. 3740 |
| | Hearing Date: July 1, 2015 at 10:00 a.m.<br>Objection Deadline: June 12, 2015 at 4:00 p.m. |

**REPLY OF COLUMBUS MCKINNON CORPORATION, COLUMBUS MCKINNON LIMITED AND YALE INDUSTRIAL PRODUCTS, INC. TO REORGANIZED DEBTOR'S (NON-SUBSTANTIVE) TWENTIETH OMNIBUS OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(B), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN (A) AMENDED CLAIMS AND (B) INSUFFICIENT DOCUMENTATION CLAIMS**

Columbus McKinnon Corporation, Columbus McKinnon Limited and Yale Industrial Products, Inc. (collectively the "CM Entities" and each a "CM Entity"), creditors in the above-captioned bankruptcy case, by and through their undersigned counsel, file this reply ("Reply") to the relief requested in Reorganized Debtor's (Non-Substantive) Twentieth Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007 and Local Rule 3007-1 to Certain (A) Amended Claims and (B) Insufficient Documentation Claims ("Objection"), in order to preserve the timing of the CM Entities timely filed proofs of claim. In support of this Reply, the CM Entities aver as follows:

7874714/

## BACKGROUND

1.  On June 10, 2013 (the "Petition Date"), the above-captioned Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2.  The Debtor operated its business and managed its property as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 until they emerged from bankruptcy.

3.  On June 18, 2013, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Chapter 11 Case pursuant to Bankruptcy Code section 1102. No trustee has been appointed in the Chapter 11 Case.

4.  On June 11, 2013, the Court entered an order appointing GCG, Inc. (n/k/a Garden City Group, LLC) ("GCG") as the claims and noticing agent (Docket No. 76).

5.  On September 13, 2013, the Court entered the Order (I) Establishing Deadlines for (A) Submitting Proofs of Claim And (B) Requests For Payment Under Bankruptcy Code Section 503(b)(9), (II) Approving The Form And Manner For Submitting Such Proofs Of Claim And Requests For Payment, And (III) Approving Notice Thereof (Docket No. 696) (the "Bar Date Order"). Pursuant to the Bar Date Order, all persons or entities with claims against the Debtor's estate were required to file a proof of claim with GCG on or before October 31, 2013 (the "Bar Date").

6. The CM Entities filed the following Original CM Claims and Amended CM Claims (claim numbers as designated by GCG) on the dates set forth as follows:

| Entity | Collectively, the "**Original CM Claims**" | Date of Filing of Original CM Claims | Collectively, the "**Amended CM Claims**" | Date of Filing of the Amended CM Claims |
|---|---|---|---|---|
| Columbus McKinnon Corporation | 1662 | 10/21/2013 | 4029 | 3/20/2015 |
| Columbus McKinnon Limited | 1658 | 10/21/2013 | 4030 | 3/20/2015 |
| Yale Industrial Products, Inc. | 1663 | 10/21/2013 | 4028 | 3/20/2015 |

### Limited Objection

7. In the Objection, the Reorganized Debtor seeks an order "disallowing and expunging" the Original CM Claims and reserving its right to object to the Amended CM Claims "on any grounds that bankruptcy or nonbankruptcy law permits".

8. The CM Entities object to the Objection to the extent it seeks to disallow and expunge the Original CM Claims and object to the Amended CM Claims on any and all grounds, including the ground that the CM Entities did not timely file the Amended CM Claims.

9. Accordingly, the CM Entities object to the Objection to the extent that it does not provide that the filing date of the Amended CM Claims relates back to the filing date of the Original CM Claims.

### Reservation of Rights

10. The CM Entities reserve the right (a) to amend, supplement, or otherwise modify this Reply and all attachments and exhibits hereto as necessary or proper; and (b) to raise such other and further responses to the Objection.

WHEREFORE, the CM Entities respectfully request the Court enter an Order (a) sustaining this Reply in its entirety and overruling the Objection to the extent it requests relief inconsistent with this Reply, with prejudice; (b) entering an Order determining that the Amended CM Claims that are all entitled to a distribution in accordance with and pursuant to the terms of the confirmed plan; and (c) providing to the CM Entities such other and further relief as is appropriate.

Dated: June 8, 2015

MORRIS JAMES LLP

_/s/ JW_

Jeffrey R. Waxman (Bar No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800

-and-

PHILLIPS LYTLE LLP
Angela Z. Miller, Esquire
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone: (716) 847-8400
Fax: (716) 852-6100

Counsel for Columbus McKinnon Corporation,
Columbus McKinnon Limited and
Yale Industrial Products, Inc.