**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXIDE TECHNOLOGIES,[1] | Case No. 13-11482 (KJC) |
| Debtor. | **Objection Deadline: August 14, 2015 at 4:00 p.m. (ET)**<br>**Extended by Agreement to September 2, 2015**<br>**Hearing Date: September 17, 2015 at 4:00 p.m. (ET)**<br><br>**Ref. No. 4435** |

**RESPONSE OF TANNOR PARTNERS CREDIT FUND LP TO REORGANIZED
DEBTOR'S (SUBSTANTIVE) TWENTY-FIRST OMNIBUS OBJECTION PURSUANT
TO BANKRUPTCY CODE SECTION 502(b), BANKRUPTCY RULE 3007,
AND LOCAL RULE 3007-1 TO CERTAIN (A) MISCLASSIFIED CLAIMS,
(B) REDUCE AND ALLOW CLAIMS, (C) PREVIOUSLY DISCHARGED CLAIMS,
AND (D) NO LIABILITY CLAIMS**

Tannor Partners Credit Fund, LP ("**Tannor**" or the "**Claimant**"), by and through its undersigned counsel, hereby file this response (the "**Response**") to the *Reorganized Debtor's (Substantive) Twenty-First Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain (a) Misclassified Claims, (b) Reduce and Allow Claims, (c) Previously Discharged Claims, and (d) No Liability Claims* [Docket No. 4435] (the "**Objection**").  In support of the Response, Claimant respectfully states as follows:

**BACKGROUND**

1.     On or about June 10, 2013 (the **"Petition Date"**), the above captioned debtor (the **"Debtor"**) commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**).

2.     On June 11, 2013, this Court entered an order appointing GCG, Inc. (n/k/a Garden City Group, LLC) ("**GCG**") as the claims and noticing agent pursuant to the *Order Authorizing Employment and Retention of GCG, Inc. as Claims and Noticing Agent, Pursuant to 28 U.S.C. §*

---

[1]     The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

*156(c), 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 2002 and Del. Bankr. L.R. 2002-1(F) Nunc Pro Tunc to the Petition Date* [Docket No. 76].  GCG is authorized to maintain (i) all proofs of claim filed against the Debtor and (ii) an official claims register by docketing all proofs of claim in a claims database containing, *inter alia*, information regarding the name and address of each claimant, the date the proof of claim was received by GCG, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

3.      On August 9, 2013, the Debtor filed its Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs ("**SOFA**").

4.      On September 13, 2013, this Court entered the *Order (I) Establishing Deadlines for (A) Submitting Proofs of Claim and (B) Requests for Payment Under Bankruptcy Code Section 503(b)(9), (II) Approving the Form and Manner for Submitting Such Proofs of Claim and Requests for Payment, and (III) Approving Notice Thereof* [Docket No. 696] (the "**Bar Date Order**").  Pursuant to the Bar Date Order, all persons or entities who wished to assert claims against the Debtor's estate were required to file a proof of claim against the Debtor in the Chapter 11 Case by no later than October 31, 2013 at 5:00 p.m. (Eastern) (the "**General Bar Date**").

5.      Prior to the General Bar Date, Tannor purchased certain claims from various suppliers of the Debtor that wanted immediate liquidity on their receivables rather than wait the duration of the bankruptcy proceeding and the post-reorganization reconciliation process.

6.      In connection with the purchase of these claims, Tannor and each respective supplier entered into (i) an Assignment of Claim Agreement (each, an "**Assignment Agreement**")[2], and (ii) an Evidence of Transfer of Claim (each, an "**Evidence of Transfer**").

---

[2]      The Assignment Agreements have not been attached as they are confidential documents containing commercially sensitive information.  Tannor will provide redacted copies to counsel for the Debtor on an attorney's eye's only basis and upon entry of a mutually agreeable confidentiality agreement.

Copies of the relevant Evidence of Transfer documents are attached hereto as **Exhibit "A"**. Subsequent to the entry of each Assignment Agreement and Evidence of Transfer, Tannor executed under penalty of perjury and filed with GCG certain proofs of claim.

