IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------ x
                                                :

In re:                                        :   Chapter 11

EXIDE TECHNOLOGIES,                :   Case No. 13-11482 (KJC)

                  Reorganized Debtor.[1]   :   **Hrg. Date: January 18, 2017 at 3:00 p.m. (Eastern)**
                                                :   **Obj. Due: December 23, 2016 at 4:00 p.m. (Eastern)**
------------------------------ x

**REORGANIZED DEBTOR'S (SUBSTANTIVE) TWENTY-SEVENTH OMNIBUS
OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(b),
BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN
(A) MISCLASSIFIED CLAIMS, (B) NO LIABILITY CLAIMS, (C) REDUCE AND
ALLOW CLAIMS AND (D) CONTINGENT CONTRIBUTION CLAIMS
("TWENTY-SEVENTH OMNIBUS CLAIMS OBJECTION")**

The reorganized debtor in the above-captioned case ("Exide" or the "Reorganized Debtor"), hereby files this omnibus objection (the "Objection") to certain claims (the "Disputed Claims") filed against the former debtor and debtor in possession in the above-captioned case (the "Debtor"), and listed on Exhibits A, B, C, and D to the proposed form of order (the "Proposed Order"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and respectfully requests entry of an order in substantially the form of the Proposed Order filed concurrently herewith: (i) adjusting the priorities of the proofs of claim listed on Exhibit A to the Proposed Order; (ii) disallowing and expunging the proofs of claim listed on Exhibit B to the Proposed

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

Order; (iii) reducing and allowing the proofs of claim listed on Exhibit C to the Proposed Order; and (v) disallowing and expunging the proofs of claim listed on Exhibit D to the Proposed Order. In support of the Objection, the Reorganized Debtor relies on the Declaration of Holden Bixler in Support of the Reorganized Debtor's (Substantive) Twenty-Seventh Omnibus Objection Pursuant To Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, And Local Rule 3007-1 To Certain (A) Misclassified Claims, (B) No Liability Claims, (C) Reduce and Allow Claims and (D) Contingent Contribution Claims attached hereto as Exhibit 1. In further support of the Objection, the Reorganized Debtor respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

A. **The Chapter 11 Case**

4. On June 10, 2013 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. The Debtor continued to operate its business and manage its property as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On June 18, 2013, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Chapter 11 Case pursuant to Bankruptcy Code section 1102. No trustee has been appointed in the Chapter 11 Case.

7. On August 9, 2013, the Debtor filed its schedules of assets and liabilities and statements of financial affairs (Docket No. 498) (the "Schedules").

8. On February 4, 2015, this Court entered an Order (A) Approving the Adequacy of the Debtor's Disclosure Statement with Respect to the Plan of Reorganization of Exide Technologies; (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtor's Proposed Plan of Reorganization; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect Thereto (Docket No. 3092) (the "Solicitation Procedures Order"). The Solicitation Procedures Order, among other things, (a) approved the adequacy of the Second Amended Disclosure Statement With Respect to the Second Amended Plan of Reorganization of Exide Technologies (Docket No. 3095) (the "Disclosure Statement") and (b) authorized Exide to solicit acceptances or rejections of the Fourth Amended Plan of Reorganization of Exide Technologies (the "Plan").

9. On March 27, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Findings of Fact, Conclusions of Law and Order Confirming Fourth Amended Plan of Reorganization of Exide Technologies (Docket No. 3423) (the "Confirmation Order"), which, among other things, confirmed the Plan.

10. On April 30, 2015, the Debtor substantially consummated the Plan (the "Effective Date"). The Reorganized Debtor has emerged from chapter 11 as Exide Technologies. Pursuant to Article 15.8 of the Plan, the Creditors' Committee was dissolved on the Effective Date and

Peter Kravitz of Province Inc. was appointed as GUC Trust Trustee (as defined in the Plan). Pursuant to the Plan, the Reorganized Debtor may object to any Claims filed in the Chapter 11 Case. In addition, under the Plan, the GUC Trust Trustee also has authority to object to certain Claims filed in the Chapter 11 Case.

