IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
     :

In re:                  :   Chapter 11
     :

EXIDE TECHNOLOGIES,    :   Case No. 13-11482 (KJC)
     :

         Reorganized Debtor.[1]  :   **Hearing Date: February 22, 2018 at 11:00 a.m. (ET)**
     .   **Objections Due: January 31, 2018 at 4:00 p.m. (ET)**
     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTOR'S (SUBSTANTIVE) THIRTIETH OMNIBUS OBJECTION
PURSUANT TO BANKRUPTCY CODE SECTION 502(b), BANKRUPTCY RULE 3007,
AND LOCAL RULE 3007-1 TO CERTAIN (A) NO LIABILITY CLAIMS,
(B) MISCLASSIFIED CLAIM, (C) CONTINGENT CONTRIBUTION CLAIM, AND
(D) DUPLICATE CLAIM
("THIRTIETH OMNIBUS CLAIMS OBJECTION")**

The reorganized debtor in the above-captioned case ("Exide" or the "Reorganized

Debtor"), hereby files this omnibus objection (the "Objection") to certain claims (the "Disputed

Claims") filed against the former debtor and debtor in possession in the above-captioned case

(the "Debtor"), and listed on Exhibits A, B, C and D to the proposed form of order (the

"Proposed Order"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), and respectfully

requests entry of an order in substantially the form of the Proposed Order filed concurrently

herewith: (i) disallowing and expunging the proofs of claim listed on Exhibit A to the Proposed

Order; (ii) adjusting the priority of the proof of claim listed on Exhibit B to the Proposed Order;

(iii) disallowing and expunging the proof of claim listed on Exhibit C to the Proposed Order; and

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

(iv) disallowing and expunging the proof of claim listed on Exhibit D to the Proposed Order. In support of the Objection, the Reorganized Debtor relies on the Declaration of Holden Bixler in Support of the Reorganized Debtor's (Substantive) Thirtieth Omnibus Objection Pursuant To Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, And Local Rule 3007-1 To Certain (A) No Liability Claims, (B) Misclassified Claim, (C) Contingent Contribution Claim, and (D) Duplicate Claim attached hereto as Exhibit 1. In further support of the Objection, the Reorganized Debtor respectfully represents:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3.      Pursuant to Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

### A.      The Chapter 11 Case

4.      On June 10, 2013 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5.      The Debtor continued to operate its business and manage its property as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On June 18, 2013, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors'

2

Committee") in the Chapter 11 Case pursuant to Bankruptcy Code section 1102. No trustee has been appointed in the Chapter 11 Case.

7.      On August 9, 2013, the Debtor filed its schedules of assets and liabilities and statements of financial affairs (Docket No. 498) (the "Schedules").

8.      On February 4, 2015, this Court entered an Order (A) Approving the Adequacy of the Debtor's Disclosure Statement with Respect to the Plan of Reorganization of Exide Technologies; (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtor's Proposed Plan of Reorganization; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect Thereto (Docket No. 3092) (the "Solicitation Procedures Order"). The Solicitation Procedures Order, among other things, (a) approved the adequacy of the Second Amended Disclosure Statement With Respect to the Second Amended Plan of Reorganization of Exide Technologies (Docket No. 3095) (the "Disclosure Statement") and (b) authorized Exide to solicit acceptances or rejections of the Fourth Amended Plan of Reorganization of Exide Technologies (the "Plan").

9.      On March 27, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Findings of Fact, Conclusions of Law and Order Confirming Fourth Amended Plan of Reorganization of Exide Technologies (Docket No. 3423) (the "Confirmation Order"), which, among other things, confirmed the Plan.

10.     On April 30, 2015, the Debtor substantially consummated the Plan (the "Effective Date"). The Reorganized Debtor has emerged from chapter 11 as Exide Technologies. Pursuant to Article 15.8 of the Plan, the Creditors' Committee was dissolved on the Effective Date and Peter Kravitz of Province, Inc. was appointed as GUC Trust Trustee (as defined in the Plan). Pursuant to the Plan, the Reorganized Debtor may object to any Claims filed in the Chapter 11

Case.  In addition, under the Plan, the GUC Trust Trustee also has authority to object to certain

Claims filed in the Chapter 11 Case.

