IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXIDE TECHNOLOGIES,[1]<br><br>　　　　　Reorganized Debtor. | Chapter 11<br><br>Case No. 13-11482 (KJC)<br><br>Related Docket Nos. 4733, 4743 |

Response Deadline: April 18, 2018 at 4:00 p.m. (ET)
Hearing Date: May 15, 2018 at 1:00 p.m. (ET)

## <u>RE-NOTICE</u> OF HEARING ON REORGANIZED DEBTOR'S (SUBSTANTIVE) TWENTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(B), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN (A) MISCLASSIFIED CLAIMS, (B) NO LIABILITY CLAIMS, (C) REDUCE AND ALLOW CLAIMS, AND (D) CONTINGENT CONTRIBUTION CLAIMS WITH RESPECT TO CLAIM NO. 1896 FILED BY LEOPOLDO CALDERON, CLAIM NO. 4028 FILED BY YALE INDUSTRIAL PRODUCTS INC., CLAIM NO. 4029 FILED BY COLUMBUS MCKINNON CORPORATION, <u>AND CLAIM NO. 4030 FILED BY COLUMBUS MCKINNON LIMITED</u>

To: (i) the Office of the U.S. Trustee; (ii) counsel to the agent under the debtor in possession financing; (iii) counsel to the agent for the Debtor's prepetition secured lenders; (iv) the indenture trustee for each of the Debtor's secured and unsecured outstanding bond issuances; (v) counsel to the unofficial committee of senior secured noteholders; (vi) the GUC Trust Trustee, Peter S. Kravitz of Province, Inc., 9209 Canwood Street, Suite 210, Agoura Hills, CA 91301; (vii) counsel to the GUC Trust, Dana P. Kane of Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178; (viii) all parties entitled to notice pursuant to Bankruptcy Rule 2002; (ix) Leopoldo Calderon; (x) Yale Industrial Products Inc.; (xi) Columbus McKinnon Corporation; and (xii) Columbus McKinnon Limited.

**PLEASE TAKE NOTICE** that on December 9, 2016, Exide Technologies, the reorganized debtor in the above-captioned bankruptcy case (the "<u>Reorganized Debtor</u>"), filed the *Reorganized Debtor's (Substantive) Twenty-Seventh Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain (A) Misclassified Claims, (B) No Liability Claims, (C) Reduce and Allow Claims, and (D) Contingent Contribution*

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

*Claims* [Docket No. 4733] (the "Twenty-Seventh Omnibus Claims Objection"),[2] with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A copy of the Twenty-Seventh Omnibus Objection was previously served upon you.

**PLEASE TAKE FURTHER NOTICE** that on January 5, 2017, the Bankruptcy Court entered the *Order Sustaining Reorganized Debtor's (Substantive) Twenty-Seventh Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain (A) Misclassified Claims, (B) No Liability Claims, (C) Reduce and Allow Claims, and (D) Contingent Contribution Claims* [Docket No. 4743] (the "Order"). The Order extended, *inter alia*, the deadline to respond to the Twenty-Seventh Omnibus Objection for Leopoldo Calderon ("Calderon"), Yale Industrial Products Inc. ("Yale"), Columbus McKinnon Corporation, and Columbus McKinnon Limited (Columbus McKinnon Limited and, together with Columbus McKinnon Corporation, "Columbus McKinnon"), and continued the hearing with respect to their claims to a date and time to be determined.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the relief sought in the Twenty-Seventh Omnibus Objection with respect to the Calderon, Yale, and Columbus McKinnon claims will be held on **May 15, 2018 at 1:00 p.m. prevailing Eastern Time** before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801 (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Twenty-Seventh Omnibus Objection or the relief requested therein must be made in writing, filed with

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Twenty-Seventh Omnibus Claims Objection.

2

the Bankruptcy Court, and served so as to be received by the following parties no later than **April 18, 2018 at 4:00 p.m. prevailing Eastern Time**: (i) the Office of the U.S. Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, (ii) the Reorganized Debtor, Exide Technologies, 13000 Deerfield Parkway, Suite 100, Milton, Georgia 30004, Attn: Keith Scott, (iii) special conflicts counsel to the Reorganized Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Wilmington, Delaware 19801, Attn: James E. O'Neill, (iv) counsel to the Reorganized Debtor, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60654, Attn: Allen J. Guon, (v) the GUC Trust Trustee, Peter S. Kravitz, Province Inc., 9209 Canwood Street, Suite 210, Agoura Hills, California 91301, and (vi) counsel to the GUC Trust, Dana P. Kane of Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178. Only responses made in writing and timely filed and received will be considered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that responses to the Twenty-Seventh Omnibus Objection MUST, <u>at a minimum</u>, contain the following:

 (a) a caption setting forth the name of this Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

 (b) a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection at the Hearing;

 (c) all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the Claimant will rely in opposing the Objection at the Hearing;

 (d) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative

DOCS_DE:218449.1 25016/001

thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

(e) the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Reorganized Debtor should serve any reply to the Response, if different than the address(es) presented in the Claim.

**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES TO THE TWENTY-SEVENTH OMNIBUS OBJECTION ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THE RELIEF REQUESTED IN THE TWENTY-SEVENTH OMNIBUS OBJECTION MAY BE GRANTED WITHOUT FURTHER NOTICE OR HEARING.**

*[Remainder of Page Left Intentionally Blank]*

Dated: April 4, 2018

SHAW FISHMAN GLANTZ & TOWBIN LLC
Robert M. Fishman
Allen J. Guon
John Guzzardo
321 N. Clark Street, Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
Email: rfishman@shawfishman.com
aguon@shawfishman.com
jguzzardo@shawfishman.com

*Counsel for the Reorganized Debtor*

-and-

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com

*Special Conflicts Counsel for the Reorganized Debtor*