IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
In re:                             :  Chapter 11
                                   :
EXIDE TECHNOLOGIES,                :  Case No. 13-11482 (KJC)
                                   :
          Reorganized Debtor.[1]   :  **Related Docket No. 4733, 4743, 5020**
                                   :
---------------------------------- x

## SECOND ORDER SUSTAINING REORGANIZED DEBTOR'S (SUBSTANTIVE) TWENTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(b), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1 TO CERTAIN (A) MISCLASSIFIED CLAIMS, (B) NO LIABILITY CLAIMS, (C) REDUCE AND ALLOW CLAIMS AND (D) CONTINGENT CONTRIBUTION CLAIMS

Upon the Reorganized Debtor's (Substantive) Twenty-Seventh Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 To Certain (A) Misclassified Claims, (B) No Liability Claims, (C) Reduce and Allow Claims and (D) Contingent Contribution Claims (the "Objection"),[2] and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and this Court having considered the Objection and Claim No. 1896 filed by Leopoldo Calderon, Claim No. 4028 filed by Yale Industrial Products Inc., Claim No. 4029 filed Columbus McKinnon Corporation, and Claim No. 4030 filed by Columbus McKinnon Limited each listed on Exhibit B to the Objection, no claimant having filed a response thereto after re-noticing the Objection for hearing on April 4, 2018 [Dkt. No. 5013]; and upon the Declaration of Holden Bixler in Support of the Reorganized Debtor's (Substantive) Twenty-

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Objection.

Seventh Omnibus Objection Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 To Certain (A) Reduce and Allow Claims, (B) No Liability Claims, (C) Reduce and Allow Claims and (D) Contingent Contribution Claims; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The relief requested in the Objection is GRANTED, as set forth herein.

2. Claim No. 1896 filed by Leopoldo Calderon is hereby disallowed and expunged in its entirety.

3. Claim No. 4028 filed by Yale Industrial Products Inc. is hereby disallowed and expunged in its entirety.

4. Claim No. 4029 filed Columbus McKinnon Corporation is hereby disallowed and expunged in its entirety.

5. Claim No. 4030 filed by Columbus McKinnon Limited is hereby disallowed and expunged in its entirety.

6. The Reorganized Debtor's objection to each Claim addressed in this Order constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the Claimants subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7. The Reorganized Debtor shall retain and shall have the right to object in the future to any of the proofs of claim on any additional grounds, and to seek to amend, modify, and/or

supplement this Order as may be necessary. In addition, the Reorganized Debtor's rights are reserved to file future objections to Claims asserted in proofs of claim that have been or may subsequently be filed in the Chapter 11 Case, or Claims that may be listed on the Schedules, on the grounds set forth herein or any other appropriate grounds that bankruptcy and non-bankruptcy law permits.

8. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against the Debtor or Reorganized Debtor, including, but not limited to the Disputed Claims.

9. This Court shall retain jurisdiction over the Debtor, the Reorganized Debtor, and the Claimants whose Disputed Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

10. The Reorganized Debtor is authorized and empowered, to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. The Reorganized Debtor's Claims and Noticing Agent, Garden City Group, LLC, is hereby directed to serve this Order, including any relevant exhibits, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

Dated: May 8, 2018
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE