IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
:
In re:                             : Chapter 11
:
EXIDE TECHNOLOGIES,                : Case No. 13-11482 (KJC)
:
Reorganized Debtor.[1]             :
:
---------------------------------- x  Related Docket Nos. 2260, 2328, 3553, 3572, 3573, 3632,
                                      3639, 3641, 3735, 4253

**REORGANIZED DEBTOR'S OMNIBUS REPLY IN SUPPORT OF THE
REORGANIZED DEBTOR'S OBJECTIONS TO CERTAIN INSUFFICIENT
DOCUMENTATION AND NO LIABILITY EMPLOYEE OR RETIREE CLAIMS**

The reorganized debtor in the above-captioned case ("Exide" or the "Reorganized Debtor"), files this reply in support of the Reorganized Debtor's Objections to Certain Insufficient Documentation and No Liability Employee or Retiree Claims (the "Disputed Claims"), and states as follows:

## INTRODUCTION

1. The Reorganized Debtor filed several omnibus objections (the "Objections") seeking to disallow Disputed Claims[2] filed by former employees that either contained insufficient documentation to ascertain the validity of their Claims or appeared to be protective Claims filed in the event that the Debtor terminated the Exide Technologies Retirement Plan (the "Pension Plan"). In turn, the Reorganized Debtor received responses from six Claimants: (i) James Cannon, Jr. (Claim No. 1993) (the "Cannon Claim") [Docket No. 2328]; (ii) Roger Coddington (Claim No. 1656) (the "Coddington Claim") [Docket No. 3632]; (iii) Willard

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Reorganized Debtors' Eighteenth Omnibus Objection [Docket No. 3735].

Connor (Claim No. 1052) (the "Connor Claim") [Docket No. 3641]; (iv) Francis Horn (Claim No. 1744) (the "Horn Claim") [Docket No. 4253]; (v) Willie Jones, Jr. (Claim No. 911) (the "Jones Claim") [Docket No. 3639]; and (vi) Melvin Pearson (Claim No. 2182) [Informal Response] (the "Pearson Claim").[3] After carefully analyzing the responses, the Reorganized Debtor has confirmed that each Claimant seeks to preserve their respective retiree benefits under the Pension Plan. As discussed below, each Disputed Claim was resolved by the Confirmation Order and Plan and is not enforceable against the Debtor or property of the Debtor. Accordingly, the Disputed Claims should be disallowed pursuant to section 502(b)(1) of the Bankruptcy Code.

## ARGUMENT

2. All of the Disputed Claims have been fully resolved by the terms of paragraph BB of the Confirmation Order and Article 16.6(c) of the Plan. Under both of these provisions, neither the Chapter 11 Case nor the Plan affected the Pension Plan or the retiree benefits due thereunder. Specifically, Paragraph BB of the Confirmation order provides:

> Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Section 6.16(c) of the Plan provides that, after the Effective Date, subject to the Reorganized Debtor's rights, if any, under applicable non-bankruptcy law, unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor shall continue to pay all retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of the Bankruptcy Code, at any time prior to Confirmation, for the duration of the period the Debtor has obligated itself to provide such benefits, thereby satisfying section 1129(a)(13) of the Bankruptcy Code.

---

[3] The Debtor or Reorganized Debtor objected to the Disputed Claims in the following Objections: (i) Cannon Claim – Debtor's (Non-Substantive) Eleventh Omnibus Objection [Docket No. 2260]; (ii) Coddington Claim and Connor Claim – Reorganized Debtor's (Substantive) Sixteenth Omnibus Objection [Docket No. 3572]; (iii) Horn Claim and Pearson Claim – Reorganized Debtor's (Non-Substantive) Fifteenth Omnibus Objection [Docket No. 3553]; and (iv) Jones Claim – Reorganized Debtor's (Substantive) Seventeenth Omnibus Objection [Docket No. 3573]. The Reorganized Debtor also objected to the Pearson Claim in the Reorganized Debtor's (Substantive) Eighteenth Omnibus Objection [Docket No. 3735]. In the interests of judicial economy, the Reorganized Debtor filed one reply rather than multiple replies containing substantially identical arguments.

