IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
: 
In re: : Chapter 11
:
EXIDE TECHNOLOGIES, : Case No. 13-11482 (KJC)
:
Reorganized Debtor.[1] :
: **Related Docket Nos. 3553, 3607, 3617, 3618, 3739, 4252**
---------------------------------- x

## REORGANIZED DEBTOR'S OMNIBUS REPLY IN SUPPORT OF THE REORGANIZED DEBTOR'S OBJECTIONS TO CERTAIN INSUFFICIENT DOCUMENTATION, NO LIABILITY, PREVIOUSLY DISCHARGED AND MISCLASSIFIED FORMER EMPLOYEE CLAIMS

The reorganized debtor in the above-captioned case ("Exide" or the "Reorganized Debtor"), files this reply in support of the Reorganized Debtor's objections to certain insufficient documentation, no liability, previously discharged and misclassified former employee claims (the "Disputed Claims"), and states as follows:

## INTRODUCTION

1. The Reorganized Debtor filed several omnibus objections (the "Objections") seeking to disallow Disputed Claims[2] filed by former employees that (i) contained insufficient documentation to ascertain the validity of their Disputed Claims, (ii) were No Liability Claims, (iii) were Previously Discharged Claims, or (iv) were Misclassified Claims. In turn, the Reorganized Debtor received responses from five Claimants: (i) Rachel Clay (Claim No. 1774) (the "Clay Claim") [Informal Response]; (ii) Jerry Coleman (Claim No. 1026) (the "Coleman

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Reorganized Debtor's Fifteenth and Nineteenth Omnibus Objections [Docket No. 3553; 3739].

Claim") [Docket No. 3607]; (iii) Michael Prude (Claim No. 2394) (the "Prude Claim") [Docket No. 3618]; (iv) Reynaldo Rodriguez (Claim No. 1527) (the "Rodriguez Claim") [Docket No. 3617]; and (v) Don F. Smith, Jr. (Claim No. 1401) (the "Smith Claim") [Docket No. 4252].[3] After carefully analyzing the responses, the Reorganized Debtor has confirmed that each Claimant asserts a Disputed Claim for alleged unpaid wages or severance. As discussed below, the Disputed Claims should either be disallowed as a No Liability Claim, a Previously Discharged Claim or reclassified as a non-priority general unsecured claim.

2. Accordingly, the Disputed Claims should be disallowed or reclassified pursuant to section 502(b)(1) of the Bankruptcy Code.

**ARGUMENT**

3. Sections 507(a)(4) and (5) of the Bankruptcy Code provide that certain claims for prepetition wages, salaries, commissions, vacation, sick leave, and employee benefit related contributions be accorded priority in payment in an amount not to exceed $12,475[4] for each individual employee to the extent such amounts accrued within 180 days of the Petition Date. 11 U.S.C. §§ 507(a)(4) and (5). In order to receive priority treatment, such claims must be earned within "180 days of the date of the filing of the petition." *See, e.g., In re ADI Liquidation, Inc.*, 560 B.R. 105, 109 (Bankr. D. Del. 2016) (severance entitled to priority payment under § 507(a)(4) when earned within 180 days of the petition date); *In re Powermate*

---

[3] The Reorganized Debtor objected to the Disputed Claims in the following Objections: (i) Clay Claim and Smith Claim – Reorganized Debtor's (Substantive) Nineteenth Omnibus Objection [Docket No. 3739]; and (ii) Coleman Claim, Prude Claim, and Rodriguez Claim – Reorganized Debtor's (Non-Substantive) Fifteenth Omnibus Objection [Docket No. 3553]. In the interests of judicial economy, the Reorganized Debtor filed one reply rather than multiple replies containing substantially identical arguments.

[4] On April 1, 2013, the priority amounts under sections §§ 507(a)(4) and (5) of the Bankruptcy Code were increased from $11,750 to $12,475.

2

*Holding Corp.*, 394 B.R. 765, 772 (Bankr. D. Del. 2008) (priority status for wages and benefits under §§ 507(a)(4) and (5) must be "'earned'" within 180 days before the date of filing.").

