# Exhibit 1

**(Whipple Declaration)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                :
In re:                                                          :   Chapter 11
                                                                :
EXIDE TECHNOLOGIES,                                             :   Case No. 13-11482 (KJC)
                                                                :
                Reorganized Debtor.¹                            :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**DECLARATION OF BARRY WHIPPLE IN SUPPORT OF REORGANIZED DEBTOR'S OMNIBUS REPLY IN SUPPORT OF THE REORGANIZED DEBTOR'S OBJECTIONS TO CERTAIN INSUFFICIENT DOCUMENTATION, NO LIABILITY, PREVIOUSLY DISCHARGED AND MISCLASSIFIED <u>FORMER EMPLOYEE CLAIMS</u>**

1. My name is Barry Whipple. I am over the age of 18 and competent to testify. I am the Senior Director of Finance in the Shared Services department at Exide Technologies ("<u>Exide</u>" or the "<u>Reorganized Debtor</u>"). I submit this declaration in support of the Reorganized Debtor's Omnibus Reply in Support of the Reorganized Debtor's Objections to Certain Insufficient Documentation, No Liability, Previously Discharged and Misclassified Employee Claims (the "<u>Reply</u>"). I have read and am familiar with the contents of the Reply.²

2. I have held my current position with Exide since April 1, 2006. As a result of my time with Exide, my review of relevant documents, and my discussions with other members of the Shared Services department at Exide, I am familiar with all aspects of Exide's payroll processing and recordkeeping. Except as otherwise noted, I have personal knowledge of the matters set forth herein and all facts set forth in this Declaration are based on my personal

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Reply.

knowledge, my discussions with other members of Exide's payroll department, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Exide and if called to testify as a witness in this matter, I could and would testify competently to the facts set forth herein.

3. Upon information and belief, Exide's books and records accurately reflect, among other things, its liabilities (including amounts thereof) to its creditors.

4. I have reviewed the Objections to each Disputed Claim and am familiar with the information contained therein and the exhibits annexed thereto.

**A.     Rachel Clay**

5. To the best of my information and belief, and after a thorough and reasonable review of Exide's books and records and the Clay Claim, I have determined that Clay's total severance claim was $86,065.20. Of that amount, Exide paid Clay (i) $662.04 and $7,172.13 on April 30, 2013, (ii) $7,172.13 on May 15, 2013, (iii) $7,172.13 on May 31, 2013, and (iv) $12,475.00 on July 18, 2013. The payment made on July 18, 2013 reflects payment for the priority portion of Clay's severance claim pursuant to section 507(a)(4) of the Bankruptcy Code, which was authorized pursuant to the Wage Orders. [Docket No. 319.]

6. Pursuant to the foregoing, the Clay Claim should be reclassified as a general unsecured nonpriority claim in the amount of $51,411.77.

**B.     Jerry Coleman**

7. To the best of my information and belief, and after a thorough and reasonable review of Exide's books and records and the Coleman Claim, I have determined that Coleman has been paid in full for all wages owed on account of his employment with Exide. In the Coleman Claim, Coleman asserts an unsecured priority claim for employee wages and severance

in the amount of $3,150. Neither the Coleman Claim nor his response to the Objection contain any documentation supporting his claim.

8. Coleman's employment with Exide terminated on or about March 31, 2009. Exide's books and records do not reflect any amounts due to Coleman on account of his former employment with Exide for either wages or severance. This is consistent with Exide's standard procedure of paying its former employees any outstanding wages promptly after termination of their employment at Exide.

9. Pursuant to the foregoing, the Coleman Claim should be disallowed in its entirety.

**C.**     **Michael Prude**

10. To the best of my information and belief, and after a thorough and reasonable review of Exide's books and records and the Prude Claim, I have determined that Exide has no liability to Prude on account of his former employment with Gould National Battery ("GNB"). In the Prude Claim, Prude asserts an unsecured priority claim for employee wages and other compensation in the amount of $12,475. Although the Prude Claim contains no documentation supporting his claim, Prude asserts in response to the Objection that he worked for GNB and quit in 1989.

11. Exide does not have GNB payroll records dating back to 1989 and Exide has not have any record of employing Prude after it purchased GNB in 2000. The Prude Claim also contains no documentation or other information establishing a factual basis for Prude's assertion that he is owed wages by Exide. Accordingly, Exide has no liability to Prude on account of his former employment at GNB.

12. Pursuant to the foregoing, the Prude Claim should be disallowed in its entirety.

**D.    Reynaldo Rodriguez**

13. To the best of my information and belief, and after a thorough and reasonable review of Exide's books and records and the Rodriguez Claim, I have determined that Exide has no liability to Rodriguez for severance payments related to his former employment with Exide. In the Rodriguez Claim, Rodriguez asserts an unsecured priority claim for unpaid severance in the amount of $20,400. Based on Exide's records, Rodriguez was employed by the Debtor until his employment terminated on or about December 2, 2004. Exide has no record of entering into a severance agreement with Rodriguez in connection with the termination of his employment in 2004.

14. Pursuant to the foregoing, the Rodriguez Claim should be disallowed in its entirety.

**E.    Don F. Smith, Jr.**

15. To the best of my information and belief, and after a thorough and reasonable review of Exide's books and records and the Smith Claim, I have determined that Exide has no liability to Smith on account of his former employment with Exide. In the Smith Claim, Smith asserts an unsecured claim pursuant for "wages, salaries and compensation (income protection plan)" in the amount of $6,292.77. In support of the Smith Claim, Smith attached a copy of the proof of claim he filed in the 2002 Chapter 11 Case for severance obligations incurred prior to the commencement of the 2002 bankruptcy petition. In his response to the Objection, Smith included a copy of an income protection agreement dated as of November 15, 2001 in support of the Smith Claim. To my knowledge, the Smith Claim was previously satisfied, discharged and released in full by order of the Court in the 2002 Chapter 11 Case.

16. Pursuant to the foregoing, the Smith Claim should be disallowed in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

Executed on October __1__, 2018

_____<br>Barry Whipple