## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **Exide Technologies,**[1] | : | |
| | : | Case No. 13-11482 (KJC) |
| Reorganized Debtor. | : | (Re: D.I. 3573) |
| | : | |
| ———————————————: | | . |

### MEMORANDUM[2]

### BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Before the Court is the Reorganized Debtor's Seventeenth Omnibus Objection to Certain No Liability Employee or Retiree Claims (the "Omnibus Objection."[3] Willie James Jones, Jr. ("Willie Jones") filed a Response to the Omnibus Objection (the "Jones Response").[4] For the reasons set forth herein, the Omnibus Objection to Willie Jones' claim will be sustained.

### BACKGROUND

On June 10, 2013, (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. On March 27, 2015 the Court entered Findings of Fact, Conclusions of Law and Order Confirming the Fourth Amended Plan of Reorganization of Exide Technologies (the "Plan").[5] On April 20, 2015, the Debtor substantially consummated the Plan (the "Effective Date"). The Reorganized Debtor has emerged from chapter 11 as Exide Technologies.

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The mailing address for the Reorganized Debtor is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.
[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. §157(b)(1) and (b)(2)(B).
[3] D.I. 3573. An order sustaining the objection to the other specified claims was entered on June 29, 2015, but adjourning the hearing with respect to the Jones claim (number 911). *See* D.I. 4341.
[4] *See* D.I. 3639.
[5] D.I. 3423.

On June 11, 2013, the Court entered an order appointing GCG, Inc. (n/k/a Garden City Group, LLC) ("GCG") as the claims and noticing agent. The deadline to submit proofs of claims (the "Bar Date") was October 31, 2013. Approximately 4,000 proofs of claims were filed. Mr. Jones filed claim number 911, asserting a claim amount of $8,000.[6] Mr. Jones asserts that he is entitled to receive retirement benefits from the Exide Technologies Retirement Plan (the "Pension Plan") in the amount of $666.05 per month.[7] A hearing to consider the Omnibus Objection was held on November 29, 2018, at which Mr. Jones appeared telephonically and made argument in support of his response. The Court asked that the Reorganized Debtor provide additional support for its position. On March 6, 2019, the Reorganized Debtor filed a supplemental response, attaching the Declaration of Wendy Henderson in Support of the Reorganized Debtor' Supplemental Response in Support of the Reorganized Debtor's Objection to the Claim of Willie Jones, Jr. (the "Henderson Declaration").[8] A second hearing was held on March 19, 2019. Mr. Jones again appeared telephonically.

## FACTS

Exide is a manufacturer of lead-acid batteries, including automotive batteries and industrial batteries. In 2006, Exide closed its Shreveport, Louisiana facility. In connection with the facility closure, Exide and the International Union, United Automobile, Aerospace and Agriculture International Workers of America, Local Union 1532 (the "Union") entered into a Closing Agreement, modifying the Pension Plan, to provide retirement benefits to workers who otherwise were not entitled to any retirement benefits. The Closing Agreement provides that, "The Company will administer special early retirement (age 55 and 10 years of service) consistent with the Plan

---

[6] Proof of claim, no. 911.
[7] *Willie Jones Response*, D.I. 3639.
[8] D.I. 5140.

documents for all employees as of June 22, 2006."[9] This early retirement provision permitted employees meeting the criteria to be eligible for reduced retirement benefits. The Pension Plan otherwise provides for unreduced retirement benefits if the associate meets any of the following requirements on his last day of employment: (1) has completed 30 or more years of service, (2) is at least 62 years old and has completed 5 years of vesting service, or (3) is at least age 65 at the time of termination. Mr. Jones asserts that he is entitled to <u>unreduced</u> benefits.

The Benefits Committee, under the Pension Plan, not the Debtor or Reorganized Debtor, is the "Plan Administrator" of the Pension Plan, as that term is defined under §3(16)(A) of ERISA.[10] Section 6.5 of the Pension Plan sets forth the duties of the Benefits Committee, and provides:

