IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x | : | Chapter 11 |
| In re: | : | Case No. 13-11482 (MFW) |
|  | : |  |
| EXIDE TECHNOLOGIES, | : |  |
|  | : |  |
| Reorganized Debtor.[1] | : |  |
|  | : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x |  |  |

**REORGANIZED DEBTOR'S MOTION TO DETERMINE EXTENT OF
LIABILITY FOR POST-CONFIRMATION QUARTERLY FEES PAYABLE
PURSUANT TO 28 U.S.C. § 1930(A)(6)**

Exide Technologies ("Exide" or the "Reorganized Debtor"), by its undersigned counsel, moves the Court, pursuant to Federal Rule of Civil Procedure 5.1(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9005.1, for entry of an order determining the extent of its liability for post-confirmation quarterly fees payable pursuant 28 U.S.C. § 1930(a)(6) ("Motion"). In support of the Motion, Exide respectfully states as follows:

1.   The facts, points and authorities supporting this Motion are set forth in the *Memorandum of Law in Support of the Reorganized Debtor's Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable Pursuant to 28 U.S.C. § 1930(a)(6)* ("Memorandum") filed contemporaneously herewith and incorporated herein by reference.

2.   By this Motion, Exide seeks a declaration that section 1004 of the Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004, 131 Stat. 1224, 1232 (October 26, 2017), which amended 28 U.S.C. § 1930(a)(6) to impose an 833% increase in quarterly United States Trustee ("UST") fees (the "Amendment") – with effect from the enactment date and without regard

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

to when a chapter 11 debtor filed its petition for relief – is unconstitutional both facially and as applied to Exide.

3. As explained more fully in the Memorandum, the Amendment is unconstitutional for three independent reasons. First, the Amendment violates the Bankruptcy Clause of the Constitution, Art. I, § 8 cl. 4, because it is neither a uniform bankruptcy law nor is it applied uniformly to a defined class of debtors across the United States. Second, the Amendment is unconstitutionally retroactive because it constitutes an impermissible taking, and thus, violates due process. *See, e.g., Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). Third, the Amendment imposes an unconstitutional user fee because the fee has no correlation to Exide's actual use of the UST program. *See, e.g., Massachusetts v. United States,* 435 U.S. 444 (1978).

4. Federal Rule of Civil Procedure 5.1 ("Civil Rule 5.1"), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9005.1, requires that a party filing a "written motion, or other paper drawing into question the constitutionality of a federal … statute must promptly … serve the notice of the constitutional challenge and the paper on the Attorney General of the United States …." Fed. R. Civ. P. 5.1(a)(2). The procedure set forth in Civil Rule 5.1 is "applicable to all *contested matters* and other proceedings within the bankruptcy case." Fed. R. Bankr. P. 9005.1 adv. comm. Note (2007) (emphasis added). Exide has filed and served its *Notice of Constitutional Challenge to Federal Statute* on the Attorney General of the United States in compliance with Civil Rule 5.1.

5. Accordingly, Exide requests the Court enter the proposed form of Order attached hereto as Exhibit A determining that the Amendment is unconstitutional and the amount of fees owed to the UST pursuant to 28 U.S.C. § 1930(a)(6) is no more than $30,000 per quarter through the entry of the final decree in this chapter 11 case.

| | |
|---|---|
| Wilmington, Delaware<br>June 12 , 2019 | FOX ROTHSCHILD LLP<br><br>*/s/ Allen J. Guon*<br>   Robert M. Fishman<br>   Allen J. Guon<br>   Terence G. Banich<br>   Laura A. Caplin<br>   321 N. Clark Street, Suite 1600<br>   Chicago, IL 60654<br>   Telephone: (312) 517-9200<br>   Facsimile: (312) 517-9201<br>   Email: rfishman@foxrothschild.com<br>   Email: aguon@foxrothschild.com<br>   Email: tbanich@foxrothschild.com<br>   Email: lcaplin@foxrothschild.com<br><br>   *Counsel for the Reorganized Debtor*<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>Email: joneill@pszjlaw.com<br><br>*Special Conflicts Counsel for the Reorganized Debtor* |