## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| EXIDE TECHNOLOGIES, | : | Case No.  13-11482 (KJC) |
| | : | |
| Debtor. | : | **Hearing Date: TBD** |
| | : | **Objection Deadline: TBD** |
| | : | |

## UNITED STATES TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER REQUIRING THAT ANY CAUSE OF ACTION ASSERTED IN THE REORGANIZED DEBTOR'S MOTION TO DETERMINE EXTENT OF LIABILITY FOR POST-CONFIRMATION QUARTERLY FEES PAYABLE PURSUANT TO 28 U.S.C. § 1930(a)(6) BE FILED AS AN ADVERSARY PROCEEDING

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
SUMI K. SAKATA
Trial Attorney

Department of Justice
Executive Office for United States
  Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
Tel:  (202) 307-1399
Fax: (202) 307-2397

ANDREW R. VARA
Acting United States Trustee, Region 3
T. PATRICK TINKER
Assistant United States Trustee
LINDA J. CASEY
ROBERT J. SCHNEIDER, JR.
Trial Attorneys
Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
Tel:  (302) 573-6491
Fax: (302) 573-6497

Andrew R. Vara, the Acting United States Trustee for Region 3, in his capacity as a federal official, 28 U.S.C. § 581(a)(2), respectfully moves for entry of an order denying the *Reorganized Debtor's Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable Pursuant to 28 U.S.C. § 1930(a)(6)* ("Motion"), and directing that any cause of action asserted therein against the United States be filed in the form of an adversary proceeding. The Debtor's Motion seeks relief that can only be sought through an adversary complaint under Rule 7001.

## SUMMARY

1.       In 2017, Congress amended 28 U.S.C. § 1930(a)(6) to increase temporarily the maximum amount of quarterly fees  in larger chapter 11 cases, those with quarterly disbursements of $1 million or more each quarter.  The purpose of the 2017 amendment was to collect sufficient funds to fully offset congressional appropriations to the Justice Department to fund the work of the United States Trustee Program, as well as the costs of 18 bankruptcy judgeships, so that ordinary taxpayers would not bear the cost of the bankruptcy system.  This temporary fee increase was effective for disbursements made on or after January 1, 2018.

2.       The Debtor claims that, as a result of the 2017 amendment, it has paid more in quarterly fees than it would have owed under the prior fee schedule.  *Memorandum of Law in Support of the Reorganized Debtor's Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable Pursuant to 28 U.S.C. § 1930(a)(6)* ("Memorandum") at ¶ 44.  The Debtor asks this Court to find that **(i)** the 2017 amendment to section 1930(a)(6) is unconstitutional, and **(ii)** the amount of fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) is no more than $30,000 per quarter through the entry of the final decree in this chapter 11 case.  Motion at ¶ 5.

1

3.      Nothing authorizes the Debtor to seek such relief by motion.  Rather, Rule 7001 expressly requires that actions seeking declaratory relief related to **(i)** a determination of an interest in property, **(ii)** the recovery of money, or **(iii)** injunctive relief not otherwise provided for in a reorganization plan, may only be brought by adversary complaint.  *See* Fed. R. Bankr. P. 7001(1), (2), (7) & (9).  The Motion makes that point plainly.  It is the Debtor's attempt to **(i)** have this Court determine that the United States lacks a valid interest in the Debtor's alleged overpayments, **(ii)** recover the alleged overpayments from the federal government, and **(iii)** enjoin the United States from seeking the quarterly fees provided for in the 2017 amendment.

4.      Additionally under Rule 7001, actions directly seeking injunctive relief not otherwise provided for in a reorganization plan must also be brought by adversary complaint. *See* Fed. R. Bankr. P. 7001(7).  By requesting a determination setting the amount of all future fees until the closure of its chapter 11 case—whenever that may be—the Debtor seeks to enjoin the United States from implementing any additional changes to the quarterly fee schedule.

5.      The Rule 7000 series of the Bankruptcy Rules provides important procedural protections to defendants in adversary proceedings.  The government has an institutional interest in ensuring that this constitutional challenge, and others like it, be brought in the procedurally proper manner to secure those protections.

