IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | Chapter 11 |
| In re: | : | Case No. 13-11482 (MFW) |
| EXIDE TECHNOLOGIES, | : | |
| Reorganized Debtor.[1] | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**REORGANIZED DEBTOR'S OBJECTION TO UNITED STATES TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER REQUIRING THAT ANY CAUSE OF ACTION ASSERTED IN THE REORGANIZED DEBTOR'S MOTION TO DETERMINE EXTENT OF LIABILITY FOR POST-CONFIRMATION QUARTERLY FEES PAYABLE PURSUANT TO 28 U.S.C. § 1930(a)(6) BE FILED AS AN ADVERSARY PROCEEDING**

Exide Technologies ("Exide" or the "Reorganized Debtor"), by its undersigned counsel, for its objection ("Objection") to the *United States Trustee's Motion for the Entry of an Order Requiring that any Cause of Action Asserted in the Reorganized Debtor's Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable Pursuant to 28 U.S.C. § 1930(a)(6) be filed as an Adversary Proceeding* ("UST Motion") [D.I. 5197], respectfully states as follows:

**Introduction**

1. Exide has moved the Court ("Fee Motion") to declare 28 U.S.C. § 1930(a)(6), as amended by Congress in October 2017, unconstitutional both facially and as applied to Exide, and to determine that, as a consequence, the amount of quarterly fees due and payable by Exide since January 1, 2018 is governed by the prior version of that statute. By the UST Motion, the United

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 2730. The Reorganized Debtor's corporate headquarters are located at 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

States Trustee ("UST") asserts that the Fee Motion is procedurally defective because Exide was obligated to commence an adversary proceeding to obtain the relief requested. That is wrong.

2. The fundamental defect with the UST's position is that it is irreconcilable with the plain language of the applicable federal procedural rules governing adversary proceedings (Bankruptcy Rule 7001), constitutional challenges to a statute (Civil Rule 5.1) and contesting acts by the UST (Bankruptcy Rule 2020). As demonstrated herein:

(a) Bankruptcy Rule 7001 *exhaustively* lists the proceedings that are adversary proceedings, and a challenge to the constitutionality of a statute is not one of them. Tacitly recognizing that problem, the UST mischaracterizes the relief that Exide seeks and uses straw-men arguments to make it appear that Bankruptcy Rule 7001 applies. None has merit.

(b) The UST studiously downplays the plain language of Civil Rule 5.1, which expressly states that a constitutional challenge to a statute may be commenced by "pleading, *written motion*, or other paper[.]" Nothing in Civil Rule 5.1 – which Bankruptcy Rule 9005.1 makes applicable to this chapter 11 case – requires constitutional challenges to federal statutes to be commenced only by a *pleading* naming the United States as a *defendant* that is served with a *summons*. On the contrary, Civil Rule 5.1 is much more flexible: it requires only that the United States receive simple notice of the constitutional challenge; it may then *choose* to become a party by intervention. Bankruptcy Rule 9005.1 does not vary that procedure.

(c) Bankruptcy Rule 2020 states unequivocally any "proceeding to contest any act" by the UST "is governed by Rule 9014" – that is, a contested matter. The Fee Motion clearly contests the UST's acts to collect quarterly fees under amended 28 U.S.C. § 1930(a)(6) ("§ 1930(a)(6)"), so Bankruptcy Rule 2020 is simply another reason why Exide may proceed by motion.

Accordingly, the UST Motion should be denied.

### Legal Standards

3. The UST Motion requires the Court to interpret and construe several different federal procedural rules, which are, like statutes, given their plain meaning, and a court's interpretation of a rule is complete if it finds the text to be clear and unambiguous. *See, e.g., Bus.*

2

*Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning."); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 153 (3d Cir. 2012) (interpreting bankruptcy rule based on its "plain language"); *United States v. Higgs*, 504 F.3d 456, 463 (3d Cir. 2007) (interpreting "plain language" of a federal procedural rule to determine its "interplay with" other federal procedural rules); *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1287 (11th Cir. 2016) ("It is, by now, axiomatic that in interpreting the federal rules, we look first to their plain language.").

4. Under this interpretative rubric, the Court "presume[s] … that the legislature says what it means and means what it says." *Obasi Inv. Ltd. v. Tibet Pharm., Inc.*, __ F.3d __, 2019 WL 3294888, at *10 (3d Cir. July 23, 2019) (quoting *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017)). "As long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of a statute." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41 (1989).

## Argument

I. **The UST's argument that the Fee Motion is subject to Bankruptcy Rule 7001 is wrong for multiple reasons.**

   A. **The plain language Bankruptcy Rule 7001 demonstrates that challenging the constitutionality of a federal statute is not an adversary proceeding.**

5. Familiar principles of statutory construction reveal the preeminent flaw with the UST Motion – the plain language Bankruptcy Rule 7001 does not support the argument that a challenge the constitutionality of a federal statute requires an adversary proceeding.

