IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXIDE TECHNOLOGIES,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 13-11482 (MFW) |

**REPORT
OF THE VERNON TORT CLAIMS TRUST**

Craig R. Jalbert, CIRA, as trustee (the "Trustee") of the Vernon Tort Claims Trust (the "Trust"), hereby submits this report (the "Report") for the year ended December 31, 2021 (the "Reporting Period"),[1] and respectfully states as follows:

**RELEVANT BACKGROUND**

1. On June 20, 2013, Exide Technologies (the "Debtor" or "Reorganized Debtor," as applicable) filed its petition for relief under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On March 27, 2015, the Debtor filed its *Fourth Amended Plan of Reorganization of Exide Technologies* [D.I. 3409]. On the same date, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Fourth Amended Plan of Reorganization of Exide Technologies* [D.I. 3423].

3. On April 10, 2015, the Ad Hoc Group of Exide Tort Claimants (the "Ad Hoc Group") filed the *Motion for Order: (I) Approving Proposed Vernon Tort Claims Trust Agreement; (II) Approving Appointment of Vernon Tort Claims Trustee and Settlement*

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Fourth Amended Plan of Reorganization of Exide Technologies and/or the Vernon Tort Claims Term Sheet, as applicable.

*Administrator; and (III) Granting Related Relief* [D.I. 3496], pursuant to which the Ad Hoc Group sought, *inter alia*, approval of the Vernon Tort Claims Trust Agreement (the "Trust Agreement").

4. On May 20, 2015, the Court entered its Order approving the Trust Agreement [D.I. 3681], pursuant to which the Trustee files this update report in respect of the Reporting Period.

### A. *Recovery Litigation and Trust Recoveries.*

5. As of the filing of this Report, the Trust had substantially completed its efforts respecting the Recovery Litigation. These efforts included confidential settlement agreements with numerous parties, including insurers, directors, third party defendants and other parties. The Trustee's efforts in respect of the Recovery Litigation yielded gross settlement recoveries in the aggregate amount of approximately $15.05 million (including initial Trust funding, but before the required payment of professional fees and expenses). As of December 31, 2021, the Trust had a net cash balance (including interest accrual, and after the required payment of certain professional fees and expenses) of approximately $9.27 million. Attached hereto as Exhibit A is selected unaudited financial information with respect to the Trust covering the Reporting Period.

### B. *Claims Resolution, Allocation, and Distribution Process.*

6. During the Reporting Period, the Trust and the Settlement Administrator continued to work to evaluate claims, coordinate with Trust beneficiaries regarding additional information pertinent to their claims, and finalize a proposed allocation of Trust assets pursuant to and in accordance with the Claims Resolution Facility Procedures approved by this Court [Dkt. No. 4484].

7. The claims resolution and allocation process was, unfortunately, delayed due to the untimely passing of the original Settlement Administrator, the Honorable Gabriel A. Gutierrez, Los Angeles Superior Court (Ret.), in January 2021.

8. Following Judge Gutierrez's passing, the Trustee began working closely with the Honorable Jaime R. Corral (Ret.) with respect to completing the evaluation of the tort claims and finalizing a proposed allocation of Trust assets in accordance with the Claims Resolution Facility Procedures. Judge Corral was formally approved to serve as the successor Settlement Administrator by Order of the Court, dated October 29, 2021 [Dkt. No. 5381].

9. Judge Corral has worked expeditiously with the Trust's other advisors in an effort to complete the claims resolution and allocation process. The Trustee is seeking to finalize the allocation and complete distributions to Trust beneficiaries as soon as reasonably practicable, subject to obtaining necessary or applicable approvals respecting such distributions and/or any reserves that may need to be established prior to effectuating any distributions.

## NOTICE

10. Notice of this Report has been provided to: (i) counsel to the Reorganized Debtor; (ii) the Office of the United States Trustee; and (iii) all parties who requested notice pursuant to the *Order Establishing Noticing Procedures in Connection with Administering the Vernon Tort Claims Trust* [D.I. 4268]. The Trustee submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank.]*

Dated: April 18, 2022
Wilmington, Delaware

          **THE ROSNER LAW GROUP LLC**

          */s/ Scott J. Leonhardt*
          Frederick B. Rosner, Esq. (DE #3995)
          Scott J. Leonhardt, Esq. (DE #4885)
          824 North Market Street, Suite 810
          Wilmington, Delaware 19801
          Telephone: (302) 777-1111
          Email: rosner@teamrosner.com
                 leonhardt@teamrosner.com

          -and-

          **BROWN RUDNICK LLP**
          Andrew M. Carty
          Seven Times Square
          New York, New York 10036
          Telephone: (212) 209-4800
          Facsimile: (212) 209-4801

          *Counsel to Trustee of the*
          *Vernon Tort Claims Trust*