7.      Accordingly, Tannor is the owner and assignee of the following three (3) proofs of claim pending against the Debtor and its estate (collectively, the "**Tannor Claims**"):

    (a) Claim No. 657, filed against Exide Technologies by Tannor Partners Credit Fund, LP as assignee for Clark's Tool – Claycomo ("**Clark's Tool**"), presently in the amount of $8,488.08 on September 10, 2013 ("**Claim 657**");

    (b) Claim No. 691, filed against Exide Technologies by Tannor Partners Credit Fund, LP as assignee for Nickelson Industrial ("**Nickelson**"), presently in the amount of $4,762.64 on September 23, 2013 (Claim No. 691 replaces Claim No. 661 filed on September 18, 2013) ("**Claim 691**");

    (c) Claim No. 2063, filed against Exide Technologies by Tannor Partners Credit Fund, LP as assignee for Hydrite Chemical Co ("**Hydrite**"), presently in the amount of $20,522.62 on October 22, 2013 (Claim No. 2053 amends Claim No. 1167 filed on October 11, 2013) ("**Claim 2063**").

8.      Prior to the filing of the Tannor Claims, Clark's Tool, Nickelson and Hydrite were each identified on Schedule F of the Debtor's Schedules.  Clark's Tool was identified as holding a "trade payable" claim in the amount of $53,514.61, which claim was not identified as either contingent, unliquidated or disputed ("**CUD**").  Likewise, Hydrite was identified as holding a "trade payable" claim in the amount of $20,522.62, which claim was not identified as CUD.  Finally, Nickelson was identified as holding a "trade payable" claim in the amount of $4,762.64, which was not identified as CUD.  *See* Docket No. 498.

9.      In connection with Claim 657, on September 10, 2013, Tannor submitted to GCG a copy of the proof of claim, together with a cover letter identifying that the section 503(b)(9) administrative claim belonging to Clark's Tool had been purchased by Tannor and directing all inquiries in connection with Claim 657 to Tannor.  *See* **Exhibit "B"** attached hereto.

10.     On September 16, 2013, Tannor filed with the Bankruptcy Court a copy of the Evidence of Transfer relating to Claim 691 [Docket No. 706].  Thereafter, Nickelson identified an additional invoice, Invoice No. 00236474, in the amount of $1,758.24, which was purchased by Tannor.  In connection with the purchase of the additional invoice, Tannor and Nickelson entered into a revised Evidence of Transfer, which was revised and initialed by Nickelson.  *See* **Exhibit "C"**, attached hereto.

11.     On July 31, 2015, the Debtor filed the Objection [Docket No. 4435].  Pursuant to the Objection, the Debtor seeks (i) to reduce and allow Claim 691, alleging that Invoice 00236474 was not transferred to Tannor; and (ii) to disallow in the entirety Claim 657 and 2063, solely on the ground that Tannor "failed to provide a valid transfer of claim."  *See* Objection at Exhibit D, pages 18-19.  Notably, the Objection does not contest the validity and amount of the debt.

12.     Upon receipt of the Objection, on or about August 28, 2015, Tannor provided counsel for the Debtor with copies of each Evidence of Transfer.

## ARGUMENT

13.     A proof of claim once filed establishes a "prima facie case" that a debtor objecting to such claim must overcome. FED. R. BANKR. P. 3001(f); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Machinery Rental, Inc. v. Herpel (In re Multiponics, Inc.)*, 622 F.2d 709, 714 (5th Cir. 1980) (proof of claim is claimant's "prima facie case"); *Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 818 F.2d 1135, 1140, 1143 (5th Cir. 1987) ("a claim filed under section 501 of the Bankruptcy Code enjoys prima facie validity"); *In re Aerospace Technologies, Inc.*, 199 B.R. 331, 341 (Bankr. M.D.N.C. 1996) (Under subsection (f) of Bankruptcy Rule 3001, a proof of claim "executed and filed in accordance with these rules" constitutes *prima facie* evidence of the validity and amount of the claim).  In that regard, the

filing of a proof of claim has been likened to the filing of a complaint at the opening of a civil case.  In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985).

14.    Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Inter., Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *In re TIE/Communications, Inc.*, 163 B.R. 435, 440-41 (Bankr. D. Del. 1994); *In re Nantucket Aircraft Maintenance Co., Inc.*, 54 B.R. 86, 88 (Bankr. Mass. 1985) (When an objection to a proof of claim is made, the objecting party carries the burden of going forward with evidence showing facts tending to defeat the claim).  Tannor's proofs of claim were filed in accordance with the proof of claim procedures instituted by the Debtor and are *prima facie* valid.