**B.     Bar Dates and Proofs of Claim**

11.     On June 11, 2013, this Court entered an order appointing GCG, Inc. (n/k/a Garden City Group, LLC) ("GCG") as the claims and noticing agent pursuant to the Order Authorizing Employment And Retention Of GCG, Inc. As Claims And Noticing Agent, Pursuant To 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And Del. Bankr. L.R. 2002-1(F) *Nunc Pro Tunc* To The Petition Date (Docket No. 76). GCG is authorized to maintain (i) all proofs of claim filed against the Debtor and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by GCG, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

12.     On September 13, 2013, this Court entered the Order (I) Establishing Deadlines For (A) Submitting Proofs Of Claim And (B) Requests For Payment Under Bankruptcy Code Section 503(b)(9), (II) Approving The Form And Manner For Submitting Such Proofs Of Claim And Requests For Payment, And (III) Approving Notice Thereof (Docket No. 696) (the "Bar Date Order"). Pursuant to the Bar Date Order, all persons or entities who wished to assert claims against the Debtor's estate were required to file a proof of claim against the Debtor in the Chapter 11 Case by no later than October 31, 2013 at 5:00 p.m. (Eastern) (the "General Bar Date"). The General Bar Date applied to any person, other than governmental units, holding a claim (other than a personal injury claim related to the Debtor's Vernon facility) against the Debtor allegedly owing as of the Petition Date, including claims under Bankruptcy Code section

4

503(b)(9), or any person with an alleged claim or expense claimed to have allegedly arisen prior to the Petition Date. Any governmental unit seeking to file a claim against the Debtor was required to do so by no later than December 9, 2013 at 5:00 p.m. (Eastern). Any person seeking to file a personal injury claim related to the Debtor's Vernon facility was required to do so no later than January 31, 2014 at 5:00 p.m. (Eastern).[2]

13. To date, approximately 4,100 proofs of claim (the "Claims," and the persons or entities filing such Claims, the "Claimants") have been filed in the Chapter 11 Case in the total amount of approximately $10.785 billion. Since the Petition Date, the Debtor and/or Reorganized Debtor has filed twenty-six omnibus claims objections to Claims. Since the Petition Date, the Debtor and/or Reorganized Debtor have filed twenty-six omnibus claims objections to Claims. After hearing these omnibus claims objections, this Court disallowed and expunged approximately 1445 Claims asserting more than $4.9 billion in liquidated liabilities (plus unliquidated amounts).

14. The Reorganized Debtor and its advisors are comprehensively reviewing and reconciling all Claims. Moreover, in the ordinary course of business, the Reorganized Debtor maintains books and records (the "Books and Records") that reflect, among other things, the Debtor's or the Reorganized Debtor's, as applicable, liabilities and the amounts thereof owed to its creditors. The Reorganized Debtor is also comparing the Claims asserted in the Proofs of Claims to the Books and Records to determine the validity of the asserted claims.

15. This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance and expungement, reduction and allowance, reassignment,

---

[2] See Supplemental Order (I) Extending The Claims Bar Date Solely With Respect To Personal Injury Claims Relating To The Debtor's Vernon California Facility, (II) Approving The Form And Manner For Submitting Such Proofs Of Claim, And (III) Approving Notice Thereof, entered October 24, 2013 (Docket No. 956).

5

or reclassification. To reduce the number of Claims, and to avoid possible double recovery, or otherwise improper recovery by Claimants, the Reorganized Debtor anticipates filing several omnibus objections.

## RELIEF REQUESTED

16. By the Objection, the Reorganized Debtor respectfully seeks entry of an order pursuant to Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1: (i) adjusting the priorities of the proofs of claim listed on <u>Exhibit A</u> to the Proposed Order; (ii) disallowing and expunging the proofs of claim listed on <u>Exhibit B</u> to the Proposed Order; (iii) reducing and allowing the proofs of claim listed on <u>Exhibit C</u> to the Proposed Order; and (v) disallowing and expunging the proofs of claim listed on <u>Exhibit D</u> to the Proposed Order.