**B.      Bar Dates and Proofs of Claim**

11.      On June 11, 2013, this Court entered an order appointing GCG, Inc. (n/k/a Garden

City Group, LLC) ("GCG") as the claims and noticing agent pursuant to the Order Authorizing

Employment And Retention Of GCG, Inc. As Claims And Noticing Agent, Pursuant To

28 U.S.C. § 156(c), 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2002 And Del. Bankr. L.R. 2002-

1(F) *Nunc Pro Tunc* To The Petition Date (Docket No. 76).  GCG is authorized to maintain (i) all

proofs of claim filed against the Debtor and (ii) an official claims register by docketing all proofs

of claim in a claims database containing, inter alia, information regarding the name and address

of each claimant, the date the proof of claim was received by GCG, the claim number assigned to

the proof of claim, and the asserted amount and classification of the claim.

12.      On September 13, 2013, this Court entered the Order (I) Establishing Deadlines

For (A) Submitting Proofs Of Claim And (B) Requests For Payment Under Bankruptcy Code

Section 503(b)(9), (II) Approving The Form And Manner For Submitting Such Proofs Of Claim

And Requests For Payment, And (III) Approving Notice Thereof (Docket No. 696) (the "Bar

Date Order").  Pursuant to the Bar Date Order, all persons or entities who wished to assert claims

against the Debtor's estate were required to file a proof of claim against the Debtor in the

Chapter 11 Case by no later than October 31, 2013 at 5:00 p.m. (Eastern) (the "General Bar

Date").  The General Bar Date applied to any person, other than governmental units, holding a

claim (other than a personal injury claim related to the Debtor's Vernon facility) against the

Debtor allegedly owing as of the Petition Date, including claims under Bankruptcy Code section

503(b)(9), or any person with an alleged claim or expense claimed to have allegedly arisen prior

to the Petition Date.  Any governmental unit seeking to file a claim against the Debtor was

4

required to do so by no later than December 9, 2013 at 5:00 p.m. (Eastern) (the "Government Bar Date"). Any person seeking to file a personal injury claim related to the Debtor's Vernon facility was required to do so no later than January 31, 2014 at 5:00 p.m. (Eastern) (the "Personal Injury Bar Date," and together with the General Bar Date and Governmental Bar Date, the "Bar Dates").[2]

13.  To date, approximately 4,100 proofs of claim (the "Claims," and the persons or entities filing such Claims, the "Claimants") have been filed in the Chapter 11 Case in the total amount of approximately $10.785 billion. Since the Petition Date, the Debtor and/or Reorganized Debtor have filed twenty-nine omnibus claims objections to Claims. After hearing these omnibus claims objections, this Court disallowed and expunged approximately 1,480 Claims asserting more than $4.9 billion in liquidated liabilities (plus unliquidated amounts).

14.  The Reorganized Debtor and its advisors are comprehensively reviewing and reconciling all Claims. Moreover, in the ordinary course of business, the Reorganized Debtor maintains books and records (the "Books and Records") that reflect, among other things, the Debtor's or the Reorganized Debtor's, as applicable, liabilities and the amounts thereof owed to its creditors. The Reorganized Debtor is also comparing the Claims asserted in the Proofs of Claims to the Books and Records to determine the validity of the asserted claims.

15.  This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance and expungement, reduction and allowance, reassignment, or reclassification. To reduce the number of Claims, and to avoid possible double recovery, or

---

[2] See Supplemental Order (I) Extending The Claims Bar Date Solely With Respect To Personal Injury Claims Relating To The Debtor's Vernon California Facility, (II) Approving The Form And Manner For Submitting Such Proofs Of Claim, And (III) Approving Notice Thereof, entered October 24, 2013 (Docket No. 956).

DOCS_DE:217426.1 25016/001

otherwise improper recovery by Claimants, the Reorganized Debtor anticipates filing multiple omnibus objections.