Confirmation Order ¶ BB.

3. In addition, Article 6.16(c) of the Plan provides in relevant part:

> As of the Effective Date, the Reorganized Debtor shall continue the Pension Plan in accordance with, and subject to, their terms, ERISA, and the Internal Revenue Code, and shall preserve all of their rights thereunder…
>
> \*\*\*
>
> After the Effective Date, subject to the Reorganized Debtor's rights, if any, under applicable non-bankruptcy law, unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor shall continue to pay all retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of the Bankruptcy Code, at any time prior to Confirmation, for the duration of the period the Debtor has obligated itself to provide such benefits

Plan, Art. 6.16(c).

4. Under the plain language of the Confirmation Order and the Plan, all retiree benefits under the Pension Plan are treated in accordance with section 1129(a)(13) of the Bankruptcy Code. Exide has and will continue to comply with section 1129(a)(13) of the Bankruptcy Code. Thus, the underlying basis for each of the Disputed Claims is moot. Moreover, the disallowance of the Disputed Claims will not affect the rights of any Claimant, with respect to the Reorganized Debtor's compliance with section 1129(a)(3) at a later date.

5. Additionally, as previously explained in the Objections, any claim that a Claimant may have for retiree benefits under the Pension Plan is not enforceable against the Debtor or property of the Debtor under section 502(b)(1) of the Bankruptcy Code because the Pension Plan is a separate legal entity distinct from the Debtor's estate. *In re Springfield Furniture, Inc.*, 145 B. R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the [d]ebtor's bankruptcy estate."). Further, section 1132(d)(2) of ERISA

provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.").

6. Each Claimant asserts a claim for retiree benefits that is allegedly owed, or will be owed, by the Pension Plan. A summary of the Disputed Claims and the Reorganized Debtor's Objections, and the status of each Claimants' respective retiree benefits is attached hereto as Exhibit A. With respect to each of the Disputed Claims, the Pension Plan (i) has satisfied the Disputed Claim in full with a lump-sum payment, (ii) is currently making the monthly benefit payments in accordance with the terms of the Pension Plan, or (iii) has not made any retiree benefit payments because the Claimant has deferred payments until a later date. *See Declaration of Joseph Wickham in Support of Reorganized Debtor's Omnibus Reply in Support of the Reorganized Debtor's Objections Certain No Liability Employee or Retiree Claims*, a copy of which is attached hereto as Exhibit B.

7. One of the Claimants, Willie Jones, Jr. ("Jones"), asserts that he is entitled to receive unreduced retirement benefits in the amount of $666.06 per month. The Debtor, Reorganized Debtor and the Pension Plan have fully investigated Jones' Disputed Claim and determined that he was entitled to receive reduced monthly benefits in the amount of $411.73 based on his age and vested years of service for the Debtor as of the date of his retirement. Jones has received this monthly retiree benefit continuously since his retirement 2006. As discussed above, any claim that Jones may have for additional retiree benefits under the Pension Plan is not enforceable against the Debtor or property of the Debtor. *See Springfield Furniture*, 145 B. R. at 528; *see also* 29 U.S.C. § 1132(d)(2). Moreover, the disallowance of Jones' Disputed Claim

4

against the Debtor will not affect his right to pursue any remedies he may have under ERISA against the Pension Plan.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an order (a) granting the relief requested in the Objections disallowing and expunging the Disputed Claims; and (b) granting to the Reorganized Debtor such other and further relief as this Court may deem just and proper.

Dated:  September 17, 2018

FOX ROTHSCHILD LLP
Robert M. Fishman
Allen J. Guon
Christina M. Sanfelippo
321 N. Clark Street, Suite 800
Chicago, IL  60654
Telephone:  (312) 541-0151
Facsimile:  (312) 980-3888
Email:     rfishman@foxrothschild.com
           aguon@foxrothschild.com
           csanfelippo@foxrothschild.com

*Counsel for the Reorganized Debtor*

-and-

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     ljones@pszjlaw.com
           joneill@pszjlaw.com

*Special Conflicts Counsel for the Reorganized Debtor*

DOCS_DE:221096.1 25016/001