4. In further support of this Reply, the Reorganized Debtor incorporates by reference the *Declaration of Barry Whipple in Support of Reorganized Debtor's Omnibus Reply in Support of the Reorganized Debtor's Objections to Certain Insufficient Documentation, No Liability, Previously Discharged and Misclassified Former Employee Claims* (the "Whipple Declaration"), attached hereto as Exhibit 1.

5. **The Clay Claim**. By interim order granted on June 11, 2013 [Docket No. 65], and Final Order granted on July 11, 2013 [Docket No. 319], this Court authorized the Debtor to pay, among other things, prepetition compensation, business expense reimbursement, benefits under medical and insurance benefit plans, and postpetition severance benefits for qualified employees (the "Wage Orders"). Specifically, the Wage Orders authorized Exide to pay prepetition severance obligations to former employees up to the amount of the $12,475 priority cap under section 507(a)(4) of the Bankruptcy Code. [Docket No. 319 at ¶5.]

6. On or about October 23, 2013, Rachel Clay ("Clay") filed the Clay Claim asserting an unsecured priority claim pursuant to section 507(a)(4) of the Bankruptcy Code for severance pay in the amount of $51,411.77. Based Exide's books and records, Clay's total severance claim was $86,065.20. Of that amount, Clay received (i) $662.04 and $7,172.13 on April 30, 2013, (ii) $7,172.13 on May 15, 2013, (iii) $7,172.13 on May 31, 2013, and (iv) $12,475.00 on July 18, 2013. *Whipple Declaration* ¶ 5. The payment made on July 18, 2013 reflects payment for the priority portion of Clay's severance claim pursuant to section 507(a)(4) of the Bankruptcy Code, which was authorized pursuant to the Wage Orders. *Id*.

3

7.      In her proof of claim, Clay acknowledges that she received the $12,745 payment made by Exide pursuant to the Wage Orders and asserts that the remaining balance of her severance claim, $51,411.77, remains outstanding as a priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. *See* Clay Claim ("As you know, I have been paid $34,653.43, including the one time court issued payment of $12,475 in July. I am still owed $51,411.77 per the plan below."). Pursuant to the foregoing, Exide satisfied Clay's priority claim under section 507(a)(4) of the Bankruptcy Code in full and the Clay Claim should be reclassified and allowed as a general unsecured non-priority claim in the amount of $51,411.77. *Whipple Declaration* ¶ 6.

8.      **The Coleman Claim**. On or about October 8, 2013, Jerry Coleman ("Coleman") filed the Coleman Claim asserting an unsecured priority claim pursuant to section 507(a)(4) of the Bankruptcy Code for employee wages and other compensation in the amount of $3,150. The Coleman Claim contains no documentation or other information establishing the basis for his asserted Claim. *See* Coleman Claim. In his response to the Objection, Coleman asserted that he worked for Exide for thirty years but did not receive any severance pay or other compensation. [*See* Docket No. 3607.] Coleman does not identify a basis for his entitlement to severance or identify when such claim accrued.

9.      Coleman's last date of employment at Exide was on or about March 31, 2009. *Whipple Declaration* ¶ 7-8. After a thorough review of Exide's records, Exide has determined that Coleman has been paid in full for all wages owed on account of his employment with Exide and there are no amounts due Coleman in connection with his former employment. *Id.* Further, neither the Coleman Claim nor his response contains any information upon which Coleman

could state a valid basis for a claim against the Debtor – much less a priority claim under section 507(a)(4) of the Bankruptcy Code – since he last worked for Exide in 2009.

10. Pursuant to the foregoing, the Coleman Claim should be disallowed.

11. **The Prude Claim**. On or about October 30, 2013, Michael Prude ("Prude") filed the Prude Claim asserting an unsecured priority claim pursuant to section 507(a)(4) of the Bankruptcy Code for employee wages and other compensation in the amount of $12,475. In his response to the Objection, Prude does not identify a valid basis for his claim and acknowledges that he was last employed by Gould National Battery ("GNB") in 1989. [*See* Docket No. 3618.]