> The Benefits Committee on behalf of the Participants and beneficiaries of the Plan will enforce the Plan and the Trust Agreement in accordance with their terms and will have all powers (including complete and absolute discretion in determining all matters within its jurisdiction) necessary to accomplish that purpose, including, but not by way of limitation, the following:
>
> (a) To issue rules and regulations necessary for the proper conduct and administration of the Plan and to change, alter, or amend such rules and regulations;
>
> (b) To construe the Plan and Trust Agreement;
>
> (c) To determine all questions arising in the administration of the Plan, including those relating to the eligibility of persons to become Participants and the rights of Participants and beneficiaries, and its decision thereon will be final and binding upon all persons hereunder;
>
> (d) To compute and certify to the Trustee the amount and kind of benefits payable to Participants or beneficiaries;
>
> (e) To authorize all disbursements from the Retirement Fund in accordance with the provisions of the Plan;
> ***
> (g) To hear, review and determine claims for benefits.[11]

---

[9] D.I. 3639, Ex. 1 at ¶ 10.
[10] Henderson Dec. at ¶ 3.
[11] D.I. 5640, Ex. 1 at § 6.5.

## DISCUSSION

Bankruptcy Code section 502(b) provides that if a claim objection is made then "the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount [subject to certain exceptions, not applicable here.]"[12] The burden of proof as to the validity of the claim shifts between parties.[13] The Third Circuit described the shifting burdens of proof in *Allegheny Int'l* as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case.... In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.... The burden of persuasion is always on the claimant.[14]

"Section 502(b)(1) is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy."[15]

Section 502(a)(1)(B) of ERISA creates a civil cause of action for a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the

---

[12] 11 U.S.C.§ 502(b).
[13] *In re Landsource Communities Development LLC*, 485 B.R. 310 (Bankr. D. Del. 2013) (citations omitted).
[14] *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-744 (3d Cir. 1992).
[15] *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 444 (2007).

plan, or to clarify his rights to future benefits under the terms of the plan."[16] To assert a claim for denial of benefits under this provision, a plan participant must show "that 'he or she ... ha[s] a right to benefits that is legally enforceable against the plan,' and that the plan administrator improperly denied those benefits."[17] "In a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan."[18] The *Evans* Court emphasized that exercising control over the administration of benefits is crucial to determining the proper defendant.[19]

Mr. Jones asserts a claim under ERISA for monthly benefits allegedly due under the Pension Plan. Mr. Jones' claim for benefits under the Pension Plan falls under 29 U.S.C. §1132(a)(1)(B). The Pension Plan explicitly delegates enforcement and review of claims to the Benefits Committee.[20] Thus, the proper defendant in any action to recover Pension Plan benefits is the Benefits Committee, in its official capacity, not the Reorganized Debtor.[21]

Further, Mr. Jones seeks payment of unreduced early retirement benefits in the amount of $606.05 per month. Mr. Jones currently receives $411.73 per month in retirement benefits from the Pension Plan. Mr. Jones asserts that because the Closing Agreement provides for special early retirement for those age 55 and 10 years of service, that he is entitled to receive unreduced retirement benefits. Rather, the Pension Plan, subject to the Closing Agreement, provides that,

---

[16] *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d.Cir. 2012) (citing Section 502(a)(1)(B) of ERISA).
[17] *Id.* (citing *Hooven v. Exxon Mobile Corp.*, 465 F.3d 566, 574 (3d Cir. 2006)).
[18] *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, 311 Fed. Appx. 556, 558 (3d Cir. 2009) (citing 29 U.S.C. § 1132(a)(1)(B)). 29 U.S.C. § 1132(a)(1)(B) is also referred to as Section 502(a)(1)(B) of ERISA.
[19] *Id.*
[20] D.I. 5640, Ex. 1 at § 6.5.
[21] At the March 19th hearing, counsel for the Debtor's stated, "...Exide and the benefits committee would agree that to the extent that the claim is disallowed as against Exide, should Mr. Jones have any claim against the Pension Plan, the denial of a claim against Exide would not affect any claim that he may have or wish to pursue with respect to the Pension Plan." Hearing Tr. 3/19/2019, p. 6:15-20. The Court agrees. However, the record reflects that Mr. Jones initiated the claims review process with the benefits committee, and the request was denied. *See* D.I. 3639, Ex. III.

based on Mr. Jones' age and service to the company, he is eligible for special early retirement, but only at a reduced rate. The Debtor has demonstrated that the reduced rate of his monthly benefits is appropriate according to the Pension Plan.

The Reorganized Debtor's evidence is sufficient to overcome the prima facie validity of Mr. Jones' claim. Accordingly, the objection is sustained and the claim is expunged.

## <u>CONCLUSION</u>

For the foregoing reasons, the Debtor's Objection to Claim by Willie Jones is sustained.

BY THE COURT:

_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

DATED:  March 28, 2019