6.      Accordingly, this Court should deny the Motion and require any cause of action asserted therein to be filed as an adversary proceeding.  Once the Debtor properly files a complaint under Bankruptcy Rule 7003, the Motion and the United States Trustee's objection may be docketed in the adversary proceeding as dispositive motions for this Court's consideration and ruling.  Requiring the Debtor to comply with the mandatory procedural requirements thus need not produce unnecessary delay.

## FACTS

**I.      The Debtor Files a Chapter 11 Case.**

7.      The Debtor filed a voluntary chapter 11 petition on June 10, 2013.  Doc. No. 1.

8.      This Court confirmed the Debtor's fourth amended plan of reorganization on March 27, 2015, which went into effect on April 30, 2015.  Doc. 3409, 3423 & 3571.

9.      The Debtor's confirmed reorganization plan provided, among other things, that the "Reorganized Debtor shall continue to pay fees pursuant to section 1930 of title 28 of the United States Code until the Chapter 11 Case is closed by entry of the Final Decree."  Doc. No. 3409 at ¶ 15.2.

**II.      The Debtor Challenges the Quarterly Fees Due Under 28 U.S.C. § 1930(a)(6).**

10.      On June 12, 2019, the Debtor filed its Motion challenging the constitutionality of **(i)** section 1930(a)(6)(B) of title 28 and **(ii)** an uncodified provision that applies section 1930(a)(6)(B) to all disbursements made on or after January 1, 2018.  28 U.S.C. § 1930(a)(6)(B); Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004(c) (uncodified).  The 2017 amendment applies disbursements made on or after January 1, 2018, *id.*, which includes disbursements made in this case.

11.      The Debtor requests that this Court enter an order "determining" that: **(i)** "the [2017] Amendment is unconstitutional," (Motion at ¶ 5), and **(ii)** "the amount of fees owed to the UST pursuant to 28 U.S.C. § 1930(a)(6) is no more than $30,000 per quarter through the entry of the final decree in this chapter 11 case." (*id*.).

## ARGUMENT

12.      The Motion improperly seeks relief that can only be sought through an adversary proceeding under Bankruptcy Rule 7001(1), (2), (7) and (9).

## I.    **Rule 7001 Governs the Relief the Debtor Seeks.**

13.    Rule 7001 defines "adversary proceedings" as including proceedings to:

**(a)** "recover money or property," Fed. R. Bankr. P. 7001(1); **(b)** "determine the validity" of an "interest in property," Fed. R. Bankr. P. 7001(2); **(c)** "obtain an injunction or other equitable relief, except when . . . a chapter 11 plan . . . provides for the relief," Fed. R. Bankr. P. 7001(7), or **(d)** "obtain a declaratory judgment *relating* to any of the foregoing," Fed. R. Bankr. P. 7001(9) (emphasis added).

14.    Here, the Debtor asks this Court to declare that Congress's 2017 amendment, which temporarily increased the quarterly fees the Debtor has paid and must continue to pay under 28 U.S.C. § 1930(a)(6) for the duration of its chapter 11 case, is unconstitutional.  Motion at ¶ 5.  The Debtor thus seeks declaratory relief "relating to":

- the determination of the "validity" of the government's "interest in property," Fed. R. Bankr. P. 7001(2), *i.e.*, to adopt the Debtor's view that it overpaid the quarterly fees because the 2017 amendment is unconstitutional;

- the "recover[y of] money," Fed. R. Bankr. P. 7001(1), *i.e.*, to seek a refund of the alleged overpayments; and

- obtaining "injunctive relief, " Fed. R. Bankr. P. 7001(7), *i.e.*, to enjoin the government from continuing to collect additional fees under the 2017 amendment while the Debtor's case remains open.  Doc. No. 3409.