6. Bankruptcy Rule 7001 defines ten requests for relief as adversary proceedings. Fed. R. Bankr. P. 7001(1)–(10). However, as the UST fails to acknowledge, the list in Bankruptcy Rule 7001 is *exclusive*. Fed. R. Bankr. P. 7001 ("The following are adversary proceedings," as opposed to "adversary proceedings include"); *Lernout & Hauspie Speech Prods., N.V. v. Baker (In re*

3

*Lernout & Hauspie Speech Prods., N.V.)*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) (Bankruptcy Rule 7001 "provides a list of ten types of litigated matters which qualify as adversary proceedings. This list is considered to be 'exclusive.'"); *Smith v. Smith (In re Smith)*, 489 B.R. 875, 899 (Bankr. M.D. Ga. 2013) ("Bankruptcy Rule 7001 contains an exclusive list of proceedings the Bankruptcy Code classifies as adversary proceedings – that is, it contains an exclusive list of proceedings requiring a complaint."). Because Rule 7001 exhaustively defines what constitutes an adversary proceeding, "[a]ny matter that is disputed and not specifically listed under one of the types of adversary proceedings under Fed. R. Bankr. P. 7001 falls under the catch-all term 'contested matter.'" *In re Envirodyne Indus., Inc.*, 174 B.R. 955, 960 (Bankr. N.D. Ill. 1994).

7. *Not one* of Bankruptcy Rule 7001's ten subsections states that a challenge to the constitutionality of a statute is an adversary proceeding. The UST tacitly concedes this, as it has failed to cite any authority holding that such a request for relief must proceed by complaint. The simple fact is that had Congress and the Supreme Court decided that constitutional challenges to federal statutes require the formality of the United States being made a party-defendant by service of summons and complaint,[2] they could have said so in Bankruptcy Rule 7001. But they did not. *Cf. Corley v. United States*, 556 U.S. 303, 315 (2009) ("[t]he short answer is that Congress did not write the statute that way."). The result is the same even though the Fee Motion seeks a *declaratory judgment* as to the constitutionality of § 1930(a)(6).

8. Not every conceivable declaratory judgment request triggers Bankruptcy Rule 7001. The plain language of the rule again demonstrates why: "The following are adversary proceedings: … a proceeding to obtain a declaratory judgment *relating to any of the foregoing*."

---

[2] Like non-bankruptcy civil actions, adversary proceedings are commenced by filing a complaint with the Court. Fed. R. Bankr. P. 7003. And the United States can only be made a party-defendant to an adversary proceeding by service of summons and the complaint in the manner specified by rule. Fed. R. Bankr. P. 7004(b)(4); Fed. R. Civ. P. 4(i).

4

Fed. R. Bankr. P. 7001(9) (emphasis added). The limiting language "relating to any of the foregoing" means what it says – the request for declaratory judgment must relate to a matter that already requires an adversary proceeding. *See, e.g., In re Educ. Res. Inst., Inc.*, 442 B.R. 20, 23-24 (Bankr. D. Mass. 2010) (Bankruptcy Rule 7001(9) "requires an adversary proceeding in order to obtain declaratory relief *only* when that request is related to one of the types of matters enumerated in Rules 7001(1) through (8)") (original emphasis); *In re Ace Track Co., Ltd.*, 556 B.R. 887, 899 n.10 (Bankr. N.D. Ill. 2016) (rejecting argument that request for declaratory judgment as to foreign representative's powers in chapter 15 case is an adversary proceeding, reasoning "Bankruptcy Rule 7001 constrains only declaratory judgments 'relating to any of the foregoing,' i.e. those matters that already require an adversary. This is not such a matter[.]"); *Envirodyne Indus.*, 174 B.R. at 961 n.14 ("Fed. R. Bankr. P. 7001 does not define all proceedings seeking declaratory judgments as being adversary proceedings. Only proceedings seeking a declaratory judgment with respect to the other types of proceedings listed in [R]ule 7001 are automatically" adversary proceedings). Put simply, some requests for declaratory relief are adversary proceedings while others are not.

9. Not surprisingly, then, courts have rejected a broad interpretation of Bankruptcy Rule 7001 because doing so "would render meaningless other rules that require certain requests to be made by motion and application, contrary to the general principles of statutory construction." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 123 (3d Cir. 1999) (debtor's application to establish reserves and cure amounts was neither a determination of an interest in property nor "classic" equitable relief requiring an adversary proceeding under Bankruptcy Rule 7001(7)); *State Bank of So. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1078 (10th Cir. 1996) (rejecting argument that request under Civil Rule 60(b) for relief from order lifting automatic stay required

an adversary proceeding under Bankruptcy Rule 7001(7) because it sought to re-impose the automatic stay, reasoning that it would "negate" the plain language of Civil Rule 60(b) authorizing such relief "on motion").