15.    For purposes of Rule 3001(c) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), a proof of claim filed by a claim owner via a valid state law contract that assigns the original vendor's claim to the assignee is based, in part, on the assignment. Therefore, to satisfy Bankruptcy Rule 3001(c) and obtain *prima facie* evidentiary status under Rule 3001(f), an assignee filing a proof of claim must attach a "writing".  *In re O'Brien*, 440 B.R. 654, 662 (Bankr. E.D. Pa. 2010); *In re Omstead*, 490 B.R. 186, 193 (Bankr. E.D. Pa. 2013). The failure to comply with Bankruptcy Rule 3001(c), and the absence of *prima facie* evidentiary status under Bankruptcy Rule 3001(f) is not, by itself, grounds for disallowance of a claim.  *In re O' Brien*, 440 B.R at 663-66.  "A proof of claim may be *prima facie* valid despite noncompliance with Rule 3001(c) if it provides sufficient indicia of the claim's validity and amount to justify imposing on the objector the burden and expense of responding with contrary evidence." *In re Umstead*, 490 B. R. at 194.  When evaluating whether a non-conforming proof of claim is nonetheless *prima facie* valid, the court may consider both the proof of claim itself and

information in the bankruptcy record that is subject to judicial notice, including the debtor's bankruptcy schedules." *Id.* (citing *In re O'Brien*, 440 B.R. at 666-67).

### A.    Claim 691 Must be Allowed in its Entirety

16.    With respect to Claim 691, the Objection seeks to reduce and allow Tannor's claim alleging that Invoice 00236474 was not transferred to Tannor.  Notably, nowhere does the Objection contest the validity or the amount of the underlying claim.  In fact, the Debtor's Schedules identify the debt originally held by Nickelson in the amount of $4,762.64, the exact same amount identified on Claim 691, and substantiated by the invoices attached thereto.  As set forth on Exhibit C, Invoice No. 00236474, in the amount of $1,758.24, was purchased by Tannor.  The purchase and transfer of this invoice are evidenced by the email exchange between Tannor and Tom Hitt of Nickelson, together with the revised Evidence of Transfer, which was initialed by Mr. Hitt of Nickelson.  Accordingly, the Objection should be denied with respect to Claim 691.

### B.    Claim 657 and Claim 2063 Were Validly Transferred

17.    Bankruptcy Rule 3001(e)(1), which governs the transfer of a claim that occurs before a proof of claim is filed in relation to said claim, does not require the transferee of such a claim to provide evidence of its ownership of its claim when it files a proof of claim which corresponds to the claim.  *In re Starr*, 2011 WL 482829, *4 (Bankr. N.D. Alabama, Feb. 7, 2011).  Thus, Claim 657 and Claim 2063 need not attach copies of the Assignment Agreements.

18.    Through the Objection, the Debtor seeks to disallow Claim 657 and Claim 2063 solely on a thread of a technicality – i.e., that that Tannor did not file the Evidence of Transfer. Nowhere in the Objection does the Debtor dispute the validity or amount of either claim. Further, the Debtor's own Schedules are an admission of the Debtor's liability on these claims. A review of the Tannor Claims reflects that each of the Tannor Claims contains detailed invoices

and a summary of the claim with invoice numbers so that the claim can easily be identified by the Debtor.  Accordingly, the claims are entitled to prima facie validity as to the existence and mount of the debt, and the sole dispute for purposes of the Objection is the validity of the transfer of the debt from Hydrite and Clark's Tool, respectively, to Tannor.  As set forth on Exhibit A, Hydrite and Clark's Tool each separately executed an Evidence of Transfer, which Tannor furnished to Debtor's counsel in an effort to consensually resolve the objection. Likewise, each executed an Assignment Agreement with Tannor.  As previously noted, due to the confidential nature of the Assignment Agreements and their commercially sensitive information, copies of the Assignment Agreement could not be attached to the claims or this Response.  However, copies of the Evidence of Transfers were provided to counsel for the Debtor.  Further, with respect to Claim 657, Tannor identified the purchase of the debt from Clark's Tool in correspondence to GCG in connection with the filing of the claim.  *See* Exhibit B.

19.      The Objection and its exhibits contain no evidence, let alone evidence sufficient to negate the *prima facie* validity of the Tannor Claims set forth above.  Tannor has established, through the exhibits attached to the Tannor Claims and this Response, that it is entitled to the allowance of its claims in these cases against the Debtor, which claims were validly transferred to Tannor.

20.      To the extent that the Court views the transfers as defective, Tannor request that the Court allow Tannor to file an Evidence of Transfer on the docket enabling the Debtor to recognize the valid transfer of the claims.

WHEREFORE, Tannor respectfully requests that this Court (i) overrule the Objection with prejudice; (ii) allow the Tannor Claims in the amounts set forth herein; and (iii) grant Tannor such other and further relief as this Court deems just and proper.


Dated:  September 2, 2015
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**


_____/s/ Mark D. Olivere_____
Mark D. Olivere (No. 4291)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:        olivere@chipmanbrown.com

*Counsel for Tannor Partners Credit Fund, LP*