## OBJECTION TO CLAIMS

### A. <u>Misclassified Claims</u>

17. The Disputed Claims identified on <u>Exhibit A</u> to the Proposed Order (the "<u>Misclassified Claims</u>") are Claims that assert an administrative, secured, or priority claim, but which should be reclassified as set forth on <u>Exhibit A</u> as indicated in the column titled "Modified Classification" because the Claimants have failed to provide evidence, and the Reorganized Debtor is not aware of any facts, to support the administrative, secured, or priority claim status as asserted. Failure to reclassify the Misclassified Claims could result in the relevant Claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. Accordingly, the Reorganized Debtor requests entry of an order reclassifying the Misclassified Claims as set forth on <u>Exhibit A</u> as indicated in the column titled "Modified Classification" on <u>Exhibit A</u> to the Proposed Order.

B.  **No Liability Claims**

18. The Disputed Claims identified on <u>Exhibit B</u> to the Proposed Order (the "<u>No Liability Claims</u>") are Claims that are not reflected in the Books and Records. The Reorganized Debtor has reviewed the Books and Records and determined that the Debtor and the Reorganized Debtor are not liable for the No Liability Claims for the reasons set forth in the column titled "Reason for Disallowance" on <u>Exhibit B</u> to the Proposed Order. Moreover, the No Liability Claims fail to allege any damages or facts necessary to support a compensable claim and, thus, Claimant has no present right to payment under applicable law. The Reorganized Debtor denies all liability with respect to the No Liability Claims and reserves its right to assert defenses to any additional support that may be provided by the claimant in connection with the claim. Accordingly, the Reorganized Debtor requests that each of the No Liability Claims be disallowed and expunged in its entirety.

C.  **Reduce and Allow Claims**

19. The Disputed Claims identified on Exhibit C to the Proposed Order (the "<u>Reduce and Allow Claims</u>"), the Reorganized Debtor objects to the Reduce and Allow Claims pursuant to Bankruptcy Code section 502(b)(1) because such claims are filed for amounts that differ from the amounts reflected on the Books and Records. In evaluating the Reduce and Allow Claims, the Reorganized Debtor has thoroughly reviewed the Books and Records and the filed proofs of claim, as well as the supporting documentation provided by each Claimant, and has determined that the amount of each claim is overstated for the reasons set forth in the column titled "Reason for Modification" on <u>Exhibit C</u> to the Proposed Order. Accordingly, the Reorganized Debtor objects to the Reduce and Allow Claims and requests that the Reduce and Allow Claims be reduced and allowed in the amounts set forth on <u>Exhibit C</u> to the Proposed Order.

DOCS_DE:211181.1 25016/001

### D. Contingent Contribution Claims

20. The Disputed Claims identified on <u>Exhibit D</u> to the Proposed Order (the "<u>Contingent Contribution Claims</u>") seek reimbursement and/or contribution from the Debtor on a contingent liability for which the Claimant is liable.

21. Bankruptcy Code section 502(e)(1)(B) provides:

[T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that –

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution . . . .

11 U.S.C. § 502(e)(1)(B)

Courts have recognized two purposes behind Section 502(e)(1)(B): (a) to prevent "redundant recoveries on identical claims," *In re Hemingway Transp.*, 993 F.2d 915, 924 (1st Cir. 1993); see also In re Amatex Corp., 110 B.R. at 171; and (b) to promote the timely administration and distribution of the debtor's estate, *Sorenson v. Drexel Burnham Lambert Group, Inc.* (*In re Drexel Burnham Lambert Group, Inc.*), 146 B.R. 92, 97 (S.D.N.Y. 1992); see also *In re GCO Servs. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (Section 502(e)(1)(B) designed to "prevent contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution in a liquidating case").