## RELIEF REQUESTED

16. By the Objection, the Reorganized Debtor respectfully seeks entry of an order pursuant to Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 (i) disallowing and expunging the proofs of claim listed on Exhibit A to the Proposed Order; (ii) adjusting the priority of the proof of claim listed on Exhibit B to the Proposed Order; (iii) disallowing and expunging the proof of claim listed on Exhibit C to the Proposed Order; and (iv) disallowing and expunging the proof of claim listed on Exhibit D to the Proposed Order.

## OBJECTIONS TO CLAIMS

**A.      No Liability Claims**

17. The Disputed Claims identified on Exhibit A to the Proposed Order (the "No Liability Claims") are Claims that are not reflected in the Books and Records. The Reorganized Debtor has reviewed the Books and Records and determined that the Debtor and the Reorganized Debtor are not liable for the No Liability Claims for the reasons set forth in the column titled "Reason for Disallowance" on Exhibit A to the Proposed Order. Moreover, the No Liability Claims fail to allege any damages or facts necessary to support a compensable claim and, thus, Claimant has no present right to payment under applicable law.

18. The Reorganized Debtor denies all liability with respect to the No Liability Claims and reserves its right to assert defenses to any additional support that may be provided by the claimant in connection with the claim. Accordingly, the Reorganized Debtor requests that each of the No Liability Claims be disallowed and expunged in its entirety.

6

**B.**     **Misclassified Claim**

19.     The Disputed Claim identified on Exhibit B to the Proposed Order (the "Misclassified Claim") is a Claim that appears to assert a secured claim, but which should be reclassified as an unsecured claim, as set forth on Exhibit B in the column titled "Modified Classification" because the Claimant has failed to provide evidence, and the Reorganized Debtor is not aware of any facts, to support the secured claim status as asserted. Failure to reclassify the Misclassified Claim could result in the Claimant receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. Accordingly, the Reorganized Debtor requests entry of an order reclassifying the Misclassified Claim as set forth on Exhibit B as indicated in the column titled "Modified Classification" on Exhibit B to the Proposed Order.

**C.**     **Contingent Contribution Claim**

20.     The Disputed Claim identified on Exhibit C to the Proposed Order (the "Contingent Contribution Claim") seeks reimbursement and/or contribution from the Debtor on a contingent liability for which the Claimant is liable.

21.     Bankruptcy Code section 502(e)(1)(B) provides:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that –
>
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution . . . .

11 U.S.C. § 502(e)(1)(B).

Courts have recognized two purposes behind Section 502(e)(1)(B): (a) to prevent "redundant recoveries on identical claims," *In re Hemingway Transp.*, 993 F.2d 915, 924 (1st Cir. 1993); see also *In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990); and (b) to promote the timely administration and distribution of the debtor's estate, *Sorenson v. Drexel Burnham*

7

*Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 146 B.R. 92, 97 (S.D.N.Y. 1992); *see also In re GCO Servs. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (Section 502(e)(1)(B) designed to "prevent contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution in a liquidating case").

22.    The Contingent Contribution Claim satisfies all the elements of Bankruptcy Code section 502(e)(1)(B), and therefore, the Court is required to disallow such a Claim. *See* 11 U.S.C. § 502(e)(1) ("[t]he court shall disallow . . . to the extent that . . ."). In deciding whether a claim falls within Section 502(e)(1)(B), the party seeking disallowance must demonstrate that (1) the claim must be contingent at the time of its allowance or disallowance; (2) the claim is for "reimbursement or contribution"; and (3) the person or entity asserting the claim – often called the "codebtor" – must be "liable with the debtor". *See e.g. In re Touch America Holdings, Inc.*, 381 B.R. 95, 108 (Bankr. D. Del. 2008); *In re APCO Liquidating Trust*, 370 B.R. 625, 631 (Bankr. D. Del. 2007). "Courts have consistently held that the concept of reimbursement includes indemnity." *In re RNI Wind Down Corp.*, 369 B.R. 174, 181-82 (Bankr. D. Del. 2007). The Contingent Contribution Claim listed on Exhibit C satisfies the aforementioned elements.