12. After a thorough review of Exide's records, Exide has determined that it has no liability to Prude on account of his former employment at GNB. *Whipple Declaration* ¶ 10-11. Exide does not have GNB payroll records dating back to 1989 and Exide has not have any record of employing Prude after it purchased GNB in 2000. *Id*. ¶ 11. Moreover, neither the Prude Claim nor his response contains any information upon which Prude could state a valid basis for a claim against the Debtor – much less a priority claim under section 507(a)(4) of the Bankruptcy Code – since he last worked GNB almost 30 years ago.

13. Further, based on the information contained in the Prude Claim and his response, any purported Claim was also previously released and discharged in the 2002 Chapter 11 Case. See Nineteenth Omnibus Objection ¶ 19 and *Bixler Declaration* in support thereof;

14. Pursuant to the foregoing, the Prude Claim should be disallowed.

15. **The Rodriguez Claim**. On or about October 18, 2013, Reynaldo Rodriguez ("Rodriguez") filed the Rodriguez Claim asserting an unsecured priority claim pursuant to section 507(a)(4) of the Bankruptcy Code for employee wages and other compensation in the amount of $20,400. The Rodriguez Claim contains no documentation or other information

5

establishing the basis for his asserted Claim.  In his response to the Objection, Rodriguez claims that he signed a severance agreement with the Debtor, but that neither he nor Exide have been able to locate a copy of the purported agreement.  [*See* Docket No. 3617.]

16.     After a thorough review of Exide's records, Exide has determined that it has no liability to Rodriguez for severance payments related to his former employment with Exide.  *Whipple Declaration* ¶ 13.  Based on Exide's records, Rodriguez was employed by Exide until his employment terminated on or about December 2, 2004.  *Id.*  Since Rodriquez's employment terminated in 2004, the Rodriguez Claim cannot receive priority treatment under section 507(a)(4) of the Bankruptcy Code.  Moreover, Exide has no record of Rodriguez entering into a severance agreement with Rodriguez in connection with the termination of his employment in 2004.  *Id.*  Nor does Rodriguez provide any other information which could support an allowed general unsecured claim in the amount of $20,400.  *Whipple Declaration* ¶ 13.

17.     Pursuant to the foregoing, the Rodriguez Claim should be disallowed.

18.     **The Smith Claim**.  On or about October 15, 2013, Don F. Smith, Jr. ("Smith") filed the Smith Claim asserting an unsecured claim pursuant for "wages, salaries and compensation (income protection plan)" in the amount of $6,292.77.  In support of the Smith Claim, Smith attached a copy of the proof of claim he filed in the 2002 Chapter 11 Case for severance obligations incurred prior to the commencement of the 2002 bankruptcy petition.  In his response to the Objection, Smith included a copy of an income protection agreement dated as of November 15, 2001.  [*See* Docket No. 4252.]

19.     After a thorough review of Exide's records, Exide has determined that it has no liability to Smith on account of Smith's former employment with Exide.  *Whipple Declaration* ¶15.  Based on the information contained in the Smith Claim and his response, the Smith Claim

was previously satisfied, discharged and released in full by order of the Court in the 2002 Chapter 11 Case. See Nineteenth Omnibus Objection ¶ 19 and *Bixler Declaration* in support thereof; *Whipple Declaration* ¶15. Further, the Smith Claim cannot be entitled to priority treatment under section 507(a)(4) of the Bankruptcy Code since he last worked for Exide in 2001.

20. Pursuant to the foregoing, the Smith Claim should be disallowed.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an order (a) granting the relief requested in the Objections disallowing and expunging the Disputed Claims; and (b) granting to the Reorganized Debtor such other and further relief as this Court may deem just and proper.

Dated:  October 18, 2018

        FOX ROTHSCHILD LLP
        Robert M. Fishman
        Allen J. Guon
        Christina M. Sanfelippo
        321 N. Clark Street, Suite 800
        Chicago, IL  60654
        Telephone:  (312) 541-0151
        Facsimile:   (312) 980-3888
        Email:   rfishman@foxrothschild.com
                aguon@foxrothschild.com
                csanfelippo@foxrothschild.com

*Counsel for the Reorganized Debtor*

-and-

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:   ljones@pszjlaw.com
        joneill@pszjlaw.com

*Special Conflicts Counsel for the Reorganized Debtor*