15.    Unless the Motion asks this Court to determine and vindicate the Debtor's right to money claimed by the United States as to alleged overpayments and future fees, then the Debtor would simply be seeking an abstract advisory opinion regarding the constitutionality of a duly enacted congressional statute, which is something a court may not issue.  *See*, *e.g.*, *In re Lazy*

*Days' RV Center Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) ("Federal courts have no jurisdiction to render advisory opinions . . . [and] 'may not decide questions that cannot affect the rights of litigants in the case before them. . . .'") (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)); *see also Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (holding action to recover property must be instituted as adversary proceeding, and bankruptcy court lacks case or controversy jurisdiction over motion seeking declaratory action "to decide as an academic matter whether certain property constitutes property of a bankrupt estate").

16.     Additionally, the Debtor wants an order that "the amount of fees owed to the UST pursuant to 28 U.S.C. § 1930(a)(6) is no more than $30,000 per quarter through the entry of the final decree in this chapter 11 case." Motion at ¶ 5. The Debtor thereby invokes the equitable power of this Court to enjoin the United States from taking any future action that might impact the fee schedule under section 1930(a)(6) for the duration of its bankruptcy case, however long that may take. This is injunctive relief within the scope of Fed. R. Bankr. P. 7001(7).

17.     For these reasons, the Debtor's causes of action must be asserted in an "adversary proceeding" under Rule 7001. *See In re DBSI, Inc.*, 432 B.R. 126, 130, 135 (Bankr. D. Del. 2010) (denying motion seeking declaration that creditor was entitled to certain funds because such declaratory relief "falls clearly within the types of proceedings specified by Bankruptcy Rule 7001 to be adversary proceedings"); *In re Viney*, 369 B.R. 392, 395 (Bankr. N.D. Ind. 2007) (rejecting motion by chapter 13 trustee for declaration regarding amount of monthly mortgage payments due creditor, holding adversary proceeding was required by Rule 7001); *NovaCare Holdings, Inc. v. Mariner Post-Acute Care Network, Inc. (In re Mariner Post-Acute Care Network, Inc.)*, 267 B.R. 46, 55 (Bankr. D. Del. 2001) (noting that under the Bankruptcy Rules, "any action to determine the extent, validity, or priority of any interest in property must be

commenced by adversary proceeding, not by motion").[1]

## II.    **Rule 2020 Does Not Authorize the Debtor to Bypass Rule 7001's Requirements.**

18.     Bankruptcy Rule 2020 provides that "[a] proceeding to contest any act or failure to act by the United States Trustee is governed by Rule 9014." Fed. R. Bankr. P. 2020. That Rule does not authorize the Debtor to seek its requested relief by motion rather than through a properly filed and served adversary complaint. The relief the Debtor seeks is not within the scope of Rule 2020. And even if Rule 2020 applies, it directs the Debtor to Rule 9014(a). In turn, Rule 9014(a) independently requires the Debtor to seek the requested relief by filing a complaint as required by Rule 7001.

### A.    **Independent of that, Rule 2020 does not apply to this suit against the United States.**

19.     Rule 2020 contemplates proceedings to contest acts of the United States Trustee related to the administration of the case. *See* Fed. R. Bankr. P. 2020, Advisory Comm. Note; *see also* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("U.S. Trustees have discretion in the performance

---

[1] *See also In re Sensibaugh*, No. 12-13546, 2015 WL 4664441, at *1 (N.D. Ind. July 21, 2015) (overruling objection to claim that "appear[ed] to be a request for some type of declaratory relief: a declaration that the claim has been paid in full. Rule 7001 of the Federal Rules of Bankruptcy Procedure requires an adversary proceeding to obtain such relief, Fed. R. Bankr. P. Rule 7001(9), otherwise the request should be denied"); *In re Carlton*, 437 B.R. 412, 425 (Bankr. N.D. Ala. 2010) (holding that chapter 13 plan providing that order of discharge was a determination that all mortgage defaults have been cured was an impermissible "attempt to furtively obtain a declaratory judgment" but "[s]uch relief cannot be granted under the Bankruptcy Rules except through an adversary proceeding with its attendant procedural safeguards"); *In re Haedo*, 211 B.R. 149, 151, 153 (Bankr. S.D.N.Y. 1997) (requiring government to file adversary proceeding to determine interests in tax refund held by government); *Benson v. IRS (In re Benson)*, 64 B.R. 128, 129-30 (Bankr. W.D. Mo. 1986) (holding that "the character of" a request for an order relieving debtor of the duty to pay post-petition interest and penalties on a non-dischargeable pre-petition tax debt "is to determine entitlement to money or property within the meaning of Rule 7001(1), (9) of the Rules of Bankruptcy Procedure"), *rev'd on other grounds by United States v. Benson*, 88 B.R. 210 (W.D. Mo. 1988).

of administrative functions, but some of those functions are subject to judicial review" through "[t]he procedural vehicle" of Rule 2020).