10. It is clear from the foregoing authorities that the Fee Motion seeks declaratory relief that is not an adversary proceeding. Exide seeks a declaration that amended § 1930(a)(6) is unconstitutional, which does not relate to any of the proceedings specifically identified in Bankruptcy Rule 7001(1) through (8). As such, the plain language of Bankruptcy Rule 7001 does not support the UST's argument that the Fee Motion had to be brought as an adversary proceeding. The Court could deny the UST Motion for this reason alone. *See, e.g., A.F. ex rel. Christine B. v. Espanola Pub. Schs.*, 801 F.3d 1245, 1249 (10th Cir. 2015) (where "the terms of the statute are clear and unambiguous, the inquiry ends and we simply give effect to the plain language of the statute") (Gorsuch, J.).

   **B.** **The UST mischaracterizes the relief sought in the Fee Motion and resorts to straw-man arguments to make it seem that Bankruptcy Rule 7001 applies.**

11. To distract from the glaring absence of any plain language in Bankruptcy Rule 7001 to support its argument, the UST simply rewrites the Fee Motion. The UST asserts – without citation or quotation – that the Fee Motion seeks declaratory relief relating to: (a) the determination of the validity of the government's interest in property, which is an adversary proceeding under Bankruptcy Rule 7001(2); (b) the recovery of money, which is an adversary proceeding under Bankruptcy Rule 7001(1); and (c) obtaining injunctive relief, which is an adversary proceeding under Bankruptcy Rule 7001(7). (UST Motion ¶ 14.) These arguments tear down straw men – they address relief not requested in the Fee Motion.

12. <u>First</u>, the UST argues that Exide seeks a "determination of the 'validity' of the government's 'interest in property'" because the Fee Motion purportedly asks the Court "to adopt

the Debtor's view that it overpaid the quarterly fees because the 2017 amendment is unconstitutional." (UST Motion ¶ 4.) Nowhere in the Fee Motion does Exide ask the Court to rule that it overpaid in prior calendar quarters, or award it any money.[3] On the contrary, Exide only seeks a declaration that the Amendment is unconstitutional. The UST fails to cite *any* authority holding that a challenge to the constitutionality of statute requiring the payment of a fee or tax to the government is, *ipso facto*, a determination of the validity of the government's interest in property under Bankruptcy Rule 7001(2). The UST never explains why the latter follows from the former, especially where, as here, the Fee Motion does not seek a monetary judgment against the government for fees already paid. The Court should reject the UST's attempt to stretch Bankruptcy Rule 7001(2) to reach a constitutional challenge to § 1930(a)(6). *Cf. In re Donson*, 434 B.R. 471, 474 (Bankr. S.D. Tex. 2010) (Bankruptcy Rule 7001 is "strictly interpreted"); *Walker v. Wilde (In re Walker)*, 91 B.R. 968, 976 (Bankr. D. Utah 1988) (Bankruptcy Rule 7001 is "strictly construed" for what "procedurally fall[s] under Rule 7001"), *aff'd*, 103 B.R. 281 (D. Utah 1989), *aff'd and rev'd in part on other grounds*, 927 F.2d 1138 (10th Cir. 1991).

13.     Second, the UST claims that Exide seeks the recovery of money, i.e., the recovery of the alleged fee overpayments, and therefore is an adversary proceeding under Bankruptcy Rule 7001(1). This argument has many of the same problems Exide just addressed. Again, the UST fails to identify any provision in the Fee Motion seeking to recover money from the United States. To reiterate: Exide seeks neither a money judgment against the United States nor a declaration that it is entitled turnover of the funds it paid to the UST as a result of amended § 1930(a)(6). The UST's assertion that the Fee Motion nonetheless falls within Bankruptcy Rule 7001(1) is simply *ipse*

---

[3] To be sure, Exide may assert claims in the future to recover the quarterly fees already paid to the UST if the Court declares the Amendment to be unconstitutional. Exide acknowledges that such relief requires an adversary proceeding and it cannot be sought as part of this contested matter.

7

*dixit*: it cites no authority holding that a challenge to the constitutionality of statute requiring the payment of a fee or tax to the government is, by definition, a proceeding seeking the recovery of money. The Court should decline to read Bankruptcy Rule 7001(1) so expansively. *See, e.g., Donson*, 434 B.R. at 474; *Walker*, 91 B.R. at 976.