22. The Contingent Contribution Claims satisfy all the elements of Bankruptcy Code section 502(e)(1)(B), and therefore, the Court is required to disallow such Claims. *See* 11 U.S.C. § 502(e)(1) ("[t]he court shall disallow . . . to the extent that . . ."). In deciding whether a claim falls within Section 502(e)(1)(B), the party seeking disallowance must demonstrate that (1) the claim must be contingent at the time of its allowance or disallowance; (2) the claim is for

"reimbursement or contribution"; and (3) the person or entity asserting the claim – often called the "codebtor" – must be "liable with the debtor". *See e.g. In re Touch America Holdings, Inc.*, 381 B.R. 95, 108 (Bankr. D. Del. 2008); *In re APCO Liquidating Trust*, 370 B.R. 625, 631 (Bankr. D. Del. 2007). "Courts have consistently held that the concept of reimbursement includes indemnity." *In re RNI Wind Down Corp.*, 369 B.R. 174, 181-82 (Bankr. D. Del. 2007). Each Contingent Contribution Claim listed on Exhibit D satisfies the aforementioned elements.

23. Moreover, the Contingent Contribution Claims are not reflected in the Books and Records. The Reorganized Debtor has reviewed the Books and Records and determined that it is not liable for the Contingent Contribution Claims for the reasons set forth above and in the column titled "Reason for Disallowance" on Exhibit D to the Proposed Order. Accordingly, the Reorganized Debtor requests that each of the Contingent Contribution Claims be disallowed and expunged in its entirety.

## APPLICABLE AUTHORITY

24. Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

25. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l. Inc.*, 954 F.2d 167,173 (3d Cir. 1992); *Svenska Taendsticks Fabrik Aktiebolaget v. Irving Trust Co. (In re Int'l Match Corp.)*, 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the

claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

26. The Reorganized Debtor has met its burden in refuting the legal sufficiency of the Disputed Claims and has demonstrated that (a) the Claimants who filed the Misclassified Claims are not entitled to the priority or administrative expense claim status asserted in the Misclassified Claims; (b) the No Liability Claims should be disallowed and expunged in their entirety; (c) the Reduce and Allow Claims should be reduced and allowed as set forth on <u>Exhibit C</u> of the Proposed Order; and (d) the Contingent Contribution Claims should be disallowed and expunged in their entirety.

27. As asserted, the Disputed Claims are unenforceable against the Debtor or the Reorganized Debtor for the reasons set forth above. Therefore, pursuant to Bankruptcy Code sections 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1, the Reorganized Debtor respectfully requests that this Court enter an order (i) reclassifying each Misclassified Claim as set forth on <u>Exhibit A</u> attached to the Proposed Order, (ii) disallowing and expunging each No Liability Claim and Contingent Liability Claim listed on <u>Exhibits B</u> and <u>D</u> attached to the Proposed Order; and (iii) reducing and allowing the Reduce and Allow Claims listed on <u>Exhibit C</u> attached to the Proposed Order.

## RESPONSES TO THE OBJECTION

28. <u>Filing and Service of Responses</u>: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "<u>Response</u>") so that it is actually received by the Clerk of the Bankruptcy Court and the parties in the following paragraph **no later than 4:00 p.m. (Eastern) on December 23, 2016** (the "<u>Response Deadline</u>"). Claimants should locate their names and Claims in the Objection, and carefully review the Proposed Order and the exhibits attached thereto. A Response must address each ground upon which the Reorganized Debtor objects to a particular Claim. A hearing (the "<u>Hearing</u>") to consider the Reorganized Debtor's Objection shall be held on **January 18, 2017 at 3:00 p.m. (Eastern)**, before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

29. Every Response must be filed on or before **December 23, 2016 at 4:00 p.m. (Eastern)** with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served upon the following entities at the following addresses: (i) the Office of the U.S. Trustee, 844 North King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq., (ii) the Reorganized Debtor, Exide Technologies, 13000 Deerfield Parkway, Suite 100, Milton, Georgia 30004, Attn: B. Holland Pritchard, (iii) special conflicts counsel to the Reorganized Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: James E. O'Neill, (iv) counsel to the Reorganized Debtor, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60654, Attn: Allen Guon and John Guzzardo, and (v) the GUC Trust Trustee, Peter S. Kravitz of Province, Inc., 9209 Canwood Street, Suite 210,

Agoura Hills, CA 91301, each case so as to be received **no later than the Response Deadline, December 23, 2016 at 4:00 p.m. (Eastern).**

30. <u>Content of Responses</u>: Every Response to the Objection must contain, at a minimum, the following:

 (a) a caption setting forth the name of this Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

 (b) a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection at the Hearing;

 (c) all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the Claimant will rely in opposing the Objection at the Hearing;

 (d) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

 (e) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Reorganized Debtor should serve any reply to the Response, if different than the address(es) presented in the Claim.