23.    Moreover, the Reorganized Debtor has reviewed the Books and Records and has no information reflecting a finding or admission of liability by Claimant. The Reorganized Debtor has reviewed the Books and Records and determined that it is not liable for the Contingent Contribution Claim for the reasons set forth above and in the column titled "Reason for Disallowance" on Exhibit C to the Proposed Order. Accordingly, the Reorganized Debtor requests that the Contingent Contribution Claim be disallowed and expunged in its entirety.

## D.    Duplicate Claim

24.    With respect to the Disputed Claim identified on <u>Exhibit D</u> to the Proposed Order (the "<u>Duplicate Claim</u>"), it appears that the Claimant erroneously filed the same proof of Claim in the same amount against the Debtor more than once for a single alleged liability. The Duplicate Claim is identical to the Claim listed under the column heading "Remaining Claim Number" on <u>Exhibit D</u>, which was allowed as filed pursuant to a Settlement Agreement entered into by and between Peter Kravitz, in his capacity as GUC Trust Trustee of the Exide Creditors' Liquidating Trust and the Claimant. The Debtor should not be required to satisfy the same obligation twice. Moreover, the elimination of duplicative Claims will enable GCG to maintain a claims register that more accurately reflects the claims asserted against the Debtor.

25.    Therefore, the Reorganized Debtor hereby objects to the allowance of the Duplicate Claim included on <u>Exhibit D</u> to the Proposed Order and requests that the Duplicate Claim listed under the column heading "Duplicate Claim to be Disallowed" be disallowed. If the Reorganized Debtor's objection to the Duplicate Claim is sustained, the Claim listed under the column heading "Remaining Claim Number" will remain on the claims register, subject to the Reorganized Debtor's right to object on any grounds that bankruptcy or non-bankruptcy law permits. Therefore, the Claimant holding a Duplicate Claim will suffer no prejudice by having the applicable Duplicate Claim disallowed.

## APPLICABLE AUTHORITY

26.    Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement

or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

27. The Reorganized Debtor believes the Disputed Claims noted above are unenforceable against the Debtor for the reasons set forth above. Therefore, pursuant to Bankruptcy Code sections 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1, the Reorganized Debtor respectfully requests that this Court enter an order disallowing each No Liability Claims, Misclassified Claim, Contingent Contribution Claim, and Duplicate Claim, as set forth on Exhibits A, B, C and D to the Proposed Order, respectively.

## RESPONSES TO THE OBJECTION

28. Filing and Service of Responses: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court and the parties in the following paragraph **no later than 4:00 p.m. (Eastern) on January 31, 2018** (the "Response Deadline"). Claimants should locate their names and Claims in the Objection, and carefully review the Proposed Order and the exhibits attached thereto. A Response must address each ground upon which the Reorganized Debtor objects to a particular Claim. A hearing (the "Hearing") to consider the Reorganized Debtor's Objection shall be held on **February 22, 2018 at 11:00 a.m. (Eastern)**, before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

29. Every Response must be filed on or before **January 31, 2018 at 4:00 p.m. (Eastern)** with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served upon the following entities at the

10

following addresses: (i) the Office of the U.S. Trustee, 844 North King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq., (ii) the Reorganized Debtor, Exide Technologies, 13000 Deerfield Parkway, Suite 100, Milton, Georgia 30004, Attn: Keith Scott, (iii) special conflicts counsel to the Reorganized Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: James E. O'Neill, (iv) counsel to the Reorganized Debtor, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60654, Attn: Allen Guon and Christina M. Sanfelippo, (v) the GUC Trust Trustee, Peter S. Kravitz, Province Inc., 9209 Canwood Street, Suite 210, Agoura Hills, CA 91301, and (vi) counsel to the GUC Trust, Dana P. Kane of Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, so as to be received **no later than the Response Deadline, January 31, 2018 at 4:00 p.m. (Eastern).**

30.    <u>Content of Responses</u>: Every Response to the Objection must contain, at a minimum, the following:

(a)    a caption setting forth the name of this Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

(b)    a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection at the Hearing;

(c)    all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the Claimant will rely in opposing the Objection at the Hearing;

(d)    the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

11

(e)     the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Reorganized Debtor should serve any reply to the Response, if different than the address(es) presented in the Claim.