20.     Rule 2020 does not apply here because the Debtor—in challenging the constitutionality of the 2017 amendment to section 1930(a)—is challenging an Act of Congress, not an act or failure to act by the United States Trustee.

21.     The Motion is nothing less than a full-blown lawsuit against the United States that seeks to negate a congressional enactment duly signed into law by the President.  This transcends some act of a lone federal official: the United States Trustee for Region 3.  28 U.S.C. § 581(a)(3).  That means the Motion falls outside whatever Rule 2020 seeks to authorize.  *See also* 28 U.S.C. § 501 ("The Department of Justice is an executive department of the United States at the seat of Government."); 28 U.S.C. § 509 (vesting all powers of other officers of the Department of Justice, such as United States Trustees, in the Attorney General); 28 U.S.C. § 581(a)(3) (authorizing the Attorney General to appoint a United States Trustee for Region 3).

22.     Instead, the Debtor seeks to block by an injunction Congress's and the President's enactment of a law that temporarily increases the fees it owes under section 1930(a) for the remainder of its chapter 11 case.  Motion at ¶ 5.

23.     Similarly, the Debtor seeks a declaration related to the recovery of money from the United States Treasury in the form of a refund of alleged overpayments.  Motion at ¶ 5.  Title 28 of the United States Code requires any judgment to be paid by the Treasury of the United States—not the United States Trustee.  28 U.S.C. § 2414 (providing that the payment of judgments by a district court "shall be made on settlements by the Secretary of the Treasury").

24.     The United States Trustee Program is funded by direct congressional appropriations to the Department of Justice—not directly from the United States Trustee System

7

Fund (the "Fund").  Fees paid under section 1930 are deposited into the Fund, which Congress

has charged the Treasury with using to offset Congress's direct funding of the Program through

the Department's appropriation.  *See* 28 U.S.C. § 589a(a) & (b); H.R. Rep. No. 115-130, at 7

(2017), *reprinted in* 2017 U.S.C.C.A.N. 154, 159-160.

25.     Through this multi-step process, Congress seeks to ensure that the Program's

costs are borne "by the users of the bankruptcy system—at no cost to the taxpayer."  *See* H.R.

Rep. No. 99-764, at 25 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5238; *see also id*. at 22.

26.     The Debtor ignores Congress's placement of the System Fund in the Treasury.  It

also ignores that the requested relief would affect multiple governmental actors.  Both facts place

this proceeding far beyond the scope of Rule 2020.

27.     The Motion should also be denied because "[Rule] 2020 confers no substantive

cause of action."  2 Norton Bankr. L. & Prac. 3d § 26:18; 28 U.S.C. § 2075.  The government is

unaware of any provision authorizing parties to obtain injunctive relief against or a declaration

designed to secure monetary relief from the United States merely by motion absent express

authorization, something that does not exist here.

28.     Nothing in the text of Rule 2020 or its Advisory Note suggests that parties may

escape Rule 7001 by adding "Trustee" after "United States" in a motion that seeks to strike down

a federal statute.  Rule 2020 does not permit parties to evade Rule 7001 when seeking to overturn

or enjoin actions of the President and Congress or obtain relief from the Treasury, merely by

using the term "United States Trustee."

**B.     Alternatively, even if it applies, Rule 2020 independently requires the Debtor to file a Rule 7001 complaint to pursue the relief it seeks.**

29.     Rule 2020 provides that "[a] proceeding to contest any act or failure to act by the

United States Trustee is governed by Rule 9014."  Fed. R. Bankr. P. 2020.