14. Third, the UST argues that Exide seeks injunctive relief in the Fee Motion which requires an adversary proceeding under Bankruptcy Rule 7001(7). The basis for this assertion is Exide's statement in the Fee Motion that it requests the entry of an order "determining that the Amendment is unconstitutional and the amount of fees owed to the UST pursuant to 28 U.S.C. § 1930(a)(6) is no more than $30,000 per quarter through the entry of the final decree in this chapter 11 case." (Fee Motion ¶ 5.) The UST claims that this statement is an indication that Exide "invokes the equitable power of this court to enjoin the United States from taking any future action that might impact the fee schedules under section 1930(a)(6) for the duration of its bankruptcy case." (*Id.* ¶ 16.) That is wrong; the UST simply misunderstands the legal consequences of declaring a legislative enactment to be unconstitutional.

15. A statute held unconstitutional "though having the form and name of law, is in reality no law but is wholly void and ineffective for any purpose … [it] is as inoperative as if it had never been passed and never existed; that is, it is void ab initio." *Dascola v. City of Ann Arbor*, 22 F. Supp. 3d 736, 743 (E.D. Mich. 2014) (quoting 16A Am. Jur. 2d Constitutional Law § 195 (2019)).[4] And because an unconstitutional enactment is deemed to have never been effective, "the law reverts back to what it was prior to the passage of the [unconstitutional statute]." *McCoy v.*

---

[4] This has long been the law. *See, e.g., Ex parte Siebold*, 100 U.S. 371, 376 (1879) ("An unconstitutional law is void, and is as no law."); *Richardson v. United States*, 465 F.2d 844, 850 (3d Cir. 1972) ("if a law is unconstitutional, it is void and of no effect"), *rev'd on other grounds*, 418 U.S. 166 (1974); *McCoy*, 593 F.3d at 744 ("When a provision is struck down as unconstitutional, it is treated as if it had never been passed.") (quotation marks omitted); *Med. Ctr. Pharmacy v. Mukasey*, 536 F.3d 383, 401 (5th Cir. 2008) (an unconstitutional law "is void ab initio, and it is as though Congress had not acted at all").

*Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 744 (8th Cir. 2010); *accord Angelo v. Moriarty*, No. 15 C 8065, 2016 WL 640525, at *3 (N.D. Ill. Feb. 18, 2016) (court "give[s] no effect to [an] unconstitutional statute and [will] instead apply the prior law to the parties before [it]").

16. So, if Exide prevails and the Court declares amended § 1930(a)(6) to be unconstitutional, then a legal fiction takes over: the Court will deem the amendment to never have been enacted, so it will apply *pre-amendment* § 1930(a)(6) to determine the fees that Exide owes. That would mean that Exide would have to pay no more than $30,000 per quarter. Such a determination is nothing more than the consequence that would occur by operation of law if the Court declares amended § 1930(a)(6) be unconstitutional. Injunctive principles are irrelevant.

17. None of the cases the UST cites requires a different outcome. Each simply states general propositions of law or is distinguishable. In *NovaCare Holdings, Inc. v. Mariner Post-Acute Care Network, Inc. (In re Marnier Post-Acute Care Network, Inc.)*, 267 B.R. 46 (Bankr. D. Del. 2001), for example, the court recognized the unremarkable principle that "any action to determine the extent, validity, or priority of any interest in property must be commenced by an adversary proceeding, not by motion[.]" 267 B.R. at 55. *Mariner* is factually inapposite because it involved a dispute over whether certain identified funds constituted property of the estate under section 541 of the Bankruptcy Code. In this case, Exide does not request a declaration through the Fee Motion that Exide has a "valid" interest in the funds it already paid to the government.

18. Similarly unhelpful is *In re DBSI, Inc.*, 432 B.R. 126 (Bankr. D. Del. 2010), which the UST cites for the proposition that an adversary proceeding is necessary where a party seeks a declaration that it is entitled to certain funds. (UST Motion ¶ 17.) In *DBSI*, the court denied a bank's motion as procedurally improper where the bank sought a declaratory judgment that it was entitled to the funds *that it had seized* because that relief was "a proceeding to recover money or

property" and "a proceeding to obtain declaratory judgment relating to" the proceeding to recover money under Bankruptcy Rule 7001(1) and (9). 432 B.R. at 134-35. Obviously, asking a court to declare that a creditor is entitled to keep money it has already taken is worlds apart from asking a court to declare that a statute is unconstitutional. *DBSI* is therefore inapposite.