31. <u>Timely Response Required; Hearing</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Reorganized Debtor will endeavor to reach a consensual resolution with the applicable Claimant. If no consensual resolution is reached, this Court will conduct a hearing with respect to the Objection and the Response on **January 18, 2017 at 3:00 p.m. (Eastern)**, or such other date and time as parties filing

Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by this Court at any such hearing.

32. <u>Replies to Responses</u>: Consistent with Local Rules 3007-1(h)(ii) and 9006-1(d), the Reorganized Debtor may, at its option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Eastern) one (1) day prior to the day the agenda for the hearing is due.

33. <u>Adjournment of Hearing</u>: The Reorganized Debtor reserves the right to adjourn the Hearing on any Claim included in the Objection. In the event that the Reorganized Debtor adjourns the Hearing, it will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the Claimant in each Response.

34. If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtor will present to this Court an appropriate order **without further notice to the Claimant**.

35. <u>Separate Contested Matter</u>: Each of the Disputed Claims and the Reorganized Debtor's objections thereto, as asserted in the Objection, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Reorganized Debtor requests that any order entered by this Court with respect to an objection asserted herein be deemed a separate order with respect to each such Disputed Claim.

## RESERVATION OF RIGHTS

36. The Reorganized Debtor expressly reserves the right to amend, modify, or supplement the Objection and to file additional objections to any proofs of claim or any other claims (filed or not) which may be asserted against the Debtor including, without limitation, objections as to the liability, amount, or priority of any Claims listed on <u>Exhibits A, B, C and D</u>

13

to the Proposed Order. Should one or more of the grounds for the Objection be dismissed or overruled, the Debtor reserves the right to object to any Disputed Claim listed on <u>Exhibits A, B, C and D</u> to the Proposed Order on any other ground.

**STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1**

37. The undersigned representative of Pachulski Stang Ziehl & Jones LLP has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Reorganized Debtor believes such deviations are not material and respectfully requests that any such requirement be waived.

**FURTHER INFORMATION**

38. Questions about or requests for additional information about the Objection should be directed to the Reorganized Debtor's counsel in writing at the following address: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801 (Attn: James E. O'Neill). Questions regarding the amount of a Claim or the filing of a Claim should be directed to GCG toll free at (888) 985-9831 or at the Reorganized Debtor's restructuring website http://www.exiderestructuringinfo.com. <u>Claimants should not contact the Clerk of this Court to discuss the merits of their proofs of claim or the Objection</u>.

**NOTICE**

39. The Reorganized Debtor has provided notice of the Objection to (i) the Office of the U.S. Trustee; (ii) counsel to the agent under the debtor in possession financing; (iii) counsel to the agent for the Debtor's prepetition secured lenders; (iv) the indenture trustee for each of the Debtor's secured and unsecured outstanding bond issuances; (v) counsel to the unofficial committee of senior secured noteholders; (vi) the GUC Trust Trustee, Peter S. Kravitz of Province, Inc., 9209 Canwood Street, Suite 210, Agoura Hills, CA 91301; (vii) counsel to the

GUC Trust, Dana P. Kane of Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178; (viii) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (ix) each of the Claimants identified on <u>Exhibits A, B, C and D</u> to the Proposed Order.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter the Proposed Order attached hereto: (a) granting the relief requested herein; and (b) granting to the Reorganized Debtor such other and further relief as this Court may deem just and proper

Dated: Wilmington, Delaware
December 9, 2016

SHAW FISHMAN GLANTZ & TOWBIN LLC
Robert M. Fishman
Allen J. Guon
John Guzzardo
321 N. Clark Street, Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
Email: rfishman@shawfishman.com
aguon@shawfishman.com
jguzzardo@shawfishman.com

*Counsel for the Reorganized Debtor*

-and-

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com

*Special Conflicts Counsel for the Reorganized Debtor*