31.    <u>Timely Response Required; Hearing</u>:  If a Response is properly and timely-filed and served in accordance with the above procedures, the Reorganized Debtor will endeavor to reach a consensual resolution with the applicable Claimant.  If no consensual resolution is reached, this Court will conduct a hearing with respect to the Objection and the Response on **February 22, 2018 at 11:00 a.m. (Eastern)**, or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely-filed and received will be considered by this Court at any such hearing.

32.    <u>Replies to Responses</u>:  Consistent with Local Rules 3007-1(h)(ii) and 9006-1(d), the Debtor may, at its option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Eastern) one (1) day prior to the day the agenda for the hearing is due.

33.    <u>Adjournment of Hearing</u>:  The Reorganized Debtor reserves the right to adjourn the Hearing on any Claim included in the Objection.  In the event that the Reorganized Debtor adjourns the Hearing, it will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the Claimant in each Response.

34.    If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtor will present to this Court an appropriate order **<u>without further notice to the Claimant.</u>**

35.    <u>Separate Contested Matter</u>:  Each of the Disputed Claims and the Reorganized Debtor's objections thereto, as asserted in the Objection, constitutes a separate contested matter

as contemplated by Bankruptcy Rule 9014. The Reorganized Debtor requests that any order entered by this Court with respect to an objection asserted herein be deemed a separate order with respect to each such Disputed Claim.

## RESERVATION OF RIGHTS

36. The Reorganized Debtor expressly reserves the right to amend, modify, or supplement the Objection and to file additional objections to any proofs of claim or any other claims (filed or not) which may be asserted against the Debtor including, without limitation, objections as to the liability, amount, or priority of any Claims listed on Exhibits A, B, C and D to the Proposed Order. Should one or more of the grounds for the Objection be dismissed or overruled, the Debtor reserves the right to object to any Disputed Claim listed on Exhibits A, B, C and D to the Proposed Order on any other ground.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

37. The undersigned representative of Pachulski Stang Ziehl & Jones LLP has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Reorganized Debtor believes such deviations are not material and respectfully requests that any such requirement be waived.

## FURTHER INFORMATION

38. Questions about or requests for additional information about the Objection should be directed to the Reorganized Debtor's counsel in writing at the following address: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801 (Attn: James E. O'Neill). Questions regarding the amount of a Claim or the filing of a Claim should be directed to GCG toll free at (888) 985-9831 or at the Reorganized Debtor's restructuring website

http://www.exiderestructuringinfo.com. Claimants should not contact the Clerk of this Court to discuss the merits of their proofs of claim or the Objection.

**NOTICE**

39.    The Reorganized Debtor has provided notice of the Objection to (i) the Office of the U.S. Trustee; (ii) counsel to the agent under the debtor in possession financing; (iii) counsel to the agent for the Debtor's prepetition secured lenders; (iv) the indenture trustee for each of the Debtor's secured and unsecured outstanding bond issuances; (v) counsel to the unofficial committee of senior secured noteholders; (vi) the GUC Trust Trustee, Peter S. Kravitz, Province Inc., 9209 Canwood Street, Suite 210, Agoura Hills, CA 91301; (vii) counsel to the GUC Trust, Dana P. Kane of Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178; (viii) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (ix) each of the Claimants identified on Exhibits A, B, C and D to the Proposed Order.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter the Proposed Order attached hereto: (a) granting the relief requested herein; and (b) granting to the Reorganized Debtor such other and further relief as this Court may deem just and proper.

*[Remainder of page intentionally left blank.]*

14

Dated: January 17, 2018

SHAW FISHMAN GLANTZ & TOWBIN LLC
Robert M. Fishman
Allen J. Guon
Christina M. Sanfelippo
321 N. Clark Street, Suite 800
Chicago, IL  60654
Telephone:  (312) 541-0151
Facsimile:  (312) 980-3888
Email:      rfishman@shawfishman.com
            aguon@shawfishman.com
            csanfelippo@shawfishman.com

*Counsel for the Reorganized Debtor*

-and-

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      ljones@pszjlaw.com
            joneill@pszjlaw.com

*Special Conflicts Counsel for the Reorganized Debtor*

15