30.     Rule 9014(a) says that "[i]n a contested matter *not otherwise governed by these rules*, relief shall be requested by motion."  Fed. R. Bankr. P. 9014(a) (emphasis added).  By its express terms, Rule 9014(a) does not supersede other applicable rules.

31.     As a result, because proceedings required to be filed as adversary complaints under Rule 7001 are "otherwise governed by these rules," Rule 9014(a) does not permit them to be brought by motion.  *See* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("Rule 9014 . . . indicates that Rules 7001 et seq., concerning adversary proceedings, may be relevant.").

32.     Nor is there any language in Rule 9014(a) that would permit a party to bring by motion an action that Rule 7001 mandates be brought by complaint.  Rule 9014(a) does not provide an exemption from the requirements of Rule 7001.

33.     Courts agree that the Rule 7001 "otherwise govern[s]" exception means that Rule 9014's procedures do not apply if Rule 7001 applies.  *See In re Dziurgot-Farnsworth*, No. 14-10915, 2014 WL 7145712, at *2 (Bankr. D.R.I. Dec. 12, 2014) ("Rule 9014 states that in 'a contested matter not otherwise governed by these rules, relief shall be requested by motion.'  This contested matter is governed by Rules 7001 *et seq.*, and the relief Armistead requests may not be pursued by motion."); *Kilbourne v. CitiMortgage, Inc. (In re Kilbourne)*, 507 B.R. 219, 223 (Bankr. S.D. Ohio 2014) ("Rule 9014 states that '[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion . . . .'  Fed. R. Bankr. P. 9014.  In turn, Rule 7001 lists the types of proceedings that are adversary proceedings, and therefore, are not governed by Rule 9014."); *In re Fisher*, No. 07-61338-11, 2008 WL 1775123, at *9 (Bankr. D. Mont. Apr. 15, 2008) ("F.R.B.P. 9014(a) allows relief to be requested by motion in contested matters 'not otherwise governed by these rules.'  Since Rule 7001(1) governs, Debtor' motion constitutes improper procedure to recover preferences."); *In re RFD, Inc.*, 211 B.R. 403, 408

9

(Bankr. D. Kan. 1997) ("[Rule 9014] implies . . . that a bankruptcy dispute is a contested matter

unless it is presented in a procedural form otherwise governed by the rules.  The only other

procedural form of dispute presentation in the rules is an adversary proceeding under Fed. R.

Bankr. P. 7001.").

34.     As explained *supra* at ¶¶ 13-17, Rule 7001 requires this proceeding to be brought

as an "adversary proceeding," and be commenced by complaint—not by motion.  Rule 7001 thus

"otherwise govern[s]" this proceeding and Rule 2020 does not authorize the Debtor to initiate

this action against the United States by motion.

**III.     Nor Does Rule 9005.1 Authorize the Debtor to Bypass Rule 7001's Requirements.**

35.     In the Motion, the Debtor cites to Rule 9005.1, which in turn incorporates Federal

Rule of Civil Procedure 5.1, as "applicable to all *contested matters* and other proceedings within

the bankruptcy case."  Motion at ¶ 4 (emphasis in Motion) (citing Fed. R. Bankr. P. 9005.1

advisory committee's note).  Notwithstanding the Debtor's apparent reliance on Rule 9005.1 and

Civil Rule 5.1, these rules do not enable the Debtor to sue the government by motion.

36.     As the Advisory Committee explained in its notes to Civil Rule 5.1, that rule

"implements 28 U.S.C. § 2403."  Section 2403, in turn, provides for the authority of the United

States to intervene in any action to which the United States is not a party, where "the

constitutionality of any Act of Congress affecting the public interest is drawn in question."

37.     Civil Rule 5.1 implements 28 U.S.C. § 2403 by requiring "[a] party that files a

pleading, written motion, or other paper drawing into question the constitutionality of a federal

or state statute," to file and serve on the Attorney General a notice of constitutional question *if* "a

federal statute is questioned and the parties do not include the United States, one of its agencies,

or one of its offices or employees in an official capacity."  Fed. R. Civ. P. 5.1(a)(1)(A) & (2).