19. Nor does *In re Viney*, 369 B.R. 392 (Bankr. N.D. Ind. 2007), support the UST's position here. *Viney* held that a chapter 13 trustee's motion that sought both a declaration to determine the monthly payment due the mortgagee and "some kind of injunction requiring the [mortgagee] either to accept the payments sent to it or to log those payments on its books in a particular manner" was an adversary proceeding under Bankruptcy Rule 7001(7). 369 B.R. at 395. The UST's reliance on *Viney* is puzzling, as it is so obviously different from the case at bar. Exide does not ask the Court to enter a positive injunction requiring the UST to act in a particular manner, as the chapter 13 trustee did in *Viney*.

20. The other cases that the UST string-cited in a footnote are similarly unhelpful. *In re Sensibaugh*, No. 12-13546, 2015 WL 4664441, at *1 (N.D. Ind. 2015) (while debtor's limited objection to a bank's secured claim because it was paid in full "appear[ed] to be a request for some type of declaratory relief" requiring an adversary proceeding, the court held that the debtor was required to "follow the process laid out by [section 1329(a)(3) of] the Bankruptcy Code and the applicable rules of procedure for modifying a confirmed [chapter 13] plan"); *In re Carlton*, 437 B.R. 412, 425 (Bankr. N.D. Ala. 2010) (chapter 13 plan that converted a discharge order into a declaratory judgment that all mortgage default claims had been discharged and that the mortgage lien no longer secured such claims was improper because an adversary proceeding was required to determine the dischargeability of a debt, the validity and priority of lien under and to obtain declaratory relief as to those issues); *In re Haedo*, 211 B.R. 149, 153-54 (Bankr. S.D.N.Y. 1997)

(adversary proceeding required under Bankruptcy Rule 7001(2) to determine extent of competing interests in tax refund held by the IRS); *In re Benson*, 64 B.R. 128 (Bankr. W.D. Mo. 1986) (court summarily determined, without analysis, that character of action required adversary proceeding under Rules 7001(1) and (9), but parties and the court agreed to proceed by motion anyway), *rev'd on other grounds sub nom.*, *United States v. Benson*, 88 B.R. 210 (W.D. Mo. 1988). None of those cases is remotely applicable here.

21.   In short, the plain language of Bankruptcy Rule 7001 does not support the UST's argument that the Fee Motion requires an adversary proceeding naming the United States as a defendant,[5] and none of the UST's various attempts to shoehorn the Fee Motion into that rule's framework is viable.

---

[5] Bankruptcy courts routinely decide the constitutionality of federal and state statutes without adversary proceedings naming the relevant sovereign or government official as a defendant. *In re Buffets*, 597 B.R. 588 (Bankr. W.D. Tex. 2019), is but one example of this. *See, e.g., In re Bratt*, 527 B.R. 303, 307 n.4 (Bankr. M.D. Tenn. 2015) (no adversary proceeding required in debtor's challenge to constitutionality of Tennessee property tax delinquency statute), *aff'd on other grounds*, 549 B.R. 462 (B.A.P. 6th Cir. 2016), *aff'd*, 849 F.3d 653 (6th Cir. 2017); *In re Cotant*, No. BR 13-34235, 2014 WL 2203942, at *6 n.42 (Bankr. D. Utah May 27, 2014) (no adversary proceeding required in debtor's challenge to constitutionality of 11 U.S.C. § 342(e) and Bankruptcy Rule 2002(g)(1)); *In re Cusimano*, No. 8:10-BK-23646-ES, 2013 WL 9736597, at *1 n.1 (Bankr. C.D. Cal. Nov. 12, 2013) (no adversary proceeding required in debtor's challenge to constitutionality of federal Defense of Marriage Act); *In re Jackson*, No. 13-21676, 2013 WL 3956994, at *4 (Bankr. D. Colo. July 30, 2013) (no adversary proceeding required in debtor's challenge to constitutionality of 11 U.S.C. § 362(a) and (b)); *In re Westby*, 486 B.R. 509, 512 (B.A.P. 10th Cir. 2013) (no adversary proceeding required in debtor's challenge to constitutionality of Kansas exemption statute); *In re Fowler*, 493 B.R. 148, 150 (Bankr. E.D. Cal. 2012) (no adversary proceeding required in debtor's challenge to constitutionality of California taxation statute); *In re Gordon*, 465 B.R. 683, 691 (Bankr. N.D. Ga. 2012) (no adversary proceeding required in debtor's challenge to constitutionality of 11 U.S.C. § 706(b)); *In re Jones*, 428 B.R. 720, 721 (Bankr. W.D. Mich. 2010) (no adversary proceeding required in debtor's challenge to constitutionality of Michigan exemption statute), *rev'd on other grounds*, 455 B.R. 590 (B.A.P. 6th Cir. 2011), *rev'd*, 689 F.3d 601 (6th Cir. 2012); *In re Calloway*, 423 B.R. 627, 629 (Bankr. W.D.N.Y. 2010) (no adversary proceeding required in debtor's challenge to constitutionality of New York exemption statute), *aff'd*, 514 B.R. 371 (W.D.N.Y. 2012), *aff'd*, 761 F.3d 252 (2d Cir. 2014); *In re Pontius*, 421 B.R. 814, 816 (Bankr. W.D. Mich. 2009) (no adversary proceeding required in debtor's challenge to constitutionality of Michigan exemption statute).