Unless the court sets a later date, the attorney general has 60 days in which to intervene in the action. Fed. R. Civ. P. 5.1(c). While the court may reject the constitutional challenge in that time period, it may not enter a final judgment holding the statute unconstitutional until that time expires. *Id.*

38.    Rule 5.1 is simply a notice provision. It does not specify the methods by which the United States must be sued under any particular set of facts. There is robust law governing such suits and no one has ever suggested—as far as we know—that Rule 5.1 supplants any of it.

39.    This notice requirement simply "ensure[s] that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation." Fed. R. Civ. P. 5.1 advisory committee's note.

40.    Both the text of the rule and the Advisory Committee's note confirm that the purpose of Civil Rule 5.1 is to safeguard the federal government's ability to defend the constitutionality of its statutes, regardless of how the issue may arise, in any case in which the government is not a party and thus possibly unaware of the constitutional challenge. The significance of that requirement is underscored by section 530D of title 28, which requires the Attorney General to inform Congress should the government decline to defend a statute so Congress may decide whether to intervene to do so. 28 U.S.C. § 530D.

41.    Neither Rule 9001.5 nor Civil Rule 5.1 authorizes a party to sue the government on constitutional grounds by filing any "paper" in any proceeding as long as a constitutional notice is filed and served. Nor does it excuse a party from complying with its duty to initiate adversary proceedings where they are mandated by Rule 7001.

**IV.    Rule 7001 is Mandatory and Provides Important Procedural Protections.**

42.    The Third Circuit has held that "when an adversary proceeding is required" under

Rule 7001, "courts are not free to disregard the Rule." *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 236 (3d Cir. 2007). "The Rules are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code." *Id.* at 235.

43.     Other courts of appeals agree. The Ninth Circuit has held that if a party wants the benefits of the Bankruptcy Code, it "must carry the burden of following the mandated procedures" as set out in Rule 7001. *In re Commercial Western Finance Co.*, 761 F.2d 1329, 1336-38 (9th Cir. 1985) (reversing order and holding trustee must file adversary proceeding where Rules require it).

44.     The Seventh Circuit has held that actions governed by Rule 7001 that are filed instead by motion "will be dismissed," and an order entered in such an action "will be vacated." *Perkins*, 902 F.2d at 1258.

45.     The Fifth Circuit underscored the "difficulties that are apt to arise if the bankruptcy court too easily permits parties to circumvent the rules governing adversary proceedings," and reversed where the rules were not followed. *See Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 765 (5th Cir. 1995) (citation omitted) ("Including a matter governed by Rule 7001 in another matter already before the court . . . does not satisfy the procedural rules required by Rule 7001.").

46.     The circuits recognize and uphold the important differences between adversary proceedings and contested matters.

47.     An adversary proceeding is nothing less than a traditional federal lawsuit. It imposes heightened procedural requirements and insists upon stronger procedural protections than a contested matter does. *Mansaray-Ruffin*, 530 F.3d at 234; *Zale Corp.*, 62 F.3d at 762-63. Unlike a contested matter, an adversary proceeding requires filing a complaint, serving a

12

summons and a copy of the complaint on the defendant, and filing an answer. *Mansaray-Ruffin*, 530 F.3d at 234. These are not trivial requirements. For example, it is through service of the summons that the court acquires personal jurisdiction over the defendant. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). In addition, adversary proceedings allow the assertion of affirmative defenses and counterclaims, motion practice (such as motions for a more definite statement and to dismiss the proceeding), and the opportunity for more thorough discovery and trial preparation. *Mansaray-Ruffin*, 530 F.3d at 234; *In re Riding*, 44 B.R. 846, 858-59 (Bankr. D. Utah 1984).

48.    By contrast, "[c]ontested matters are more informal than adversary proceedings, are initiated by motion (not by a complaint), and, unless the court directs otherwise, do not require a responsive pleading." *Mansaray-Ruffin*, 530 F.3d at 237. *See also Zale Corp.*, 62 F.3d at 762; *In re Worldwide Wholesale Lumber*, 372 B.R. 796, 809 (Bankr. D.S.C. 2007) (holding affirmative defenses and compulsory counterclaims are not required to be asserted in contested matters). Thus, "a motion comes before the court without the focus that results from the adversary proceeding's more formal pleading requirements and more structured pretrial process." *Ung v. Boni* (*In re Boni*), 240 B.R. 381, 385 (B.A.P. 9th Cir. 1999).