### C. The Fee Motion does not seek an advisory opinion.

22. Perhaps recognizing the fundamental problems with its arguments as to why the Fee Motion is an adversary proceeding, the UST presents the issue as a false dichotomy. It asserts:

> "Unless the [Fee] Motion asks this Court to determine and vindicate the Debtor's right to money claimed by the United States as to alleged overpayments and future fees, then the Debtor would simply be seeking an abstract advisory opinion regarding the constitutionality of a duly enacted congressional statute."

(UST Motion ¶ 15.) Put more simply, the UST believes that if the Fee Motion is not an adversary proceeding, then it can only be classified as a non-justiciable dispute about hypothetical facts. That is plainly incorrect.

23. The facts before the Court are obviously not merely hypothetical – the Fee Motion affects the quarterly fees that the Debtor will *actually* have to pay in future calendar quarters as a result of amended § 1930(a)(6). *See Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 523 (3d Cir. 2018) ("A claim is fit for adjudication if a declaratory judgment would in fact determine the parties' rights, as distinguished from an advisory opinion based on a hypothetical set of facts.") (quotations omitted). Exide has made disbursements in the ordinary course of business each quarter since confirmation, and there is no serious question that disbursements will continue in coming quarters, all of which will be subject to fees under § 1930(a)(6). That gives this dispute concrete immediacy and reality to remove any question that the Fee Motion seeks an advisory opinion. *See, e.g., F. X. Maltz, Ltd. v. Morgenthau*, 556 F.2d 123, 125 (2d Cir. 1977) ("The use of judicial authority to declare statutes unconstitutional is restricted to those cases where the exercise of such power is necessary to protect litigants from actual, not hypothetical, threats of prosecution, and where the controversy has sufficient immediacy and reality to warrant the issuance of such a judgment.") (citations and quotations omitted). To be sure,

the UST certainly does not contend that there will be no future disbursements in the bankruptcy case.

24. And, in any event, the UST ignores *why* the dichotomy is false: the Fee Motion could be classified as a contested matter. In the Third Circuit, an objection to the UST's post-confirmation quarterly fees is a contested matter within the "arising in" or "related to" jurisdiction. *United States Trustee v. Gryphon at Stone Mansion, Inc.*, 166 F.3d 552, 553-55 (3d Cir. 1999). The Fee Motion is plainly an objection to the UST's post-confirmation quarterly fees, which under *Gryphon* is simply a claim objection that does not require an adversary proceeding to adjudicate. The UST fails to acknowledge this authority. This result is entirely consonant with the principle that claim objections are contested matters (Fed. R. Bankr. P. 3007(b)), and the catch-all in Bankruptcy Rule 9014 that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion." Fed. R. Bankr. P. 9014(a).

25. Accordingly, Exide's challenge to the constitutionality of amended § 1930(a)(6) is properly before this Court as a contested matter.

**II.  The UST's argument that the Fee Motion requires an adversary proceeding cannot be reconciled with Bankruptcy Rule 9005.1 and Civil Rule 5.1.**

26. Here again, the plain language of the applicable federal procedural rules dooms the UST Motion. The UST makes only a passing reference to the plain language of Civil Rule 5.1, which is the rule that applies specifically to a "Constitutional Challenge to a Statute." That rule states, plainly and unequivocally, that "the constitutionality of a federal or state statute" may properly be "draw[n] into question" by "a pleading, ***written motion***, or other paper[.]" Fed. R. Civ. P. 5.1(a) (emphasis added). The substance and procedures in Civil Rule 5.1 "appl[y] in cases under the Code" without variation. Fed. R. Bankr. P. 9005.1. As the advisory committee notes clarify, Bankruptcy Rule 9005.1 "makes Civil Rule 5.1 applicable to all *contested matters* and other

proceedings within the bankruptcy case." Fed. R. Bankr. P. 9005.1 Adv. Comm. Note (2007) (emphasis added).