49.    This relative informality is permitted because, as the Fifth Circuit has explained, "[c]ontested matter proceedings are generally designed for the adjudication of simple issues, often on an expedited basis." *Zale Corp.*, 62 F.3d at 763 (internal quotation omitted). The constitutional issues raised by the Debtor, however, are far removed from the kind of "simple issues" for which contested matter proceedings are appropriate. The Motion raises very serious issues, of great concern to the federal government, by asking this Court to invalidate a federal

13

statute on a variety of grounds.  Indeed, Congress takes such challenges so seriously that it requires by statute that the Attorney General must submit a report notifying Congress of any decision not to defend the constitutionality of a statute.  28 U.S.C. § 530D(a)(1)(B)(ii).

50.     The structure, focus, and procedural protections provided by an adversary proceeding are especially important in the context of a constitutional challenge to a statute. Assessing the constitutionality of a duly enacted federal statute is among the most serious tasks courts undertake.  Declaring the 2017 amendment unconstitutional would cast aside the hard work done by Congress in analyzing the facts to determine what the United States budget required and whether the 2017 amendment met that requirement.  Such a decision also would undermine the judgment of Congress and the President about the best way to meet the funding needs of the bankruptcy system.  It would discard the President's decision to sign a congressional enactment into law.  Due consideration of these issues merits more than the informal proceeding of a contested matter.  A party cannot act contrary to the express requirements of the rules—and sue the United States to set aside a congressional enactment, enjoin it from future congressional action, and seek a declaration related to the potential right to future monetary and injunctive relief—by merely filing a motion.

51.     An adversary proceeding ensures that the issues are thoroughly examined before this Court considers taking the extreme action of striking down an act of Congress.  Accordingly, this Court should deny the Motion and require the Debtor to file an adversary proceeding to assert the causes of action against the government asserted in the Motion.

52.     Once the Debtor properly commences an adversary proceeding by filing a complaint under Bankruptcy Rule 7003, the United States Trustee is prepared to waive the summons requirement.  The United States Trustee further consents to have the Motion docketed

in the adversary proceeding as a motion for summary judgment, his objection thereto docketed as

a cross-motion to dismiss or for summary judgment in the alternative, and the Debtor's reply in

support of the Motion as its reply regarding its summary judgment motion and its objection to

the United States Trustee's cross-motion.  This Court may thus enter a ruling without the need

for additional briefing or a hearing, avoiding any further delay from the Debtor's initial failure to

comply with the Bankruptcy Rules.

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to deny the

Motion, require the Debtor to assert any causes of action in the Motion in the form of an

adversary proceeding, and grant any further relief that the Court deems proper.

DATED: July 15, 2019

Respectfully submitted,

ANDREW R. VARA
Acting United States Trustee for Region 3

By /s/ _____
          Linda J. Casey

| | |
|---|---|
| RAMONA D. ELLIOTT | ANDREW R. VARA |
| Deputy Director/General Counsel | Acting United States Trustee, Region 3 |
| P. MATTHEW SUTKO | T. PATRICK TINKER |
| Associate General Counsel | Assistant United States Trustee |
| SUMI K. SAKATA | LINDA J. CASEY |
| Trial Attorney | ROBERT J. SCHNEIDER, JR. |
| | Trial Attorneys |
| Department of Justice | Department of Justice |
| Executive Office for United States | Office of the United States Trustee |
|   Trustees | J. Caleb Boggs Federal Building |
| 441 G Street, N.W., Suite 6150 | 844 King Street, Suite 2207, Lockbox 35 |
| Washington, DC 20530 | Wilmington, DE 19801 |
| Tel: (202) 307-1399 | Tel: (302) 573-6491 |
| Fax: (202) 307-2397 | Fax: (302) 573-6497 |
| | Linda.Casey@usdoj.gov |