27. Civil Rule 5.1 and Bankruptcy Rule 9005.1 compel the conclusion that a party need not file a pleading naming the United States as a defendant in order to challenge the constitutionality of a federal statute. There are several reasons why this is so. First, and most fundamentally, the plain language of those rules *expressly contemplates* that constitutional statutory challenges may arise in procedural vehicles *other than* pleadings, such as "written motion[s]" and "other paper[s]." The UST's argument reads those words right out of the rule, which violates basic principles of statutory interpretation. *See, e.g., TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (courts should construe statutes and rules of procedure such that no part is rendered "superfluous, void or insignificant"). On the contrary, it is the Court's "duty to give effect, if possible, to every clause and word of a statute, rather than to emasculate" it.[6] *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (internal citations and quotation marks omitted).

28. The Tenth Circuit's decision in *Gledhill* is instructive. There, the court rejected a similar argument that Bankruptcy Rule 7001(7) applied to motion brought under a civil rule (Civil Rule 60(b)) that expressly stated that relief thereunder may be requested by "motion." *Gledhill*, 76 F.3d at 1078 (rejecting interpretation of "the general language in Rule 7001(7) to negate the specific authorization in Rule 60(b) … that a party may proceed 'on motion,'" as to do so would

---

[6] Civil Rule 5.1(b) further underscores the flexible approach to the potential contexts in which a constitutional challenge to a statute might arise. That subsection requires the court to "certify to the appropriate attorney general that a statute has been questioned." Subsection (b) functions as a sort of fail-safe notice for the government for situations where "a constitutional question is raised *outside of* a pleading, written motion, or other paper." 4B Charles Alan Wright, et al. FEDERAL PRACTICE & PROCEDURE § 1154 (4th ed.) (emphasis added). Again, if the UST's argument were correct, and every time a litigant questioned the constitutionality of a federal statute it would have to raise that claim in a pleading filed against the United States, there would be no need for the certification procedure in subsection (b). The UST's argument renders subsection (b) superfluous.

14

"fall[] afoul of the fundamental tenet of statutory construction that a court should not construe a general statute to eviscerate a statute of specific effect"). The UST makes virtually the same flawed argument here. The Court should follow *Gledhill* and reject the UST's invitation to disregard the use of the term "motion" in Civil Rule 5.1.

29.  Second, the UST's argument effectively rewrites subsection (a)(2) and ignores section (c). Subsection (a)(2) of Civil Rule 5.1 merely requires the party challenging the statute to serve the "notice" described in subsection (a)(1) on the relevant attorney general, and section (c) gives that attorney general the option to intervene within a certain time frame. If Civil Rule 5.1 actually required a party to *sue* the United States, as the UST insists, then Civil Rule 5.1(a)(2) and (c) would read quite differently. They would not merely obligate the party to serve *a simple notice* on the attorney general that triggers a deadline for the United States to *choose* whether it wants to intervene; they would obligate the party to serve a *summons* on the United States in the manner described in Civil Rule 4(i) or Bankruptcy Rule 7004(b)(4) that *causes* the United States to become a party-defendant. *Cf. Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

30.  Subsection (a)(2) and section (c) demonstrate that it is not necessary for the United States to made a party to a civil action where the constitutionality of a federal statute is questioned; rather, the United States may *choose to make itself a party* by intervening. And because Bankruptcy Rule 9005.1 adopts Civil Rule 5.1 in toto for cases under title 11, it follows that a party in interest to a bankruptcy case need not commence an adversary proceeding to challenge

15

the constitutionality of a federal statute.[7] Congress could have modified the way that Civil Rule 5.1 operates in bankruptcy cases by, for example, classifying a constitutional challenge to a statute as an adversary proceeding in Bankruptcy Rule 7001, or modifying Bankruptcy Rule 9005.1 to require the attorney general to be served with a summons instead of a simple notice. As discussed above, however, it did neither. We must assume that it intended those omissions. *See, e.g., Am. Civil Rights Union v. Philadelphia City Comm'rs*, 872 F.3d 175, 183 n.41 (3d Cir. 2017) ("It is a canon of statutory construction that the inclusion of certain provisions implies the exclusion of others. The doctrine of *inclusio unius est exclusio alterius* informs a court to exclude from operation those items not included in a list of elements that are given effect expressly by the statutory language.").

31.     Accordingly, Bankruptcy Rule 9005.1 authorizes Exide to challenge the constitutionality of amended § 1930(a)(6) by motion rather than complaint.[8]

### III.    Bankruptcy Rule 2020 provides an additional basis to deny the UST Motion.

32.     As noted at the outset, each of the various arguments in the UST Motion is felled by the plain language of the relevant federal procedural rule. Bankruptcy Rule 2020 is yet another

---

[7] In bankruptcy cases, the UST would not have to intervene because "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title …." 11 U.S.C. § 307.

[8] To the extent the Court might conclude that the Fee Motion might conceivably be an adversary proceeding under Bankruptcy Rule 7001, then Bankruptcy Rule 9005.1 would nonetheless permit Exide to proceed by motion. That is because Bankruptcy Rule 9005.1 addresses the specific procedural circumstance now before the Court – a request to declare a statute unconstitutional. As the rule governing the specific request for relief before the Court, Bankruptcy Rule 9005.1 prevails over the more generally applicable Bankruptcy Rule 7001. *See, e.g., RadLax Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) ("it is a commonplace of statutory construction that the specific governs the general.") (internal quotations omitted); *Cazun v. Attorney Gen. of the United States*, 856 F.3d 249, 256 (3d Cir. 2017) (under "the canon generalia specialibus non derogant, [] the specific governs the general in interpreting a statutory scheme"), *cert. denied*, 138 S. Ct. 2648 (2018). Accepting the UST's argument that the Fee Motion requires an adversary proceeding would render the plain language of Bankruptcy Rule 9005.1 and Civil Rule 5.1 superfluous, which is obviously inappropriate. *See, e.g., West v. Keve*, 721 F.2d 91, 96 (3d Cir. 1983) ("Competing statutes should not, if at all possible, be interpreted so that the provisions of one will abrogate the provisions of another … Like reasoning applies to competing rules.").

16

example of this. That rule provides simply: "[a] proceeding to contest any act or failure to act by the United States Trustee is governed by *Rule 9014*." Fed. R. Bankr. P. 2020 (emphasis added). Bankruptcy Rule 2020 "provides a procedure for judicial review of the United States trustee's acts or failure to act in connection with the administration of the case." Fed. R. Bankr. P. 2020 Adv. Comm. Note (1991). The UST's collection of quarterly fees is plainly part of its administrative functions in a bankruptcy case, so Bankruptcy Rule 2020 applies to the Fee Motion.

33. The UST's protestations to the contrary are meritless. It principally says that Bankruptcy Rule 2020 is not implicated because Exide is challenging the constitutionality of an Act of Congress (§ 1930(a)(6)) rather than an act or a failure to act by the UST.[9] That is nonsense; the former cannot sensibly be divorced from the latter. The UST is "charged with the responsibility of supervising the administration of bankruptcy cases." *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 950 (9th Cir. 2002). Those administrative duties include ensuring that all bankruptcy fees are duly paid. 28 U.S.C. § 586(a)(3)(D); *see, e.g., In re Rose*, 86 B.R. 439, 441 (Bankr. E.D. Pa. 1988) ("[g]iven the self-funding purpose behind § 1930(a)(6) … and the [U.S.] Trustee's statutory functions under 28 U.S.C. § 586(a)(3)(D), I have no difficulty in concluding that the U.S. Trustee has standing to press his demand for quarterly fees ….").

34. The fees imposed by amended § 1930(a)(6) only has real world meaning to Exide because the UST sends quarterly statements to Exide stating the amount of fees due, and enforces payment of those fees on pain of dismissal or conversion. 11 U.S.C. § 1112(b)(4)(K). The UST cannot seriously dispute that the collection of fees imposed by the statute at issue here is "an[] act

---

[9] The UST also repeats its argument that Bankruptcy Rule 2020 does not apply because Bankruptcy Rule 7001 required Exide to file an adversary proceeding. Exide already addressed that oddly circular argument in Part I, *supra*. Even if this argument had any merit (which it does not, considering that plain language of Bankruptcy Rule 2020), Bankruptcy Rule 2020 would prevail over the more general provisions of Bankruptcy Rule 7001 for the reasons discussed in note 8, *supra*.

… by the United States Trustee" that falls squarely within one of its core statutory duties. It is therefore inescapable that Bankruptcy Rule 2020 applies to the Fee Motion, which means that it may be resolved as a contested matter.

### Conclusion

35.     For all of the foregoing reasons, the UST Motion should be denied.

| | |
|---|---|
| Wilmington, Delaware<br>August 5, 2019 | FOX ROTHSCHILD LLP<br><br>*/s/ Allen J. Guon*<br>Robert M. Fishman<br>Allen J. Guon<br>Terence G. Banich<br>Laura A. Caplin<br>321 N. Clark Street, Suite 1600<br>Chicago, IL 60654<br>Telephone: (312) 517-9200<br>Facsimile: (312) 517-9201<br>Email: rfishman@foxrothschild.com<br>Email: aguon@foxrothschild.com<br>Email: tbanich@foxrothschild.com<br>Email: lcaplin@foxrothschild.com<br><br>*Counsel for the Reorganized Debtor*<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>Email: joneill@pszjlaw.com<br><br>*Special Conflicts Counsel for the Reorganized Debtor* |

100209718.v7